IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2007 MAY 10 P 2: 57

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | DEBRA P. HACKETT, CLK |
| | * | U.S. DISTRICT COURT |
| Plaintiff, | * | MIDDLE DISTRICT ALA |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| FRANK LADON COOK; | * | 1.07-CV-410-MHT |
| COLBERT BRIAN MCGRIFF; | * | |
| LOWE'S HOME CENTERS, INC.; | * | |
| L.G. SOURCING, INC.; | * | |
| REDMOND HOMES, INC.; and | * | |
| BEAR CREEK SALES, L.L.C. | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Canal Insurance Company, by and through its

undersigned counsel of record, and files this Complaint for Declaratory Judgment.

## PARTIES

1.     Canal Insurance Company (hereinafter "Canal") is a South Carolina

Corporation with its principal place of business in Greenville, South Carolina.

Canal was qualified and engaged in the business of writing insurance in the State

of Alabama at all times referred to herein.

2.     Frank LaDon Cook is a citizen of the State of Alabama with his

residence in Midland City, Alabama.

3.     Colbert Brian McGriff is a citizen of the State of Alabama with his residence in Slocomb, Alabama.

4.     Lowe's Home Centers, Inc., is a foreign corporation with its principal place of business in Mooresville, North Carolina.

5.     L.G. Sourcing, Inc., is a foreign corporation with its principal place of business in North Wilksborough, North Carolina.

6.     Redmond Homes, Inc., is a foreign corporation with its principal place of business in Auburn Hills, Michigan.

7.     Bear Creek Sales is an Alabama Limited Liability Corporation with its principal place of business in Slocomb, Alabama.

## JURISDICTION AND VENUE

8.     This is a Declaratory Judgment Action brought pursuant to 28 U.S.C. §2201 *et seq*, and Rule 57 of the Federal Rules of Civil Procedure.

9.     This lawsuit involves an insurance coverage dispute that is premised on an underlying lawsuit pending in the Circuit Court of Henry County, Alabama styled, *Frank LaDon Cook v. Bear Creek Sales, LLC, a corporation, et al.,* bearing civil action number CV-06-42 (hereinafter "the underlying lawsuit").

10.     Jurisdiction in this matter is premised on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

11.    Complete diversity exists in this matter and the amount in controversy exceeds seventy-five thousand and no/100 dollars ($75,000) inclusive of interests and costs.

12.    Venue in this matter is appropriate pursuant to 28 U.S.C. §1391.

## FACTS

13.    The underlying lawsuit alleges that on or about March 30, 2006, Frank LaDon Cook (hereinafter "Cook") was attempting to set a pier under a 16 x 80 Fleetwood Mobile Home at which time the Fleetwood Mobile Home fell, pinning Cook underneath and causing severe personal injuries.  Cook's Complaint named as defendants, Bear Creek Sales, L.L.C., Snap-On, Incorporated, Lowe's Home Centers, Inc., L.G. Sourcing, Inc., L.F., L.L.C., Mills Timber Harvesting, Inc., and thirty-seven (37) fictitious party defendants.   A copy of Cook's Complaint in the underlying lawsuit is attached to Canal's Complaint for Declaratory Judgment as "Exhibit 1."

14.    Subsequently, Cook filed a First Amendment to Complaint substituting defendant Redmond Homes, Inc., for fictitious party defendant number two.   A copy of the First Amendment to Complaint is attached to Canal's Complaint for Declaratory Judgment as "Exhibit 2."

15.    Thereafter, Cook filed a Second Amendment to Complaint substituting defendant Colbert Brian McGriff for fictitious defendant number two

3

in the original Complaint. A copy of the Second Amendment to Complaint is attached to Canal's Complaint for Declaratory Judgment as "Exhibit 3."

16.  The allegations in the underlying lawsuit allege causes of action for various theories pertaining to negligence and/or wantonness and for violation of the Alabama Extended Manufacturer's Liability Doctrine. The underlying lawsuit alleges each Defendant breached a duty owed to Cook and is therefore liable to Defendant Cook and that each Defendant's negligence, wantonness and/or violation of the Alabama Extended Manufacturer's Liability Doctrine proximately caused his injuries and damages. The underlying lawsuit demands judgment against the Defendants in the underlying lawsuit for compensatory and punitive damages.

17.  Canal issued a Basic Automobile Liability Policy to Colbert Brian McGriff d/b/a Bear Creek Movers bearing Policy Number 47 04 33 (hereinafter "the Canal Policy") with effective dates of coverage from November 2, 2005 until cancelled. A true and correct copy of the Canal Policy issued to McGriff contains the following terms, conditions, provisions and endorsements:

**SECTION A – BASIC AUTOMOBILE LIABILITY INSURANCE**

**I.    COVERAGE A – BODILY INJURY - - COVERAGE B – PROPERTY DAMAGE LIABILITY:**

4

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

### Bodily injury or property damage

To which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute automobile**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**III.   PERSONS INSURED:**  Each of the following is an **insured** under this insurance to the extent set forth below:

