IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:07cv410-MHT |
| | ) | |
| FRANK LaDON COOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332. To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively alleged each party's citizenship, McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam),* and the allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

---

*In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).

The plaintiff's complaint alleges that corporate defendants Lowe's Home Centers, Inc., L.G. Sourcing, Inc., and Redmond Homes, Inc. are "foreign corporations" and have their principal places of business in North Carolina and Michigan. By "foreign corporations," the court pre- sumes that the plaintiff means that they were incorporated in States other than Alabama. However,

allegations that they were incorporated in a State other than Alabama are insufficient to reflect that their citizenship is difference from that of plaintiff, which was incorporated in, and has its principal place of business, in a State other than Alabama, that is, South Carolina. In other words, under the allegations of the complaint, plaintiff and these defendants could still be incorporated in the same State. For this reason, the plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendants Lowe's Home Centers, Inc., L.G. Sourcing, Inc., and Redmond Homes, Inc.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until June 1, 2007, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 22nd day of May, 2007.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE