**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CANAL INSURANCE COMPNAY, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV NO.: 1:07-cv-410-MHT** |
| | ) | |
| **FANK LADON COOK; et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

<u>**ANSWER OF FRANK LADON COOK**</u>

**COMES NOW** the Defendant, Frank Ladon Cook, by and through his undersigned counsel of record, and files this Answer to the Complaint for Declaratory Judgment filed by Canal Insurance Company.  In support of this filing, Defendant states unto the Court as follows:

<u>**PARTIES**</u>

1.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's complaint, and therefore denies the same and demands strict proof thereof.

2.      Admit.

3.      Admit.

4.      Admit

5.      Admit.

6.      Admit.

7.      Admit.

**JURISDICTION AND VENUE**

8.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's complaint, and therefore denies the same and demands strict proof thereof.

9.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's complaint, and therefore denies the same and demands strict proof thereof.

10.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's complaint, and therefore denies the same and demands strict proof thereof.

11.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's complaint, and therefore denies the same and demands strict proof thereof.

12.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's complaint, and therefore denies the same and demands strict proof thereof.

**FACTS**

13.    Admit.

14.    Admit.

15.    Admit.

16.    Admit.

17.    Plaintiff's Complaint requests declaratory judgment from this Court on the basis that Plaintiff claims "the Fleetwood Mobile Home does not meet the definition of

an '**owned automobile**' as defined by the Canal Policy, and therefore, Canal owes no

duty to defend and/or indemnify McGriff in the underlying lawsuit." (Complaint for

Declaratory Judgment, ¶ 21). Plaintiff cites to a number of provisions in the Basic

Automobile Liability Policy issued by Plaintiff to Colbert Bryan McGriff d/b/a Bear

Creek Movers as support for this proposition; however, Plaintiff fails to explain how

these provisions support the contention that the mobile home made the basis of the

underlying lawsuit fails to qualify as an "owned automobile." (Basic Automobile

Liability Policy No. 470433).

One of the policy provisions cited the Plaintiff is Section A(I), which states the

following:

> The company will pay on behalf of the **insured** all sums which the
> **insured** shall become legally obligated to pay as damages because of
>
> **bodily injury or property damage**
>
> to which this insurance applies, caused by an **occurrence** and arising out
> of the ownership, maintenance or use, *including loading and unloading*,
> for the purposes stated as applicable thereto in the declarations, of an
> **owned automobile** or of a **temporary substitute automobile**, and *the*
> *company shall have the right and duty to defend any suit against the*
> ***insured** seeking damages on account of such **bodily injury or property***
> ***damage**, even if any of the allegations of the suite are groundless, false or
> fraudulent, and may make such investigation and settlement of any claim
> or suit as it deems expedient, but the company shall not be obligated to
> pay any claim or judgment or to defend any suit after the applicable limit
> of the company's liability has been exhausted by payment of judgments or
> settlements.

(Basic Automobile Liability Policy No. 470433) (bold emphasis in original, italicized and

underlined emphasis added). Plaintiff goes on to cite provisions of the insurance policy

which define the "named insured" and "owned automobile." (Complaint, ¶ 17). The

declarations page of the policy lists the named insured as "COLBERT BRYAN

MCGRIFF DBA BEAR CREEK MOVERS" and the owned automobiles as (1) "1988 IH TRACTOR" and (2) "**ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR**."    (*See* Basic Automobile Liability Policy No. 470433, Declarations Page).

Based upon the allegations of Plaintiff's Complaint, it is undisputed that the tractor-trailer used to haul the mobile home in question is an "owned automobile" and is thereby covered under the automobile liability policy.  Therefore, Plaintiff's claim that the subject mobile home does not qualify for coverage is presumably based upon the fact that at the time of the accident, it was not "attached" to the tractor-trailer; however, the fact that the mobile home was not attached is part of the negligence and/or wantonness upon which the Complaint in the underlying action is grounded and for which coverage should be provided.  In addition, based upon the other sections of the policy cited in Plaintiff's Complaint, it would appear that they will make arguments that Defendant Frank Ladon Cook was not an employee of Bear Creek Movers, but was rather working pursuant to a "contract of hire," thereby absolving Plaintiff of any obligation to defend and indemnify Bear Creek Movers in the underlying suit.  (*See* Complaint ¶ 17, wherein Plaintiff cites to the definition of "persons insured" and the "TRUCKMAN'S ENDORSEMENT").

