**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| CANAL INSURANCE COMPNAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CV NO.: 1:07-cv-410-MHT |
| | ) |
| FANK LADON COOK; et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT'S FIRST INTERROGATORIES AND REQUEST FOR
PRODUCTION TO PLAINTIFF**

Comes now the defendant in the above-styled cause and requests that the plaintiff, CANAL INSURANCE COMANY (hereinafter "plaintiff" or "this plaintiff"), answer the following interrogatories and request for production, separately and severally, within the time required by Federal Rules of Civil Procedure. In addition, defendant requests that the plaintiff attach a copy of each and every document referred to in any of the interrogatories or in the plaintiff's response thereto or that plaintiff state the date and time said documents will be produced for inspection and copying at the offices of defendant's attorney.

NOTE: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this plaintiff or this plaintiff's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for defendant within (30) days from receipt of such additional information but no later than time of the trial of this case.

**DEFINITIONS :**

For the purposes of the following interrogatories and requests for production of documents and things, the following definitions apply:

**"Document":** Includes but is not limited to ANY TYPE OF DOCUMENT, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, digital, CD-ROM, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files

that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).  It shall include communications in words, symbols, pictures, sound recordings, films and tape. For purposes of illustration and not limitation, the term shall include: reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, notes, or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes, summaries, notes, and others records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases charts; drawings; specifications; manuals; brochures; deeds, deeds of trust; leases; assignments; licenses; scrapbooks; articles of incorporation; plans; sketches; blueprints; maps; graphs; diagrams; shipping documents; bills of lading; manifests; consignment tickets; requisitions; rules and regulations, whether in proposes or final form; and memoranda of all kinds to and from any persons, agencies, or entities. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

**"You" and "Your":** means the Plaintiff to whom these interrogatories are directed including the officers, employees, agents, attorneys or representatives of said Plaintiff.

**"Communication":** means any transfer, attempted transfer, or requests for a transfer of information between persons. A document or communication "relating to" a subject matter is one constituting, comprising, identifying, referring to or dealing with that subject matter.

**"Person"**: means any natural person, corporation, d/b/a, a/k/a, proprietorship, partnership, professional corporation, licensee, franchisee, joint venture, association, group, governmental agency or agent, whether foreign or domestic, and any other entity.

**"Identity"**: in any of their forms in these interrogatories shall require said Plaintiff to provide: When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number (except for parties to the litigation), residence address or business address, if known. When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office and each of its present addresses and telephone numbers, if known. When used in reference to a document, it means to refer to the document by Bates number or Bates range, or attach such documents, identifying the specific interrogatory(ies) to which such documents are responsive, or if the document is stored on electronic or other medium, describe the document with sufficient specificity that will enable the Defendant to prepare a subpoena

duces tecum or request for production. The singular and masculine form or any noun or pronoun includes the plural, the feminine, and the neuter. The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these requests.

**"Or"**: as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or;" rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

**"Plaintiff":** The terms "this plaintiff", "plaintiff", "you" or "your" refers to the Plaintiff to whom these requests are made including any officer, agent, employee, subsidiary or parent company of such named Plaintiff and any other person or entity over whom said Plaintiff may exert control or by whom said Plaintiff is controlled.

**"Defendant" or "this defendant"**: refer to Frank Ladon Cook in his individual capacity and/or the defendant's family members.

The terms "**contract**" or "**policy**" refer to that policy or policies of insurance issued by Plaintiff that provide coverage to Colbert Brian McGriff d/b/a Bear Creek Movers, Bear Creek Sales, L.L.C., or Colbert Brian McGriff in an individual capacity, and that is referred to in Plaintiff's Complaint.

**Colbert Brian McGriff d/b/a Bear Creek Movers or Bear Creek Sales, L.L.C. may be referred to as "insured," "customer," and/or "policyholder."**

## INTERROGATORIES

1. State the name, address and job title of each person who was contacted in answering these interrogatories and request for production of documents or who provided information relevant to the answering of the interrogatories and the proper designation of each book, document or record which was searched in answering these interrogatories.

2. State the number of and manner in which past premium payments on the policy in question were made. Please produce Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C.'s payment history for the policy or policies of insurance with the Plaintiff.