      (a)   the **named insured;**

      (c)   any other person while using an **owned automobile** or a **temporary substitute automobile** with the permission of the **named insured**, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to **bodily injury** or **property damage** arising out of the loading or unloading thereof, such other person shall be an **insured** on if he is:

          (1)   a lessee or borrower of the **automobile,** or

          (2)   an employee of the **named insured** or of such lessee or borrow:

**VI.   DEFINITIONS:**  When used in this policy (including endorsements forming a part hereof):

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each **insured** against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

**"named insured"** means the person or organization named in Item 1 of the declarations of this policy;

**"occurrence"** means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**;

**VII. ADDITIONAL DEFINITIONS (Automobile Liability Insurance):** When used in reference to this insurance (including endorsements forming a part of the policy):

**"owned automobile"** means either

(a)    An **automobile** which is owned by the **named insured** and described in the declarations; or

An "owned automobile" includes a trailer not described in this policy, if designed for use with a four wheel **private passenger automobile** and if not being used for business purposes with another type **automobile**;

## TRUCKMAN'S ENDORSEMENT

In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that no coverage is extended to any person, firm or organization using the described automobile pursuant to any lease, contract of hire, bailment, rental

6

agreement, or any similar contract or agreement either written or oral, expressed or implied, the terms and provision of this Insuring Agreement III of Section A, entitled "Persons Insured" notwithstanding.

In the event the automobile described in this policy is being used or maintained pursuant to any lease, contract of hire, bailment, rental agreement or any similar contract or agreement, either written or oral, express or implied, the insurance afforded the named insured shall be excess insurance over any other insurance.

## SECTION A – BASIC AUTOMOBILE LIABILITY INSURANCE

COVERAGE A – BODILY INJURY LIABILITY--COVERAGE B – PROPERTY DAMAGE LIABILITY

EXCLUSIONS:  The following are added:

(h)    to bodily injury or property damage resulting from the movement of property by mechanical device (other than a hand truck) unless the device is attached to an owned automobile or temporary substitute automobile;

Form E-125

18.    The Declarations Page of the Canal Policy identifies and defines the **"owned automobiles"** covered by the Canal Policy as a 1988 IH TRACTOR and ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR.

19.    A justiciable controversy exists between Canal and the Defendants as to whether Canal owes any duty to provide McGriff with coverage, including defense and/or indemnity, in the underlying lawsuit.

## CLAIM FOR RELIEF

20.    A justiciable controversy exists between Canal and the underlying Defendants as to:

a.    whether some or all of the claims in the underlying lawsuit trigger Canal's insuring agreement;

b.    whether the Canal Policy provides coverage, including defense and/or indemnity, for the claims asserted in the underlying lawsuit based upon the facts of the underlying loss; and

c.    whether at the time of the loss giving rise to the underlying lawsuit, the Fleetwood Mobile Home meets the definition of an **"owned automobile"** as defined by the Canal Policy as to trigger coverage, including defense and/or indemnity.

21.    Pursuant to the terms, conditions, provisions and endorsements of the Canal Policy, Canal avers that the Fleetwood Mobile Home does not meet the definition of an **"owned automobile"** as defined by the Canal Policy, and therefore, Canal owes no duty to defend and/or indemnify McGriff in the underlying lawsuit.

WHEREFORE, Plaintiff Canal Insurance Company, respectfully requests this Court grant the following relief:

1.    That this Court take jurisdiction of this cause;

2.      That this Court order, adjudge and decree that this is a proper cause for an action of Declaratory Judgment and that there is a bonified judiciable controversy existing between the parties as to the legal rights, duties, obligations, status and liabilities;

3.      That the process of this Court be issued to Frank LaDon Cook, Colbert Brian McGriff, Mills Timber Harvesting, Inc., Lowe's Home Centers, Inc., L.G. Sourcing, Inc., Redmond Homes, Inc., and Bear Creek Sales, L.L.C., and that they each be required to plead or answer this Complaint for Declaratory Judgment within the time and manner required by law;

4.      That this Court stay entry of final judgment in favor of Frank LaDon Cook in the underlying lawsuit until all coverage issues are determined and declared by this Court;

5.      That upon a final hearing of this cause, this Court will declare the rights, duties, obligations and legal relations of Canal Insurance Company, Frank LaDon Cook, Colbert Brian McGriff, Mills Timber Harvesting, Inc., Lowe's Home Center's Inc., L.G. Sourcing, Inc., Redmond Homes, Inc., and Bear Creek Sales, L.L.C., under the applicable policy of insurance issued by Canal;

6.      That upon a final decree in this cause, this Court will order, adjudge and decree that:

a.     that the Canal Policy does not provide coverage, including defense or indemnity to McGriff for the allegations contained in the underlying lawsuit;

b.     that the Fleetwood Mobile Home does not qualify as an **"owned automobile"** as that term is defined by the Canal Policy based upon the facts giving rise to the loss in the underlying lawsuit;

c.     that the facts of the underlying lawsuit do not trigger coverage, including defense or indemnity, under the Canal Policy;

d.     that even if coverage is triggered under the Canal Policy, the terms, conditions, provisions and endorsements of the Canal Policy exclude coverage for the facts of the loss giving rise to the underlying lawsuit;

e.     that upon a final decree of this cause, this Court will order, adjudge and decree that Canal owes no duty to defend and/or indemnify Colbert Brian McGriff.