As alleged in Defendant Cook's Second Amendment to Complaint in the underlying action, at the time he sustained his injuries, Defendant was working as an employee of Bear Creek Movers and was performing actions within the line and scope of his employment.  (*Frank Ladon Cook v. Bear Creek Sales, L.L.C., a corporation, et al.*, CV-06-42, Second Amendment to Complaint ¶¶ 11-12, 47-49, attached as Exhibit 3 to

Plaintiff's Complaint for Declaratory Judgment). In addition, deposition testimony in the underlying action has shown that the driver of the tractor, Randy Lee Cook, Jr., who delivered the mobile home to the unloading site, considered himself an employee of Bear Creek Movers at the time of the unloading. (R. Cook Depo. pp. 172, 21, relevant excerpts attached hereto as Exhibit "A"). According to the insurance policy, as quoted in Plaintiff's Complaint, "an employee of the **named insured**" qualifies as an insured and is afforded coverage for bodily injury "arising out of the loading or unloading" of the tractor-trailer. (Complaint, ¶ 17; Basic Automobile Liability Policy No. 470433, Section A(III)(c)(2) (emphasis in original)). Therefore, according to the deposition testimony in the underlying case and the allegations as set forth in Plaintiff's Complaint, as the driver of the covered tractor-trailer was an employee at the time of the negligent unloading of the mobile home, the bodily injury sustained by Defendant Cook is covered under the Basic Automobile Liability Policy.

Furthermore, Defendant Cook's expert, Ray Helmer, has provided sworn testimony via affidavit that the Plaintiff's insured, Bear Creek Movers, was negligent in its unloading of the tractor-trailer and subject mobile home. (Affidavit of Ray G. Helmer, P.E., attached hereto as Exhibit "B"). Specifically, Mr. Helmer states"

> 4.    It is my professional opinion that the accident made the basis of this lawsuit resulted from the following actions or failures to act by Bear Creek Sales, L.L.C. or their employees/agents:
>
> > (a)    unloading the subject mobile home at a site which was not inspected prior to unloading;
> >
> > (b)    failing to ensure that the unloading site was stable prior to unloading;
> >
> > (c)    failing to ensure that an agent/employee of Bear Creek Sales, L.L.C. who was certified in mobile home set-up was

present to oversee the deliver, unloading, and set-up process;

(d)    failing to ensure that the unloading site was properly compacted prior to unloading;

(e)    failing to ensure that the site was level prior to unloading the subject mobile home;

(f)    failing to ensure that the tractor used to deliver the mobile home stayed connected to the mobile home during unloading and set-up to provide adequate stability.

(Affidavit of Ray G. Helmer, ¶ 4). Mr. Helmer based his opinions on his "professional education, training, experience, review of all relevant discovery undertaken in this case, and [his] review of relevant and widely accepted engineering literature." *Id.* at ¶ 6. Clearly, Defendant disputes that the mobile home in question is not covered the Basic Automobile Liability Policy. As a "mobile home...singularly attached to a scheduled tractor," it clearly meets the definition of an "owned automobile" as defined in the policy and, as such, Plaintiff owes a duty to Defendant Colbert Brian McGriff and/or Bear Creek Sales, L.L.C. to defend and indemnify them in the underlying lasuit.

18.    Admit.

19.    Deny. *See* paragraph seventeen (17) *supra*. Defendant does not believe that there is a justiciable controversy as to coverage in the underlying lawsuit, as Defendant Cook's injuries proximately resulted from the negligence of Plaintiff's insureds during the unloading of an "owned automobile." As a result, Defendant avers that Plaintiff has a contractual obligation and duty to defend and indemnify Defendants Colbert Brian McGriff and/or Bear Creek Sales, L.L.C. in the underlying lawsuit.