3. Has Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. been insured with this Plaintiff under any other policy of insurance other than the policy made the basis of this case? If so, please list each and every policy of insurance that is or was in place at any time and existed between Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. and Plaintiff. Included within this request, please

      also list, describe and/or produce a claims history any and all claims that have ever been made by Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. on or under any said policy of insurance with this Plaintiff.

4. State the date that the insurance contract/coverage was issued to Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. and/or the first date that Plaintiff contends a valid contract of insurance with Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. did not exist.

5. State whether or not this Plaintiff, prior to actual issuance of insurance policy referred to in preceding interrogatories, had any negotiations or other contact with the policyholder which was designed to lead to issuance of a policy. If so, for each contact, state the date; the place; the form; the name, address, telephone number and job title at time of contact of each person involved in contact on behalf of insured; how each person was involved; name, address, telephone number of each person involved in contact on behalf of plaintiff; and what was said and done by each person present at time of contact.

6. State whether there are any writings including but not limited to letters, notes, memorandum, or other form of record made concerning the procurement of, issuance of, settlement of or failure to settle any claim on the insurance policy made the basis of this lawsuit, any other policy of insurance that ever existed between Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. and this defendant or concerning any of the contacts listed in answers to the preceding interrogatories. If so, give the name, address and telephone number of the person who has custody of such records. Please attach a copy of each record to your answers.

7. Does this Plaintiff claim any of the answers received from questions and/or inquiru to Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. at the time the Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. submitted their claim(s) on the subject policy were insufficient? If so, for each such answer, state the context of the question(s) that was made; the substance; the date the question was received on the insured's behalf; and the name and address of individual having this information.

8. Does Plaintiff claim Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. made any representation to this Plaintiff concerning any matters involved in issuance and effectiveness of the policy? For each such representation, state how the representation was made and reason it was made and whether the representations were insufficient or defective.

9. Please list the name, address and telephone number for each and every Alabama resident who is an insured of this Plaintiff and who, within the last four (4) years has made a claim(s) for coverage/benefits under an insurance policy similar to the one at issue in this case with this plaintiff and payment for said claim(s) was denied and/or not paid by this plaintiff.

10. Please describe the procedure(s) followed by this plaintiff or any agent or employee of this plaintiff in investigating and paying claims by insureds, such as Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C.. Please produce any and all documents reflecting and/or evidencing this procedure(s).

11. State whether or not this plaintiff, any representative of this plaintiff and/or any person or persons acting on behalf of this plaintiff has obtained a statement from any person or persons in connection with this matter, including but not limited to Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C., any agent, employee or anyone acting on behalf of Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C.. If the answer is yes, state the name and address of each individual from whom such a statement was taken; the date said statements were taken and produce a copy of said statement.

12. State whether any communications, notes, correspondence, memorandum or other documents were ever made regarding the occurrence made the basis of this suit with Colbert Brian McGriff, Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C., any agent, employee or anyone acting on behalf of Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. or any other person(s) who may have relevant information/knowledge in connection with this matter. If so, please attach a copy of each document or the content of any such communication.

13. Please state the name and address of each person who this plaintiff attempted to contact in connection with this matter including, but not limited to any employee, agent or former employee or agent of Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C.

14. Please list all actions taken by this plaintiff or any employee or agent of this plaintiff to adjust, investigate, pay and/or deny any bill and/or claim for insurance benefit(s) made by Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. and made the basis of any claim for benefits under the subject policy, including all actions revolving around that lawsuit pending in the Circuit Court of Henry County, Alabama, styled *Frank Ladon Cook v. Bear Creek Sales, L.L.C., a corporation, et al.*, CV-06-42.

15. Please describe the investigation of the claim for benefits made by Colbert

        Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. regarding the lawsuit styled *Frank Ladon Cook v. Bear Creek Sales, L.L.C., a corporation, et al.*, CV-06-42 and that are the basis of Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C's claim for insurance benefits under the subject policy.  Included in this interrogatory should be the names of all persons contacted, what information was obtained from said person(s), the dates of such contact or interview, and all documents that were received or called for in the investigation of Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C's claim for benefits under the subject policy.