7.     Canal requests any such other, further and different relief as it may be entitled to, and offers to due equity and further requests that if it be mistaken in any special relief herein sought as denied, it requests such other, further, or more general relief to which it may be entitled.

Respectfully submitted,

K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company

OF COUNSEL:

MILLER, HAMILTON,
SNIDER & ODOM, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 226-5200
(205) 226-5226     fax

**Plaintiff's Address:**

Canal Insurance Company
P.O. Box 7
Greenville, SC 29602

THE FOLLOWING DEFENDANTS WILL BE SERVED BY WAIVER OF
SERVICE OF SUMMONS:

Frank LaDon Cook
c/o L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL  35203

11

Colbert Brian McGriff
Bear Creek Sales, L.L.C.
c/o Samuel L. Adams
MERRILL, HARRISON & ADAMS, LLC
P.O. Box 1690
Dothan, AL  36302

Lowe's Home Centers, Inc.
L.G. Sourcing, Inc.
c/o Charles A. Stewart, III
BRADLEY, ARANT, ROSE & WHITE, LLP
401 Adams Avenue
Suite 780
Montgomery, AL  36104

Redmond Homes, Inc.
c/o Gregory S. Richey
RICHEY & RICHEY, P.A.
P.O. Drawer 590069
Birmingham, AL  35259-0069

EXHIBIT 1

IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

FRANK LADON COOK, an individual;      )

    Plaintiff,      )

           )

vs.      )      CV: _CV-06-_____

           )

BEAR CREEK SALES, L.L.C., a corporation; SNAP-ON INCORPORATED, a corporation; LOWE'S HOME CENTERS, INC., a corporation; LG SOURCING, INC., a corporation; LF, LLC, a corporation; MILLS TIMBER HARVESTING, INC., a corporation; **No. 1**, whether singular or plural, that entity or those entities, other than those entities described herein, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 2**, whether singular or plural, that entity or those entities whose negligence, or wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of plaintiff's complaint; **No. 3**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 4**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who were guilty of willful conduct on or before the occasion made the basis of this suit and whose willful conduct was a proximate cause of plaintiff's injuries; **No. 5**, whether singular or plural, that entity or those entities who or which had conducted safety inspection or analysis with respect to the work being done by, operations of, and/or facilities of the plaintiff's employer at any time before the occurrence made the basis of plaintiff's complaint; **No. 6**, whether singular or plural, that entity or those entities who or which was involved in planning which related in any way to the safety of the plaintiff or the execution of work being done at the time of the occurrence made the basis of this lawsuit; **No. 7**, whether singular or plural, that entity or those entities who or which entered into a contract with plaintiff's employer for work to be performed on the date of the occurrence made the basis of this suit; **No. 8**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the work site where plaintiff was injured or any other place of business of plaintiff's employer prior to the occurrence made the basis of plaintiff's complaint; **No. 9**, whether singular or plural, that entity or those entities who or which designed the jack(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 10**, whether singular or plural, that entity or those entities who or which manufactured or assembled the jack(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 11**, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the jack(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of its acquisition; **No. 12**, whether singular or plural, individual or individuals, that entity or

those entities who or which, prior to the occurrence made the basis of this lawsuit altered or repaired the jack(s) involved in said occurrence, any component part thereof, or any attendant equipment used or available for use therewith; **No. 13,** whether singular or plural that entities or those entities that added or removed a safety device on the jack(s) that injured the plaintiff; **No. 14,** whether singular or plural, that entity or those entities who or which suggested or specified the jack(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment be used as it was being used at the time of the occurrence; **No. 15,** whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the jack(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 16,** whether singular or plural, that entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the jack(s) involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 17,** whether singular or plural, that entity who or which installed the jack(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 18,** whether singular or plural, that person, or those persons that entity or those entities whose duty it was to maintain the jack(s) involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's injury made the basis of this suit; **No. 19,** whether singular or plural, that entity or those entities who or which was responsible for advertising the jack(s) involved in the occurrence made the basis of this lawsuit, any component part thereof or any attendant equipment used or available for use therewith; **No. 20,** whether singular or plural, that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture and/or assembly of the jack(s) involved in the occurrence made the basis of this lawsuit; **No. 21,** whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the jack(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 22,** whether singular or plural, that entity or those entities who or which was plaintiff's employer at the time of the occurrence made the basis of Plaintiff's complaint; **No. 23,** whether singular or plural that person or those persons, individually and/or as partners, who were plaintiff's employer at the time of the occurrence made the basis of plaintiff's complaint; **No. 24,** whether singular or plural, that person or those person who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 25,** whether singular or plural, that person or those person who were employees or executive officers of plaintiff's employer who were guilty of willful conduct on or before the occasion made the basis of this suit and whose willful conduct was a proximate cause of plaintiff's injury; **No. 26,** whether singular or plural, that entity or those entities, including but not limited to the workmen's compensation and comprehensive general liability insurance carrier of plaintiff's employer, which conducted safety inspections of plaintiff's employer, which conducted safety inspections of or with