## DEFENSES

### FIRST DEFENSE

1.      This Defendant denies the material allegations of the complaint and demands strict proof thereof.

### SECOND DEFENSE

2.      This defendant pleads the affirmative defenses.

### THIRD DEFENSE

3.      Plaintiff's claims are barred by estoppel, latches and waiver.

### FOURTH DEFENSE

4.      Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

5.      Plaintiff's Complaint is defective under Alabama law and fails to state a claim upon which relief can be granted.

### SIXTH DEFENSE

6.      Plaintiff is not entitled to the relief requested.

/s/ L. Andrew Hollis, Jr._____
L. ANDREW HOLLIS, JR. (HOL-043)

**OF COUNSEL:**
**HOLLIS & WRIGHT, P.C.**
1500 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the above and foregoing via the CM/ECF system, this the 13th day of July, 2007, which will provide notice to the following:

K. Donald Simms
David R. Wells
Miller, Hamilton, Snider & Odom, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203

Samuel L. Adams, Esq.
Merrill, Harrison & Adams, LLC
Post Office Box 1690
Dothan, Alabama 36302

Charles A. Stewart, III, Esq.
Bradley, Arant, Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

William L. Lee, IV, Esq.
Lee & McInish, P.C.
Post Office Box 1665
Dothan, Alabama 36302

Gregory S. Ritchey, Esq.
Ritchey & Ritchey, PA
Post Office Drawer 590069
Birmingham, Alabama 35259-0069

Rufus R. Smith, Esq.
Post Office Drawer 6629
Dothan, Alabama 36302-0000

/s/ L. Andrew Hollis, Jr.
OF COUNSEL

# BIRMINGHAM REPORTING SERVICE

```
 1        IN THE CIRCUIT COURT OF HENRY COUNTY

 2                      ALABAMA

 3

 4   FRANK LADON COOK,          )

 5                              )

 6        Plaintiff,            )

 7   v.                         )    CV-06-042H

 8   BEAR CREEK SALES,          )

 9   L.L.C., et al.,            )

10                              )

11        Defendants.           )

12

13            S T I P U L A T I O N

14            IT IS STIPULATED AND

15   AGREED, by and between the parties through

16   their respective counsel, that the

17   discovery deposition of

18   * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

19            RANDY LEE COOK, JR.

20   * * * * * * * * * * * * * * * * * * * * * * * * * * * *

21            may be taken before Paul

22   Moore, Commissioner, at the offices of

23   Merrill, Harrison & Adams, LLC, Dothan,
```

PLAINTIFF'S
EXHIBIT

A

# BIRMINGHAM REPORTING SERVICE

172

```
1        A    Two.

2        Q    Two?

3        A    Yes, sir.

4        Q    Did they have one out there where

5   Ladon and them were doing the work on the

6   March 30th?

7        A    Ladon drove the service truck out

8   there with him.

9        Q    Okay.  Which one?

10       A    I drove the tow truck to pick up the

11  mobile home.  Ladon took the service truck

12  with the tool box, with all the equipment

13  on it.

14       Q    Did you only have one service truck?

15       A    Yes, sir, all we've got is one

16  service truck.

17       Q    Okay.  And you got one tow truck?

18       A    Yes, sir.

19       Q    And Bear Creek owns the tow truck?

20       A    Yes, sir.

21       Q    They pay for the gas?

22       A    Yes, sir.

23       Q    They pay for the insurance?
```

1        A    No, sir.

2        Q    Did you consider yourself an

3    employee of Bear Creek?

4        A    Well, I guess.  They paid me by the

5    job, and they paid Ladon by the job.

6        Q    All right.  And did you ever hear

7    them say, or refer to y'all as independent

8    contractors?

9        A    They had said, yes, sir.

10       Q    What?

11       A    Yes, sir, they have said that.

12       Q    They've said that since or before

13    the accident?

14       A    Before the accident.

15       Q    That y'all were independent

16    contractors?