16. Please list each and every claim made by Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. under any contract(s) of insurance with this defendant and state whether each said claim was paid or not paid by this plaintiff.  Included in this interrogatory, please state the date(s) each said claim was made, the date(s) each said claim was paid by this plaintiff and/or not paid by this plaintiff, whether any said claim is/was payable and/or outstanding, and the reasons for this plaintiff's payment and/or denial or non-payment of each and every said claim.  Please produce Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C's claims history.

## REQUEST FOR PRODUCTION

1. Please produce all documents this defendant relied upon to record, document, and/or investigate the claim(s) by Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C's, including the claims file regarding that lawsuit styled *Frank Ladon Cook v. Bear Creek Sales, L.L.C., a corporation, et al.*, CV-06-42.

2. Please produce all documents that are/were called for, referred to and/or relied upon in responding to this set of interrogatories.

3. Please produce a copy of any and all statements that were obtained during the investigation of Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C's claims for benefits under the subject policy.

4. Please produce any and all policies, procedures, manuals, guidelines or protocols that are followed by this plaintiff or any agent or employee of this plaintiff in investigating and/or adjusting a claim of an insured, such as Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C's.

5. Please produce any and all books, manuals, pamphlets, journals, guidelines, notes, or any instructional material whatsoever regarding or related to any

        instruction, teaching or course offered or provided by this plaintiff or any agent or employee of this plaintiff for the investigation and/or payment of claims by customers or insureds, such as Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C's.

6. Please produce any and all books, manuals, pamphlets, journals, guidelines, notes, or any instructional material whatsoever regarding or related to any instruction, teaching or course offered or provided by this plaintiff or any agent or employee of this plaintiff for the investigation and/or payment of claims by customers or insureds, such as Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C.

7. Please produce this defendant's claims manual in effect at the time of the Colbert Brian McGriff d/b/a Bear Creek Movers' and/or Bear Creek Sales, L.L.C's claim that were made under their contract of insurance with this plaintiff.

8. Produce the entire claims file relating to all claims by Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. for benefits under the contract of insurance with this plaintiff.

9. Please produce all memos, papers, electronic notes, or any form of data whatsoever, of any kind and by whatever name or sort between all employees, agents or anyone acting on behalf of Colbert Brian McGriff d/b/a Bear Creek Movers and/or Bear Creek Sales, L.L.C. and all employees, agents or anyone acting on behalf of this plaintiff in reference to the claims involved in the action styled *Frank Ladon Cook v. Bear Creek Sales, L.L.C., a corporation, et al.*, CV-06-42.

10. Produce a certified copy of the insurance policy and all amendments thereto that was in force and effect at the time of the occurrence made the basis of the action styled *Frank Ladon Cook v. Bear Creek Sales, L.L.C., a corporation, et al.*, CV-06-42.

11. Produce each and every contract, policy, note, letter, document, or data by whatever name and in whatever form that is referred to in Plaintiff's complaint.

12. Please produce any and all documents, data, book, note, receipt, correspondence, journal, pamphlet and/or any document whatsoever and by whatever name referred to and/or relied upon in responding the defendant's interrogatories.

                                                                                             s/L. Andrew Hollis, Jr._____
                                                                                             L. Andrew Hollis, Jr. (HOL-043)

**OF COUNSEL:**
**HOLLIS & WRIGHT, P.C.**
1500 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a true and correct copy of the above and foregoing via the CM/ECF system, this the 13th day of July, 2007, which will provide notice to the following:

K. Donald Simms
David R. Wells
Miller, Hamilton, Snider & Odom, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203

Samuel L. Adams, Esq.
Merrill, Harrison & Adams, LLC
Post Office Box 1690
Dothan, Alabama 36302

Charles A. Stewart, III, Esq.
Bradley, Arant, Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

William L. Lee, IV, Esq.
Lee & McInish, P.C.
Post Office Box 1665
Dothan, Alabama 36302

Gregory S. Ritchey, Esq.
Ritchey & Ritchey, PA
Post Office Drawer 590069
Birmingham, Alabama 35259-0069

Rufus R. Smith, Esq.
Post Office Drawer 6629
Dothan, Alabama 36302-0000

                                                  s/L. Andrew Hollis, Jr.
                                                  OF COUNSEL