respect to plaintiff's work environment including but not limited to the equipment, systems or methods utilized by plaintiff and/or plaintiff's employer on the occasion made the basis of this lawsuit; **No. 27**, whether singular or plural, those entities whose negligence, wantonness, willfulness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; **No. 28**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; **No. 29**, whether singular or plural, that entity or entities who attempted to remove the mobile home off of the plaintiff on the occasion made the basis of this matter; **No. 30**, whether singular or plural, that device or devices that were used to remove the mobile home off of the plaintiff on the occasion made the basis of this matter; **No. 31**, whether singular or plural, that person or those persons who were employees, supervisory personnel, or executive officers of any defendant who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment on the occasion made the basis of this suit; **No 32**, whether singular or plural, that person or those persons who were employees, supervisory personnel, or executive officers of defendants who were guilty or willful conduct on or before the occasion made the basis of this suit, and whose willful conduct was a proximate cause of plaintiff's injuries; **No. 33**, whether singular or plural, that entity or those entities, including but not limited to the workmen's compensation and comprehensive general liability insurance carrier of defendants, which conducted safety inspections of for any defendant, or with respect to plaintiff's work environment including, but not limited to the equipment, systems or methods utilized by defendant on the occasion made the basis of this suit; **No. 34**, whether singular or plural, that entity or those entities which controlled or had the right to control the work being done at the time of the occurrence made the basis of this suit; **No. 35**, whether singular or plural, that entity or those entities which was the owner or owners of the site of the work being done at the time of the occurrence made the basis of this suit or which was the owner of tools or equipment being used at the time of the occurrence made the basis of this suit; **No. 36**, whether singular or plural, that entity or those entities which was an independent contractor employed by the defendant, who or which had responsibility to provide plaintiff with a safe place to work or a reasonably safe work environment on the occasion made the basis of this suit; **No. 37**, whether singular or plural, that entity or those entities, other than those entities described above, which is the successors in interest of those entities described above;  Plaintiff avers that the identities of the fictitious parties defendants herein are otherwise unknown to plaintiff at this time or, if their names are known to plaintiff their identities as proper party defendants are not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained.

Defendants.

)
)

3

## COMPLAINT

1.     Plaintiff, Frank LaDon Cook, is an adult resident of Midland City, Alabama.

2.     Defendant, Bear Creek Sales, L.L.C., is an Alabama Limited Liability Corporation doing substantial business in the State of Alabama.

3.     Defendant, Snap-on Incorporated, is a corporation doing substantial business in the State of Alabama.

4.     Defendant, Lowe's Home Centers, Inc., is a corporation doing substantial business in the State of Alabama.

5.     Defendant, LG Sourcing, Inc., is a corporation doing substantial business in the State of Alabama.

6.     Defendant, LF, LLC is a limited liability corporation doing substantial business in the State of Alabama.

7.     Defendant, Mills Timber Harvesting, Inc., is an Alabama corporation doing substantial business in the State of Alabama.

8.     On or about March 30, 2006, Plaintiff, Frank LaDon Cook, was attempting to set a pier under a 16x80 Fleetwood mobile home as an independent contractor.   At said time and place, upon information and belief, the 16x80 Fleetwood mobile home; the trucks utilized to transport said mobile home to 272 Singletary Road, Abbeville, Alabama; and the Kobalt jacks used to raise the mobile home in order to remove the tires and axles were owned by the defendant, Bear Creek Sales, L.L.C., who or which at said time and place, specified the manner in which the setup of the 16x80 Fleetwood mobile home would be performed and was

4

generally in charge of all other independent contractors and/or subcontractors at the site.

## COUNT I

9.    Plaintiff reaffirms and realleges each and every preceding paragraph.

10.    On or about March 30, 2006, Plaintiff, Frank LaDon Cook, was attempting to set a pier under a 16x80 Fleetwood mobile home as an independent contractor.    At said time and place, upon information and belief, the 16x80 Fleetwood mobile home; the trucks utilized to transport said mobile home to 272 Singletary Road, Abbeville, Alabama; and the Kobalt jacks used to raise the mobile home in order to remove the tires and axels were owned by the defendant, Bear Creek Sales, L.L.C., who at said time and place, specified the manner in which the setup of the 16x80 Fleetwood mobile home would be performed and was generally in charge of all other independent contractors and/or subcontractors at the site.    The mobile home was negligently and/or wantonly set up utilizing the Kobalt jacks at the direction of the defendant, Bear Creek Sales, L.L.C.; while the plaintiff was performing his job.

11.    Defendant, Bear Creek Sales, L.L.C., and/or one or more of the fictitious party defendants and/or named defendants, was the owner of the Fleetwood mobile home, the Kobalt jacks, the piers, the mobile home tires and/or the mobile home axle, located at the place where the plaintiff was performing his job; and as such, each said defendant had the duty to provide the plaintiff with a safe place to work and/or a reasonably safe work environment.    Said defendants

5

negligently or wantonly breached this duty. Said negligent or wanton conduct was the proximate cause of plaintiff's injuries and damages hereinafter described.