17       A    Yes, sir.

18       Q    Did you ever sign any kind of

19    contract with them, or anything like that?

20       A    No, sir.

21       Q    Okay.  Now, how many people were

22    involved in helping Bear Creek install

23    their trailers?  There was you - -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

CANAL INSURANCE  COMPANY,    )
                             )
    **Plaintiff,**          )
                             )
v.                           )       **CIVIL ACTION NO.:**
                             )       **1:07-cv-410-MHT**
FRANK LADON COOK;            )
COLBERT BRIAN MCGRIFF;       )
LOWE'S HOME CENTERS, INC.;   )
L.G. SOURCING, INC.;         )
REDMOND HOMES, INC.; and     )
BEAR CREEK SALES, L.L.C.,    )
                             )
    **Defendants.**         )

**<u>AFFIDAVIT OF RAY G. HELMER, P.E.</u>**

    1.     My name is Ray G. Helmer, P.E.  I am over nineteen (19) years of age and have qualifications as outlined in my CV attached hereto.

    2.     As part of my work history and experience, I have been responsible for and participated in the proper unloading, set-up, and delivery of modular dwelling units. My experience also includes understanding and implementing proper site development and preparation for the delivery, set-up, and unloading of modular dwelling units.

    3.     I have studied the discovery propounded and answered by the parties thoroughly and in detail in this matter, as well as all deposition testimony given in connection with the underlying lawsuit and hereby acquired personal knowledge of the facts attested to herein.  I am qualified by education, training, experience, and personal knowledge to attest to the opinions and facts contained in this Affidavit.



PLAINTIFF'S
EXHIBIT
*B*
tabbies

4.    It is my professional opinion that the accident made the basis of this lawsuit resulted from the following actions or failures to act by Bear Creek Sales, L.L.C. or their employees/agents:

(a)    unloading the subject mobile home at a site which was not inspected prior to unloading;

(b)    failing to ensure that the unloading site was stable prior to unloading;

(c)    failing to ensure that an agent/employee of Bear Creek Sales, L.L.C. who was certified in mobile home set-up was present to oversee the delivery, unloading, and set-up process;

(d)    failing to ensure that the unloading site was properly compacted prior to unloading;

(e)    failing to ensure that the site was level prior to unloading the subject mobile home;

(f)    failing to ensure that the tractor used to deliver the mobile home stayed connected to the mobile home during unloading and set-up to provide adequate stability.

5.    While the foregoing is the opinion that the undersigned intends to express in this case, there may be additional acts and omissions of which the undersigned is unaware at this time or that will depend on further discovery.

6.    I have personal knowledge of the facts to which I attest herein, and my opinions set forth in this Affidavit are based upon my professional education, training, experience, review of all relevant discovery undertaken in this case, and my review of

2

relevant and widely accepted engineering literature. I have read this Affidavit in its entirety, and further attest that it is true and correct.

_____
Ray G. Helmer


        SWORN TO AND SUBSCRIBED before me this ___ day of _____,
2007.

_____
Notary Public

Commission expires: _____

SABRINA CRESPIN
Notary Public
STATE OF TEXAS
My Comm. Exp. March 29, 2010



3

**Ray G. Helmer**
Licensed Professional Engineer
Civil & Structural Engineering Consultant
9314 Bankside Drive
Houston, TX 77031-1713
(713) 777-7611
FAX (713) 774-6881
E-mail: HelmerEng@houston.rr.com
www.helmer-engineering.com

## ENGINEERING EXPERIENCE

As a Licensed Professional Engineer in Texas, Alabama and Ohio, Ray G. Helmer has acted as a Consultant, Chief Engineer, Senior Project Engineer and Lead Engineer in the planning, design and construction of multi-million dollar projects for half a century. These include commercial and industrial sites and buildings, single and multi-family residential sites and buildings, highways, major drainage projects and aviation facilities.