12.    Plaintiff alleges that the defendant, Bear Creek Sales, L.L.C., and/or one or more of the fictitious party defendants or named defendants, negligently or wantonly undertook to provide equipment and/or tools for use by the plaintiff in performing his job. Such negligent or wanton conduct was the proximate cause of plaintiff's injuries and damages hereinafter described.

13.    Plaintiff alleges that his injuries and damages hereinafter described are a proximate consequence of the negligent, or wanton conduct of the defendant, Bear Creek Sales, L.L.C., and fictitious party defendants numbers 1 through 37 described above.

14.    As a proximate result of the aforesaid negligent, willful, wanton and wrongful conduct of the above described defendant, including fictitious party defendants, the plaintiff, Frank LaDon Cook, suffered the following injuries and damages; to-wit:

    (a)    Plaintiff sustained a crushing injury to his spine that has left him a paraplegic.

    (b)    Plaintiff was caused and will be caused in the future to suffer great physical pain, emotional distress and anguish.

    (c)    Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure his said injuries.

    (d)    Plaintiff was caused to be permanently unable to pursue many of his normal and usual activities.

    (e)    Plaintiff has sustained loss wages as a result of his injuries and will sustain loss wages in the future as a result of the same.

6

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT II

21.    Plaintiff reaffirms and realleges each and every preceding paragraph.

22.    On or about March 30, 2006, and for some time prior thereto, the Defendants, Snap-on Incorporated, Lowe's Home Centers, Inc., LG Sourcing, Inc., LF, LLC, and fictitious parties defendants were engaged in the business of designing, manufacturing, selling and/or distributing Kobalt jack(s) and their component parts throughout the United States for use by certain members of the general public. Said defendants during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the Kobalt jack(s), which injured the plaintiff proximately causing his injuries as fully set out herein.

23.    At the aforesaid time and place, said Kobalt jack(s) and its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in the a manner that was foreseeable. The Kobalt jack(s) and its component parts were not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendant knew, or in the exercise of reasonable care should have known, that said Kobalt jack(s) and its component parts

7

were unreasonably dangerous to the human body when being so used in a
foreseeable manner.

24.     The foregoing wrongful conduct of said defendants was the proximate
cause of the plaintiff's injuries and renders said defendant liable to plaintiff pursuant
to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, plaintiff demands judgment against the defendants separately
and severally, including fictitious party defendants, in a sum in excess of the
jurisdictional limits of this Court, to be determined by a jury which will fairly and
adequately compensate the plaintiff for the above described damages, together with
interest from the date of the incident and the cost of the proceeding.

## COUNT III

25.     Plaintiff reaffirms and realleges each and every preceding paragraph.

26.     The defendants, Snap-on Incorporated, Lowe's Home Centers, Inc.,
LG Sourcing, Inc., LF, LLC, and fictitious parties defendants expressly and/or
impliedly warranted that the Kobalt jack(s) and its component parts involved in the
occurrence made the basis of the plaintiff's complaint was reasonably fit and suitable
for the purpose for which it was intended to be used.  Plaintiff avers that said
defendants breached expressed and/or implied warranties and that said Kobalt
jack(s) and its component parts were not reasonably fit and suitable for the purpose
for which it was intended to be used, but, to the contrary, said Kobalt jack(s) and its
component parts at the time it was manufactured, distributed, sold and/or delivered,
was in a dangerously defective and unsafe condition as aforementioned.  Plaintiff

8

further avers that as a proximate result of the aforesaid breach of warranty by said defendants, plaintiff was caused to suffer the injuries as fully set out herein.

27.    On or about March 30, 2006, the defendants, Snap-on Incorporated, Lowe's Home Centers, Inc., LG Sourcing, Inc., LF, LLC, and fictitious party defendants were guilty of negligent and/or wanton conduct and/or were in violation of the Alabama Extended Manufacturer's Liability Doctrine and said negligent, wanton or other wrongful conduct combined and concurred, to proximately cause plaintiff's injuries as fully set out herein.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT IV

28.    Plaintiff reaffirms and realleges each and every preceding paragraph.

29.    The Defendants, Snap-on Incorporated, Lowe's Home Centers, Inc., LG Sourcing, Inc., LF, LLC, and fictitious party defendants negligently and/or wantonly serviced, maintained, and/or repaired the Kobalt jack(s) and its component parts involved in the occurrence made the basis of plaintiff's complaint and such negligent and/or wanton conduct was the proximate cause of plaintiff's injuries as described above.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of

9

the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

### COUNT V

30.   Plaintiff reaffirms and realleges each and every preceding paragraph.

31.   On or about March 30, 2006, the Defendant, Mills Timber Harvesting, Inc., and/or fictitious and/or named defendants tried to move the mobile home off of the plaintiff and negligently and/or wantonly allowed the mobile home to fall on the plaintiff. Said negligence and/or wantonness by said Defendant was a proximate cause of his injuries as fully set out herein.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

RUFUS R. SMITH, JR. (SMI-060)
P.O. Drawer 6629
Dothan, AL 36302
(334) 671-7959
(334) 671-7957 Facsimile

10

## JURY DEMAND

Plaintiff hereby requests a trial by struck jury on all issues of this cause.