## ACADEMIC QUALIFICATIONS

- B.S. in Civil Engineering, Virginia Military Institute (VMI) (1954)
- Licensed Professional Engineer in Ohio (1959), Texas (1982) and Alabama (2006)
- Registered Environmental Professional
- Commissioned Officer, U.S. Army Corps of Engineers

## ENGINEERING EMPLOYMENT

### Civil Engineer, Olin Mathieson Chemical Corp., East Alton, Illinois

- Engineer in Plant Engineering Department. This plant manufactures aluminum, ammunition and explosives. Performed surveys and prepared maps of existing utilities including sewer, water, storm drainage, gas, electric and compressed air.

### U.S. Army Corps of Engineers

- Military Engineering at Fort Riley, Kansas and Fort McCoy, Wisconsin. Supervised construction of frame buildings for storage of vehicles and supplies.

1

**1957-60, Civil Project Engineer, Dodson Lindblom Associates, Columbus, Ohio**

- US Route 127 Upgrade, Dayton/Cincinnati, Ohio
- Rickenbacker and Wright Patterson Air Force Bases, Ohio

**1960-60  Civil Engineer, Greenland Contractors, Thule, Greenland**

- Estimator and negotiator for Greenland Contractors during construction of Ballistic Missile Early Warning System for U.S. Army Corps of Engineers. Made cost estimates, proposals, and negotiated contract changes with the Corps of Engineers. The project included a number of very large radar antennas and support buildings.

**1960-67, Chief Highway Engineer, Brill Engineering Corporation, Columbus, Ohio**

- Interstate 270, Columbus, Ohio
  Conceptual, preliminary and final design of Interstate 270, a 55-mile circumferential highway around Columbus, Ohio, for Ohio Department of Transportation. This was a six- to seven-year engagement.

**1967-71, Senior Transportation Engineer, Mid-Ohio Regional Planning Commission, Columbus, Ohio; and Chief Transportation Engineer, Richland County Regional Planning Commission, Mansfield, Ohio**

- Responsible for comprehensive county-wide transportation studies under the auspices of the US Federal Highway Administration and the US Department of Housing and Urban Development.

**1971-79, Regional Construction Engineer-Manager, Cardinal Industries, Inc., Columbus, Ohio**

- Multi-Unit Apartment and Motel Projects, Ohio and Pennsylvania
  Responsible for design and construction of sixty (60) apartment and motel projects in Ohio and Pennsylvania, totaling 3000 housing units. Each of these projects included concrete or asphalt paving, concrete sidewalks, building foundations, carpentry, electric service and wiring, plumbing, air conditioning, water service lines, sanitary sewers, storm sewers and culverts, fencing, landscaping, painting and other construction tasks. I was the regional Construction Manager who was responsible for all aspects of design and construction of these projects including advertising for bids, evaluating bids, awarding contracts, managing the construction, receiving invoices from

2

contractors, verifying quality and quantity of completed construction, approving contractor invoices, and making final punchout inspections.

## 1980-81, Regional Engineer, National Corrugated Steel Pipe Association, Des Plaines, Illinois (now Washington, D.C.)

- Drainage Standards, Multiple States
  Regional engineer covering states of Ohio, Michigan, Indiana, Kentucky and West Virginia for National Corrugated Steel Pipe Association; assisted public agencies and consulting engineering firms in development of drainage standards and specifications

## 1981-88, Principal Civil Engineer, Bovay Engineering Corporation, Houston, Texas

- US 290 Extension, Houston, Texas

- I-10 Interchange, El Paso, Texas

- Hardy Toll Road, Houston, Texas

- City of Houston – Lead Engineer on design of West Tidwell Road from Ella to North Shepherd including street paving, 108-inch storm sewer, water, and sewer relocations.

- City of Houston – Lead Engineer on design of improvement of Cavalcade from Lockwood to Homestead including street paving, drainage, water and sewer utilities.

- Harris County – Lead Engineer on an extension and improvement of Greens Road from West Hardy Road across a branch of Greens Bayou and Missouri Pacific Railroad including paving and drainage improvements.

- Water Distribution/Sewer and Irrigation, Tanajib, Saudi Arabia
  Lead Engineer on design of water distribution, sanitary sewer and irrigation systems for an entire new city at Tanajib in Saudi Arabia.