L. ANDREW HOLLIS, JR. (HOL-043)
Attorney for the Plaintiff

**OF COUNSEL:**
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

RUFUS R. SMITH, JR.
Attorney for Plaintiff

OF COUNSEL:
**RUFUS R. SMITH, JR. & ASSOCIATES**
P.O. Drawer 6629
Dothan, AL 36302
(334) 671-7959
(334) 671-7957 Facsimile

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:

Bear Creek Sales, L.L.C.
c/o Robin McGriff
771 east Lawrence Harris Highway
Slocomb, AL 36375

Snap-on Incorporated
P.O. Box 1410
Kenosha, WI 53141-1410

11

Lowe's Home Centers, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36104

LG Sourcing, Inc.
c/o CT Corporation System
225 Hillsborough Street
Raleigh, NC 27603

LF, LLC
c/o Rebecca E. Green
2601 Annand Drive Suite 17
Wilmington, DE 19808

Mills Timber Harvesting
c/o Robert Mills
Route 2, Box 462
Abbeville, AL 36310

EXHIBIT 2

IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

FRANK LADON COOK, an individual;    )
                                     )
          Plaintiff,           )
                                     )
vs.                                     ) CV 06 42
                                     )
BEAR CREEK SALES, L.L.C., a corporation;  )
                                     )
          Defendants.        )

## PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

COME NOW the Plaintiff, and pursuant to Alabama Rules of Civil Procedure 9 and 15, hereby amend his original complaint and amendments thereto, by substituting the following party defendant, Redman Homes, Inc. for the fictitious party defendant described in No. 2 as defined in the original complaint, and by alleging the following claims as set out below.

## COUNT VI

32.    Plaintiff reaffirms and realleges each and every allegation of the original complaint and any amendments thereto.

33.    Defendant, Redman Homes, Inc. is a Delaware Corporation doing substantial business in the state of Alabama.

34.    On or about March 30, 2006, Plaintiff, Frank LaDon Cook, was working for Bear Creek Sales, L.L.C. and performing his usual duties when he was attempting to set a pier under a mobile home manufactured by the Defendant, Redman Homes, Inc. when the mobile home landed on the plaintiff.

35.    On or about March 30, 2006, and for some time prior thereto, the Defendant, Redman Homes, Inc. and fictitious parties defendants were engaged in the

business of designing, manufacturing, selling and/or distributing mobile homes and their component parts throughout the United States for use by certain members of the general public. Said defendant during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the mobile home, which injured the plaintiff proximately causing his injuries as fully set out in the original complaint.

36.    At the aforesaid time and place, said mobile home and its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in the a manner that was foreseeable. The mobile home and its component parts were not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendant knew, or in the exercise of reasonable care should have known, that said mobile home and its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

37.    The foregoing wrongful conduct of said defendants was the proximate cause of the plaintiff's injuries and renders said defendant liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT VII

38.     Plaintiff reaffirms and realleges each and every preceding paragraph.

39.     The defendant, Redman Homes, Inc. and fictitious parties defendants expressly and/or impliedly warranted that the mobile home and its component parts involved in the occurrence made the basis of the plaintiff's complaint was reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff avers that said defendant breached expressed and/or implied warranties and that said mobile home and its component parts were not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said mobile home and its component parts at the time it was manufactured, distributed, sold and/or delivered, was in a dangerously defective and unsafe condition as aforementioned. Plaintiff further avers that as a proximate result of the aforesaid breach of warranty by said defendants, plaintiff was caused to suffer the injuries as fully set out in the original complaint.

40.     On or about March 30, 2006, the defendant, Redman Homes, Inc. and fictitious party defendants were guilty of negligent and/or wanton conduct and/or were in violation of the Alabama Extended Manufacturer's Liability Doctrine and said negligent, wanton or other wrongful conduct combined and concurred, to proximately cause plaintiff's injuries as fully set out herein.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT VIII

41.    Plaintiff reaffirms and realleges each and every preceding paragraph.

42.    The Defendant, Redman Homes, Inc. and fictitious party defendants negligently and/or wantonly serviced, maintained, and/or repaired the mobile home and its component parts involved in the occurrence made the basis of plaintiff's complaint and such negligent and/or wanton conduct was the proximate cause of plaintiff's injuries as fully set out in the original complaint.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

L. ANDREW HOLLIS, JR. (HOL-043)
Attorney for the Plaintiff

**OF COUNSEL:**
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## CERTIFICATE OF SERVICE

     I hereby certify that I have mailed a true and correct copy of the above and foregoing by U.S. Mail, properly addressed and postage prepaid this the _____ day of _____, 2006 to:

Bear Creek Sales, L.L.C.
c/o Robin McGriff
771 east Lawrence Harris Highway
Slocomb, AL 36375