- Plant Site Grading, Paving and Utilities, Illinois
  Project engineer on design of plastics manufacturing plants at Manteno and Grant Park, Illinois, including site grading, drainage, paving and utilities.

- Haul Road and Civil Improvements, Jewett, Texas
  Project engineer on design of haul road and civil improvements for tipple and conveyor from the tipple to the power plant for a lignite mine at Jewett, Texas, for

3

Houston Lighting and Power Company. This project included engineering design of concrete sidewalk, grading and drainage along the mile-long conveyor system.

**1989-90, Coordinating Engineer, Binkley and Barfield, Inc., Houston, Texas**

- Urban Arterial System Upgrade, Texas
  Coordinating Engineer on a $60 million project to improve 14 miles of major urban arterial to a seven (7) lane typical section.

**1991-92, Senior Civil Engineer, John Brown Engineers and Constructors, Houston, Texas**

- Roads and Water Management, Saudi Arabia
  Managed engineering design of 14-mile access highway, earthmoving and compaction, drainage, water and sewer systems, and airport to FAA standards for a grass roots oilfield (75 wells) in Saudi Arabia for Aramco.

**1993-2002, Senior Project Manager, Ratnala & Bahl, Inc., Engineers, Architects and Surveyors, Houston, Texas**

- $10 Million Bridge Project for New George Bush Turnpike north of Dallas, Texas. Design of five Interstate-type bridges for three new interchanges on new George Bush Turnpike north of Dallas, Texas. The project included detailed bridge and retaining wall design, and engineering design of pavements, drainage, traffic signals, highway lighting.

- Sanitary Gravity Sewers, Fort Worth, Texas
  Senior Project Engineer on design of 8- to 30-inch sanitary gravity sewers involving open cut and tunneling (in rock) in an extremely adverse environment on a hillside in a river valley in City of Fort Worth, Texas.

- Water System Improvement, Fort Worth, Texas
  Senior Project Engineer on design of water system improvements for City of Fort Worth, Texas. This project constructed "loops" (connections) between the ends of a number of dead-end water lines. The objective was to increase water pressure and eliminate stale water.

- $10 Million Street and Storm Sewer Improvement, Houston, Texas
  Design of a $10 million major street and storm sewer improvement project on Austin Street in the Houston, Texas, central business district including five-lane

4

concrete street paving, dual 9-foot by 8-foot box storm sewer, water and sewer adjustments.

- Roadway and Bridge Improvement, Harris County, Texas
  Senior Project Manager on design of a roadway and bridge improvement project linking two parks across an aqueduct for Harris County, Texas. The project includes roadway paving, bridge, 2,000 lineal feet of retaining walls, grading, drainage.

- Street Improvement, Fort Worth, Texas
  Senior Project Manager on design of a street improvement project in a hilly area in City of Fort Worth, Texas. The project includes design of street paving, storm sewers, sanitary sewers, and 8- to 16-inch water distribution lines.

- Houston Hobby Airport Pavement/Runway Rehabilitation
  Senior Project Manager on $10 million Houston Hobby Airport Pavement Rehabilitation project on Runways 4/22 and 12L/30R and Taxiways "A", "E", "J", "K", "L" and "M". The pavement rehabilitation includes concrete panel replacement, joint sealing, asphalt patching, crack sealing, spalled concrete repair, sealing of concrete surfaces, installation of expansion joints, light can replacements, signs and pavement markings, all to FAA standards. The project also includes pavement rehabilitation at several tenant transition pavement areas and the Southwest Airlines air cargo building, as well a turnaround for large fire trucks at the ARFF facility.

## PROFESSIONAL AFFILIATIONS

- American Society of Civil Engineers (Vice President of the Houston Branch)
- National Society of Professional Engineers
- Institute of Transportation Engineers
- Engineers Council of Houston (Past President)
- American Water Works Association
- Water Environment Federation

## AWARDS

- Professional Service Award from the American Society of Civil Engineers (ASCE)

5