Snap-on Incorporated
P.O. Box 1410
Kenosha, WI 53141-1410

Lowe's Home Centers, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36104

LG Sourcing, Inc.
c/o CT Corporation System
225 Hillsborough Street
Raleigh, NC 27603

LF, LLC
c/o Rebecca E. Green
2601 Annand Drive Suite 17
Wilmington, DE 19808

Mills Timber Harvesting
c/o Robert Mills
Route 2, Box 462
Abbeville, AL 36310

OF COUNSEL

EXHIBIT 3

IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

FRANK LADON COOK, an individual;  )
                                     )
        Plaintiff,              )
                                       )
vs.                                  )     CV 06 42
                                       )
BEAR CREEK SALES, L.L.C., a corporation;  )
                                     )
        Defendants.         )

## PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT

COMES NOW the Plaintiff, and pursuant to Alabama Rules of Civil Procedure 9 and 15, hereby amends his original complaint and amendment thereto, by adding the following party Defendant and by adding and substituting the following claims as set out below:

43.    Plaintiff substitutes Colbert Bryan McGriff as party defendant in this matter in lieu of and instead of fictitious party number 2 in the original complaint.

44.    Defendant Colbert Bryan McGriff is over the age of nineteen years and is a resident citizen of Geneva County, Alabama.

## COUNT IX

45.    Plaintiff reaffirms and realleges each and every allegation of the original complaint and any amendments thereto.

46.    At all times relevant to this amended complaint, Plaintiff Frank Ledone Cook, was and independent contractor of Defendants Bear Creek Sales, L.L.C.., and Colbert Bryan McGriff.

47.    On or about March 30, 2006, Plaintiff, Frank LaDon Cook, while performing his duties as an independent contractor during a mobile home trailer set up, was attempting to set a pier underneath said mobile home that had been improperly unloaded by Defendant Bear Creek Sales, LLC, and/or its agent, servant and/or employee Randy Lee Cook, and Defendant Colbert Bryan McGriff when the mobile home shifted, collapsed and landed on the plaintiff. The subject mobile home trailer was improperly unloaded by Randy Lee Cook while and during his permissive use and/or operation of a delivery vehicle that was owned by Defendants Bear Creek, LLC and Colbert Bryan McGriff. All acts of negligence, willful and wanton conduct on the part of the Defendants in this count arise out of the permissive use and/or operation of the delivery vehicle that was and is owned by Defendants Bear Creek Sales, LLC and Colbert Bryan McGriff.

48.    On or about March 30, 2006, and at all times relevant to this action, Defendants Bear Creek Sales, LLC, Colbert Bryan McGriff and Randy Lee Cook, as the entities and/or persons who unloaded the subject trailer onto the subject trailer site, had a duty to unload the subject trailer in a reasonably safe manner such as to not allow the subject trailer to present a danger to others, such as the plaintiff.

49.    Defendants Colbert Bryan McGriff and Bear Creek Sales, LLC, individually and through its agents, servants and/or employee Randy Lee Cook in a negligent, willful and/or wanton manner, breached their respective duties by (i.) failing to ensure that the subject trailer was properly unloaded; (ii.) failing to ensure that the subject trailer was unloaded in a location that was reasonably safe for persons, such as Plaintiff, to then perform his independent contractor responsibilities

in a reasonably safe manner; (iii.) failing to supervise and or train its agents, employees, servants and/or persons who used or borrowed vehicles owned by Defendants that were used to load, transport and unload the subject trailer; and (iv.) by affirmatively creating a dangerous hazard via unloading the subject trailer onto and upon a location that was not fit for the installation or support of the subject trailer.

50.   Defendants Bear Creek Sales, LLC and Colbert Bryan McGriff, independently and/or through its agent, servant, and/or employee Randy Lee Cook knew or should have known that their respective negligent, willful and/or wanton conduct as described above would cause injury and damage to Plaintiff.

51.   As a proximate result of the Defendants' conduct, Plaintiff was caused to suffer substantial injury and damages as follows:

     (a)   Plaintiff sustained a crushing injury to his spine that has left him a paraplegic.

     (b)   Plaintiff was caused and will be caused in the future to suffer great physical pain, emotional distress and anguish.

     (c)   Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure his said injuries.

     (d)   Plaintiff was caused to be permanently unable to pursue many of this normal and usual activities.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and

adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT X

52.    Plaintiff reaffirms and realleges each and every allegation of the original complaint and any amendments thereto.

53.    At all times relevant to this amended complaint, Plaintiff Frank Ledon Cook was an independent contractor of Defendants Bear Creek Sales, L.L.C.., and Colbert Bryan McGriff.

54.    On or about March 30, 2006, Plaintiff, Frank LaDon Cook, while performing his duties as an independent contractor during a mobile home trailer set up, was attempting to set a pier underneath said mobile home that had been improperly unloaded by Defendant Bear Creek Sales, LLC, and/or its agent, servant and/or employee Randy Lee Cook, and Defendant Colbert Bryan McGriff, when the mobile home shifted, collapsed and landed on the plaintiff. The subject mobile home trailer was improperly unloaded by Randy Lee Cook while and during his permissive use and/or operation of a delivery vehicle that was owned by Defendants Bear Creek, LLC and Colbert Bryan McGriff.

55.    On or about March 30, 2006, and at all times relevant to this action, Defendants Bear Creek Sales, LLC, Colbert Bryan McGriff and Randy Lee Cook, as those entities and/or persons who unloaded the subject trailer onto the subject trailer site, had a duty to unload the subject trailer in a reasonably safe manner such as to not allow the subject trailer to present a danger to others, such as the plaintiff.

56. Defendants Colbert Bryan McGriff and Bear Creek Sales, LLC, individually and through its agents, servants and/or employee Randy Lee Cook, in a negligent, willful and/or wanton manner, breached their respective duties by (i.) failing to warn Plaintiff that the subject trailer was not properly unloaded; (ii.) failing to warn Plaintiff that the subject trailer was unloaded in a location that was not reasonably safe for persons, such as Plaintiff, to then and thereafter perform his responsibilities as an independent contractor in a reasonably safe manner; (iii.) failing to warn Plaintiff that the Defendants had failed to supervise and or train its agents, employees, servants and/or persons who operated and/or borrowed vehicles owned by Defendants that were used to load, transport and unload the subject trailer; and (iv.) by failing to warn the Plaintiff that the Defendants had affirmatively created a dangerous hazard via unloading the subject trailer onto and upon a location that was not fit for the installation or support of the subject trailer.

57. Defendants Bear Creek Sales, LLC and Colbert Bryan McGriff, independently and/or through its agent, servant, and/or employee Randy Lee Cook knew or should have known that their respective negligent, willful and/or wanton conduct as described above would cause injury and damage to Plaintiff.

58. As a proximate result of the Defendants' conduct, Plaintiff was caused to suffer substantial injury and damages as described above.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and

adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT XI

59.    Plaintiff reaffirms and realleges each and every allegation of the original complaint and any amendments thereto.

60.    At all times relevant to this amended complaint, Plaintiff Frank Ledone Cook, was and independent contractor of Defendants Bear Creek Sales, L.L.C.., and Colbert Bryan McGriff.

61.    On or about March 30, 2006, Plaintiff, Frank LaDon Cook, while performing his duties as an independent contractor during a mobile home trailer set up, was attempting to set a pier underneath said mobile home that had been improperly unloaded by Defendant Bear Creek Sales, LLC, and/or its agent, servant and/or employee Randy Lee Cook, and Defendant Colbert Bryan McGriff when the mobile home shifted, collapsed and landed on the plaintiff. The subject mobile home trailer was improperly unloaded by Randy Lee Cook during his permissive use and/or operation of a delivery vehicle that was owned by Defendants Bear Creek, LLC and Colbert Bryan McGriff.

62.    At all times material to this amended complaint, Defendants Bear Creek Sales, LLC and Colbert Bryan McGriff were the supervisors, employers, masters, and/or persons and/or entities that held the duty to and did provide training, instruction, direction and/or supervision to Randy Lee Cook with regard to the unloading of mobile home trailers, including the subject mobile home trailer.

63.    On or about March 30, 2006 and at all times materials to this amended complaint, Defendants Bear Creek Sales, LLC and Colbert Bryan McGriff negligently, willfully and/or wantonly failed to properly supervise their employee, servant, agent Randy Lee Cook.

64.    Defendants Bear Creek Sales, LLC and Colbert Bryan McGriff, knew or should have known that their respective negligent, willful and/or wanton conduct as described above would cause injury and damage to Plaintiff.

65.    At no time did Plaintiff have knowledge or realize that Defendants Bear Creek Sales, LLC, and Colbert Bryan McGriff did breach their respective duties.

66.    As a proximate result of the Defendants' conduct, Plaintiff was caused to suffer substantial injury and damages as described above.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## JURY DEMAND

Plaintiff hereby requests a trial by struck jury on all issues of this cause.

L. ANDREW HOLLIS, JR. (HOL-043)
Attorney for the Plaintiff

OF COUNSEL:
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a true and correct copy of the above and
foregoing by U.S. Mail, properly addressed and postage prepaid this the 24 day of
_____, 2007 to:

Samuel L. Adams, Esq.
Merrill, Harrison & Adams, LLC
Post Office Box 1690
Dothan, Alabama 36302

Charles A. Stewart, III, Esq.
Bradley, Arant, Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

William L. Lee, IV, Esq.
Lee & McInish, P.C.
Post Office Box 1665
Dothan, Alabama 36302

Gregory S. Ritchey, Esq.
Ritchey & Ritchey, PA
Post Office Drawer 590069
Birmingham, Alabama 35259-0069

Rufus R. Smith, Esq.
Post Office Drawer 6629
Dothan, Alabama 36302-0000

OF COUNSEL

## PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:

Colbert Bryan McGriff
c/o Bear Creek Sales, L.L.C.
771 east Lawrence Harris Highway
Slocomb, Alabama 36375