IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| FRANK LADON COOK; | * | 1:07-CV-410-MHT |
| COLBERT BRIAN MCGRIFF; | * | |
| LOWE'S HOME CENTERS, INC.; | * | |
| L.G. SOURCING, INC.; | * | |
| REDMAN HOMES, INC.; and | * | |
| BEAR CREEK SALES, L.L.C. | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF CANAL INSURANCE COMPANY'S MEMORANDUM OF LAW AND NARRATIVE STATEMENT OF UNDISPUTED FACTS FILED IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, Canal Insurance Company, by and through its undersigned counsel of record and files this Memorandum of Law and Narrative Statement of Undisputed Facts in support of its Motion for Summary Judgment.

## I.    STATEMENT OF THE CASE

This is a Declaratory Judgment action filed by Plaintiff Canal Insurance Company (hereinafter "Canal") seeking to have this Court determine whether it owes a duty to defend and indemnify its insured, Colbert Bryan McGriff dba Bear Creek

Movers (hereinafter "McGriff"), in the underlying State Court lawsuit filed on behalf of Frank Ladon Cook (hereinafter "Cook").

The underlying lawsuit alleges that on or about March 30, 2006, Frank LaDon Cook (hereinafter "Cook") was attempting to set a pier under a 16 x 80 Fleetwood Mobile Home at which time the Fleetwood Mobile Home fell, pinning Cook underneath and causing severe personal injuries (hereinafter "the accident"). Cook's original Complaint named as defendants, Bear Creek Sales, L.L.C., Snap-On, Incorporated, Lowe's Home Centers, Inc., L.G. Sourcing, Inc., L.F., L.L.C., Mills Timber Harvesting, Inc., and thirty-seven (37) fictitious party defendants. Subsequently, Cook filed a First Amendment to Complaint substituting defendant Redman Homes, Inc., for fictitious party defendant number two. Thereafter, Cook filed a Second Amendment to Complaint substituting Defendant  for fictitious defendant number two in the original Complaint.

The allegations in the underlying lawsuit allege causes of action for various theories pertaining to negligence and/or wantonness and for violation of the Alabama Extended Manufacturer's Liability Doctrine. The underlying lawsuit alleges each Defendant breached a duty owed to Cook and is therefore liable to Defendant Cook and that each Defendant's negligence, wantonness and/or violation of the Alabama Extended Manufacturer's Liability Doctrine proximately caused his injuries and

damages. The underlying lawsuit demands judgment against the Defendants in the underlying lawsuit for compensatory and punitive damages.

## II.    NARRATIVE STATEMENT OF UNDISPUTED FACTS

McGriff owns Bear Creek Movers which is in the business of transporting and setting up mobile homes. (Exhibit 1, Deposition of Colbert Brian McGriff, page 9, line 13 through page 12, line 21). As part of that business, McGriff owned a 1998 International (IH) Tractor which was used to transport the mobile homes. (Exhibit 1, pages 12, line 15 through page 14, line 9).

Sometime in 2005, McGriff applied for insurance coverage on the 1998 IH Tractor with Canal. (Exhibit 1, page 12, lines 10-19). That insurance went into effect on November 2, 2005. (Exhibit 1, page 12, lines 10-14). Between November 2, 2005 and March 30, 2006 (the date of the accident) the only vehicle McGriff insured with Canal was the 1998 IH Tractor. (Exhibit 1, pages 12, line 15 through page 13, line 5).

Canal issued a Basic Automobile Liability Policy to McGriff bearing Policy Number 47 04 33 (hereinafter "the Canal Policy") with effective dates of coverage from November 2, 2005 until cancelled. (Exhibit 2 is a true and correct copy of the Canal Policy which was issued to McGriff which was attached to his deposition as Exhibit 1). The Canal Policy contains the following terms and provisions:

### SECTION A – BASIC AUTOMOBILE LIABILITY INSURANCE

### I.    COVERAGE A – BODILY INJURY - - COVERAGE B – PROPERTY DAMAGE LIABILITY:

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

### Bodily injury or property damage

To which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute automobile**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### III.    PERSONS INSURED:  Each of the following is an **insured** under this insurance to the extent set forth below:

(a)    the **named insured;**

(c)    any other person while using an **owned automobile** or a **temporary substitute automobile** with the permission of the **named insured**, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to **bodily injury** or **property damage** arising out of the loading or unloading thereof, such other person shall be an **insured** on if he is:

(1)    a lessee or borrower of the **automobile**, or

(2)    an employee of the **named insured** or of such lessee or borrow:

**VI.    DEFINITIONS:** When used in this policy (including endorsements forming a part hereof):

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each **insured** against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

**"named insured"** means the person or organization named in Item 1 of the declarations of this policy;

**"occurrence"** means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**;

**VII. ADDITIONAL DEFINITIONS (Automobile Liability Insurance):** When used in reference to this insurance (including endorsements forming a part of the policy):

**"owned automobile"** means either

      (a)    An **automobile** which is owned by the **named insured** and described in the declarations; or

      An "owned automobile" includes a trailer not described in this policy, if designed for use with a four wheel **private passenger automobile** and if not being used for business purposes with another type **automobile**;

The Declarations Page of the Canal Policy identifies and defines the **"owned**

**automobiles"** covered by the Canal Policy as a 1988 IH TRACTOR and ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR. (Exhibit 2).

On March 30, 2006, the date of the accident, the 1998 IH Tractor was not attached to the mobile home that fell on Cook. (Exhibit 1, pages 14, lines 10-21, page 24, lines 3-12). In fact, at the time of the accident, the 1998 IH Tractor was being driven by Randy Lee Cook and was located somewhere on Interstate 65 or Highway 231 on its way back from Double Springs, Alabama. (Exhibit 1, pages 14, lines 10-21, page 24, lines 3-12). Therefore, on the date of the accident, the Redman mobile home that fell on Cook was not attached or connected to the 1998 IH Tractor owned by McGriff. (Exhibit 1, pages 14, lines 10-21, page 24, lines 3-12).

David Brasher was at the accident site with Cook at the time of the accident and confirms the mobile home was not attached to the 1998 IH Tractor. (Exhibit 3, deposition of David Brasher, page 35, line 22 through page 36, line 8). Brasher was present when the mobile home fell on Cook. (Exhibit 3, page 47, lines 5-22, page 117, lines 3-10).

## III.    ARGUMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56©).  A movant can meet his summary judgment burden by presenting evidence that shows that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

If the movant can show that there is no material issue of fact, the burden then shifts to the non-moving party to show, using evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  If the non-movant's response consist of nothing more than conclusory allegations, the court must enter summary judgment for the movant.  *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989) (internal citations omitted).

**A.    Plaintiff Canal Insurance Company is entitled to judgment as a matter of law on its Complaint and Amended Complaint for Declaratory Judgment because the undisputed evidence has established that no coverage exists based upon the facts of the underlying loss and the terms and provisions of the Canal Policy.**

Plaintiff Canal Insurance Company is entitled to judgment as a matter of law on its Complaint and Amended Complaint for Declaratory Judgment because the undisputed evidence has established that no coverage exists based upon the facts of the underlying loss and the terms and provisions of the Canal Policy. The undisputed evidence has established that when the mobile home fell on Cook, injuring him, the 1998 IH Tractor was not attached to the mobile home. (Exhibit 1, page 14, lines 10-21, page 24, lines 3-12; Exhibit 3, page 35, line 22 through page 36, line 8). In fact, at the time of the accident, the 1998 IH Tractor was being driven by Randy Lee Cook and was located somewhere on Interstate 65 or Highway 231 on its way back from Double Springs, Alabama. (Exhibit 1, pages 14, lines 10-21, page 24, lines 3-12). That fact is crucial in determining whether coverage exists under the Canal Policy.

The Canal Policy issued to McGriff states:

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

**Bodily injury or property damage**

To which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** . . .

The Canal Policy defines an "owned automobile" as a 1988 IH TRACTOR and ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED

-8-

TRACTOR. (Exhibit 2). Therefore, for the Canal Policy to provide coverage for a "bodily injury" or "property damage", the injury or damage must arise out of the "ownership, maintenance or use . . . of an owned automobile." (Exhibit 2)

At the time of the accident giving rise to Cook's claims, it is undisputed that the 1998 IH Tractor was not attached to the mobile home. (Exhibit 1, page 14, lines 10-21, page 24, lines 3-12; Exhibit 3, page 35, line 22 through page 36, line 8). Therefore, the mobile home would not qualify as an "owned automobile" as defined by the Canal Policy. For that reason, there would be no coverage for Cook's claims because his injuries did not arise out of out of the "ownership, maintenance or use . . . of an owned automobile.

In the *Canal Insurance Company v. Old Republic Insurance Company*, 718 So. 2d 8 (Ala. 1998) the Alabama Supreme Court analyzed the identical insuring policy language. In the *Old Republic* case, Canal Insurance Company issued two automobile insurance policies to Kenny Wilson. On the Declarations page, the Canal policies described the vehicles covered as a "1987 FREIGHTLINER TRACTOR and ANY TRAILER SINGULARLY ATTACHED TO THE ABOVE-DESCRIBED TRACTOR." On June 7, 1994, a logging truck owned by 7K Logging, Inc., and driven by a 7K employee, was towing a trailer owned by Wilson at which time a wheel came off the trailer and struck a vehicle, killing its driver, Wayman Williams.

Williams's widow subsequently filed a wrongful death action against 7K Logging, the 7K driver, Wilson and ALFA Mutual Insurance Company. Canal denied defense and indemnity to Wilson and Old Republic, which insured 7K Logging, Inc., defended Wilson and ultimately settled the claims.

After Canal denied defense and indemnity, Wilson filed a Declaratory Judgment action against both Canal and Old Republic, and Canal and Old Republic subsequently filed Motions for Summary Judgment. The trial court denied both Motions and Canal appealed. On appeal, the Alabama Supreme Court analyzed the insuring provision contained in the Canal policy issued to Wilson, which is identical to the insuring provision in the Canal Policy at issue in this case.

In analyzing the insuring provision, the Court examined the definition of an "**owned automobile**," specifically the fact that an "**owned automobile**" contains the phrase, "described in the Declarations." The Alabama Supreme Court held that because at the time of the loss the trailer owed by Wilson was not attached to the 1987 Freightliner, it did not fall within the definition of an "**owned automobile**" as defined by the Canal policy issued to Wilson. The Court further held the terms of the policy were unambiguous and that the Canal policy issued to Wilson did not provide coverage for the trailer involved in the collision that killed Wayman Williams. For that reason, the Alabama Supreme Court held that Canal owed no duty to defend or

indemnify Wilson with respect to the claims filed against him by Williams's estate.

An identical analysis would apply to the facts of this case. Specifically, when the mobile home fell on Cook, the 1988 IH Tractor was not attached. Therefore, pursuant to the insuring agreement in the Canal Policy and under the rationale of the Alabama Supreme Court in the *Old Republic* case, the mobile home would not meet the definition of an **owned automobile** and as such, the Canal Policy would provide no coverage for this loss.

For the foregoing reason, Plaintiff Canal Insurance Company is entitled to judgment as a matter of law on its Complaint and Amended Complaint for Declaratory Judgment because the undisputed evidence has established that no coverage exists under the terms and provisions of the Canal Policy for facts of the loss giving rise to Cook's claims.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Canal Insurance Company respectfully submits that it is entitled to judgment as a matter of law on its Complaint and Amended Complaint for Declaratory Judgment, and prays that this Court will enter an Order granting Summary Judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,


s/David R. Wells

K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company

OF COUNSEL:

MILLER, HAMILTON,
SNIDER & ODOM, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 226-5200
(205) 226-5226     fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have provided all parties to this action with a true and correct copy of the foregoing pleading, via the electronic CM/ECF system, on this, the 8[h] day of October, 2007.

L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL  35203

Samuel L. Adams
MERRILL, HARRISON & ADAMS, LLC
P.O. Box 1690
Dothan, AL  36302

<u>s/David R. Wells</u>
OF COUNSEL

# FREEDOM COURT REPORTING

Page 1

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE MIDDLE DISTRICT OF ALABAMA

3              SOUTHERN DIVISION

4

5    CIVIL ACTION NUMBER  1:07CV410-MHT

6  CANAL INSURANCE COMPANY,

7

8      Plaintiff(s),

9  v.

10  FRANK LONDON COOK; COLBERT

11  BRIAN McGRIFF; LOWE'S HOME

12  CENTERS, INC.; L.G. SOURCING,

13  INC.; and BEAR CREEK MOVERS,

14  LLC.,

15      Defendant(s).

16

17        DEPOSITION TESTIMONY OF:

18          COLBERT B. MCGRIFF

19

20  Commissioner:

21  Renny D. McNaughton

22  September 14, 2007

23  Dothan, Alabama

*ORIGINAL*

EXHIBIT
1

## FREEDOM COURT REPORTING

Page 9

1     Q    What do you do for the Board of

2  Education?

3     A    Transportation maintenance

4  supervisor.

5     Q    How long have you worked in that

6  position?

7     A    That position, about seven years.

8     Q    In addition to working for the

9  Houston County Board of Education, do you

10  have any businesses that you run or own?

11     A    Yes.

12     Q    How many?

13     A    Bear Creek Sales.  Bear Creek

14  Movers, or however it's listed here on this

15  policy here.  Do you want me to read it off

16  here so that we can be more specific.

17          (Whereupon, Defendant's

18          Exhibit Number 1 was marked and

19          attached to the deposition.)

20  BY MR. WELLS:

21     Q    I'm going to mark Defendant's

22  Exhibit 1.  And that's a copy of the policy

23  that was provided to me by Canal as the

## FREEDOM COURT REPORTING

Page 10

1  policy at issue here that was attached to

2  our declaratory judgment.

3         MR. ADAMS:  Off the record.

4           (Off the record.)

5  BY MR. WELLS:

6     Q    Mr. McGriff, you and your

7  attorney looked at what I marked as

8  Defendant's Exhibit 1, which I will

9  represent to you is a copy of the Canal

10 policy at issue in the declaratory judgment

11 action.  Have you seen that policy before?

12    A    Yes, sir.

13    Q    Okay.  And you were telling me

14 about the businesses that y'all own.  And

15 with respect to the Canal policy,

16 Defendant's Exhibit 1, the insured is

17 Colbert Brian McGriff, d/b/a, or doing

18 business as Bear Creek Movers?

19    A    Yes.

20    Q    And then you also mentioned you

21 own Bear Creek Sales?

22    A    That wouldn't be in conjunction

23 with this, would it?

## FREEDOM COURT REPORTING

Page 11

1        Q      I'm actually -- I'm just trying

2    to find out what other businesses you might

3    own besides working for the Houston County

4    Board of Education.

5        A      Okay.  Bear Creek Sales.

6        Q      What kind of business is Bear

7    Creek Sales?

8        A      Sells mobile home.

9        Q      And you own that along with your

10   wife?

11       A      I reckon you could say we do.

12   We're married, so yes.

13       Q      Okay.  Does she run that

14   business?

15       A      Yes.

16       Q      Bear Creek Movers, and that's

17   obviously a business you own?

18       A      Yes.

19       Q      And you do business as Bear Creek

20   Movers.  It's really Colbert Brian McGriff

21   doing business as Bear Creek Movers?

22       A      Yes, sir.

23       Q      And the Bear Creek Movers, what

## FREEDOM COURT REPORTING

Page 12

1  type of business is that?

2       A     Transport mobile homes, move,

3  setup.

4       Q     With respect to Bear Creek

5  Movers, you applied for insurance through

6  Canal with respect to a vehicle, I guess,

7  used in connection with that business;

8  correct?

9       A     Yes.

10      Q     And according to Defendant's

11  Exhibit 1, you took out the insurance and it

12  went into effect on November 2nd, 2005.

13  Does that sound about right?

14      A     That sounds about right.

15      Q     At the time you took out the

16  insurance with Canal, the vehicles listed

17  for which you applied for insurance was a

18  1998 IH tractor?

19      A     Yes, sir.

20      Q     Do you still own that vehicle?

21      A     Yes, sir.

22      Q     Between November 2nd, 2005, and

23  March 30th, the date of the incident giving

## FREEDOM COURT REPORTING

Page 13

1    rise to the underlying lawsuit, did you

2    insure any other vehicles with Canal?

3          A    Not that I know of.  I don't

4    recollect any other vehicles being insured

5    with Canal.

6          Q    The 1988 IH tractor, can you

7    describe that vehicle for me?

8          A    It's a International.  It's like

9    a cut down semi truck to transport mobile

10   homes.

11         Q    In some depositions I've read in

12   the underlying case there has been reference

13   to a tow truck.  Is that a separate vehicle

14   or is that the IH --

15         A    Tow truck or toter truck?

16         Q    Well, and that's one of the

17   reasons I'm deposing you.  I'm trying to

18   clear that up.  How it was written in the

19   transcript, they refer to it as a tow truck.

20   But that's what I'm trying to find out.  Did

21   you own a separate vehicle, a true tow truck

22   with Bear Creek Movers?

23         A    For the mobile home -- purpose of

## FREEDOM COURT REPORTING

Page 14

1  moving mobile homes, it was an

2  International, and they refer to it as a

3  toter truck.

4       Q    That's what I was going to ask

5  you.  The only vehicle that you own for Bear

6  Creek Movers that you used to move the

7  mobile homes from place to place was the

8  1998 IH tractor?

9       A    Yes.

10       Q    Okay.  On March 30th of 2006, the

11  date of this accident, is my understanding

12  correct that the 1998 IH tractor was

13  actually being driven by Lee Cook coming

14  back from Double Springs?

15       A    Yes, sir.

16       Q    The IH tractor was not present at

17  the site where this incident occurred?

18       A    No, sir.

19       Q    And it was not attached to the

20  mobile home that fell on Mr. Cook?

21       A    No, sir.

22       Q    And my understanding is that the

23  mobile home that's the basis of the

## FREEDOM COURT REPORTING

Page 15

1    underlying lawsuit had been moved out there

2    a few days earlier?

3         A    I don't remember what day.  It

4    might have been the day before, a couple

5    days, two days earlier.

6         Q    But as of March 30th of 2006, the

7    1988 IH tractor was no longer attached to

8    the mobile home?

9         A    No longer attached.

10        Q    And when I refer to the "mobile

11   home," that's the Redmond home that fell on

12   Mr. Cook giving rise to the underlying

13   lawsuit.

14        A    Yes.

15        Q    And, I guess, just to make sure

16   so I get this on the record, speaking with

17   your attorney, you have now -- there's been

18   another claim presented by the woman who

19   purchased the mobile home?

20        A    Yes, sir.

21        Q    And have you seen the lawsuits or

22   has a lawsuit been filed against you with

23   respect to the damage to the mobile home?

## FREEDOM COURT REPORTING

Page 24

1          FURTHER EXAMINATION

2   BY MR. WELLS:

3          Q     Just real quick.  On the date of

4   the accident giving rise to the underlying

5   lawsuit on March 3rd, 2006, the 1988 IH

6   tractor was no longer attached to the mobile

7   home; correct?

8          A     No, sir, it wasn't.

9          Q     And, in fact, it was, the best I

10  can tell, somewhere on either 65 or 231

11  headed south?

12         A     Yes, sir.

13         Q     Thank you.

14             (Off the record.)

15             EXAMINATION

16  BY MR. ADAMS:

17         Q     Just one thing.  What you took

18  out to that place in Henry County or what

19  was out there at that trailer at the -- I

20  mean at the place where the accident

21  occurred, what would you define that as?

22         A     A trailer.

23         Q     Okay.  That's all.

Copy of Image

Duplicate policy certified by:

_Chas C.P. Lenz_

Date: 7.13.07

Copy of Image

BASIC AUTOMOBILE LIABILITY     General Insurance Company     **470433**
BOX 7 - GREENVILLE, SOUTH CAROLINA 2500

Surcharge _____  Class _Mobile Home T/T_  Radius  _300_

Consecutive Year
**NEW**   ☒ SEE LIST FILING RECORD

Underwriter
STATE: 01
TERR.:

Insureds Phone: 3348862851
Insureds ID: 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

**ALPHA, PMT CARD, CHARGED**
**Nov 8, 2005  RDB**

**4**
**7**
**0**
**4**
**3**
**3**

Items
1. Named Insured and Address
   COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
   1565 CO. RD. 73
   SLOCOMB, AL 36375 [GENEVA county]

ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
PO BOX 321215
BIRMINGHAM, AL 35232  (205) 324-0406
Agent Code  01008    Comm.
Follow Up Record  Und Rept

2. Policy Period:
   From  11/2/2005 UNTIL CANCELLED
   12:01 A.M.,standard time at the address of the named insured as stated herein.

Business of the **named Insured** is:  **MOBILE HOME PULLERS - MOBILE HOMES**
Radius:  **within 300 miles of the garage location.**

3. Schedule as of Effective Date of this Insurance - As To:  (a) Owned Automobiles;
   Description:                                                   Purposes of Use (P&B=Pleasure and Business; O=Commercial)

| AUTO No. | Year of Model | Trade Name | Body Type and Model; Truck Size; Truck Load; Tank Gallonage Capacity; or Bus Seating Capacity | Identification (I) No.; Serial (S) No.; Motor (M) No. | Cylinders (No.) | Principally Garaged in (Town or City, State) | Purposes of Use | Classification |
|---|---|---|---|---|---|---|---|---|
| 1 | 1988 IH TRACTOR | | | 1HSZDGEN7JH571292 | | SLOCOMB, AL. | C | |
| 2 | ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | | | | | | | |

(b) Automobile Medical Payments Coverage:  Designated Person Insured

Designation of Automobiles - Division 1
AUTO No. _____

(c) Uninsured Motorists Coverage:  Designated Person Insured

Insured Highway Vehicles
AUTO No. _____

4. The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

| | PREMIUMS | | | | LIMIT OF LIABILITY | | COVERAGES | SECTION |
|---|---|---|---|---|---|---|---|---|
| Total | Auto No. 1 | Auto No. 2 | Auto No. 3 | Auto No. 4 | | | | |
| | | | | | | each occurrence $1,000,000 | Combined Single Limit | A |
| SEE E69L | | | | | each person | each occurrence | A. Bodily Injury Liability | A |
| | | | | | | | B. Property Damage Liability | |
| | | | | | | | Automobile Medical Payments | B |
| | | | | | each person $20,000 BI | each accident $40,000 BI | D. Uninsured Motorists | C |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | Premium for Endorsements: | | | |
| | | | | | TOTAL PREMIUM | $3,931.00 | | |

Form numbers of endorsements attached to policy at issue:
TRN-1 (11-02) E-1 (12-91) E-69L (12-91) E-96 (7-91) E-4 (12-91) E-5 (12-91) E-18 (1-94) E-45 (12-91) E-70 AL (4-03) E-102 (11-93) E-125 (4-99)
Form F (6-71) A101, Info Notice: D-101 CL (1-03) ID-1 (9-03)

5. Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the **named insured** is the sole owner of every vehicle described in Item 3 above, unless otherwise stated herein:

Countersigned ___  PO BOX 321215
                    BIRMINGHAM, AL 35232  11/7/2005

By _Estelle E. Smith_
                    Authorized Representative
**ALABAMA PUBLIC AUTO INS AGCY LIC#A043008**

**EXHIBIT**
**2**

Home Office Copy

Copy of Image

0100815114

# BASIC AUTOMOBILE LIABILITY POLICY

STOCK COMPANY



## Canal Insurance Company

*P.O. Box 7 - Greenville, South Carolina - 29602-0007*

**CANAL INSURANCE COMPANY**
GREENVILLE, SOUTH CAROLINA
(A stock insurance company, herein called the company)

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the **named insured** as follows:

## SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE

**I.   COVERAGE A - BODILY INJURY LIABILITY -- COVERAGE B - PROPERTY DAMAGE LIABILITY:**

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

**bodily injury or property damage**

to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute automobile**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions:**  This insurance does not apply:

(a) to liability assumed by the **insured** under any contract or agreement;

(b) to any obligation for which the **insured** or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(c) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** or to any obligation of the **insured** to indemnify another because of damages arising out of such injury; but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the **insured** unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(d) to **property damage** to
  (1) property owned or being transported by the **insured**, or
  (2) property rented to or in the care, custody or control of the **insured**, or as to which the **insured** is for any purpose exercising physical control, other than **property damage** to a residence or private garage by a **private passenger automobile** covered by this insurance;

(e) to **bodily injury** or **property damage** due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to expenses for first aid under the Supplementary Payments provision;

(f) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of any **owned automobile** or **temporary substitute automobile** while such **automobile** is being used as a public or livery conveyance, unless such use is specifically declared and described in the declarations;

(g) to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

**II.  SUPPLEMENTARY PAYMENTS:** The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the **insured** in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the **insured** because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or to furnish any such bonds;

(c) expenses incurred by the **insured** for first aid to others at the time of an accident, for **bodily injury** to which this policy applies;

(d) reasonable expenses incurred by the **insured** at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

**III. PERSONS INSURED:** Each of the following is an **insured** under this insurance to the extent set forth below:

(a) the **named insured**;

(b) any partner or executive officer thereof, but with respect to a **temporary substitute automobile** only while such **automobile** is being used in the business of the **named insured**;

(c) any other person while using an **owned automobile** or a **temporary substitute automobile** with the permission of the **named insured**, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to **bodily injury** or **property damage** arising out of the loading or unloading thereof, such other person shall be an **insured** only if he is:

  (1) a lessee or borrower of the **automobile**, or

  (2) an employee of the **named insured** or of such lessee or borrower;

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an **insured** under (a), (b) or (c) above.

None of the following is an **insured**:

(i) any person while engaged in the business of his employer with respect to **bodily injury** to any fellow employee of such person injured in the course of his employment;

(ii) except as stated under (b) above, the owner of a **temporary substitute automobile**, or any agent or employee of such owner;

(iii) any person or organization, other than the **named insured**, with respect to:

  (1) a motor vehicle while used with any **trailer** owned or hired by such person or organization and not covered by like insurance in the company (except a **trailer** designed for use with a four wheel **private passenger automobile** and not being used for business purposes with another type motor vehicle), or

  (2) a **trailer** while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company;

(iv) any person while employed in or otherwise engaged in duties in connection with an **automobile business**, other than an **automobile business** operated by the **named insured**.

**IV. LIMITS OF LIABILITY:**   Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, (3) claims made or suits brought on account of **bodily injury** or **property damage** or (4) **automobiles** to which this policy applies, the company's liability is limited as follows:

**Coverage A -** The limit of **bodily injury** liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of any one **occurrence**; but subject to the above provision respecting "each person", the total liability of the company for all damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one **occurrence** shall not exceed the limit of **bodily injury** liability stated in the declarations as applicable to "each **occurrence**".

**Coverage B -** The total liability of the company for all damages because of all **property damage** sustained by one or more persons or organizations as the result of any one **occurrence** shall not exceed the limit of **property damage** liability stated in the declarations as applicable to "each **occurrence**".

**Coverages A and B -** For the purpose of determining the limit of the company's liability, all **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **occurrence**.

**V. POLICY TERRITORY:** This insurance applies only to **bodily injury** or **property damage** which occurs within the **policy territory**.

**VI. DEFINITIONS:**   When used in this policy (including endorsements forming a part hereof):

**"automobile"** means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include **mobile equipment**;

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each **insured** against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

**"mobile equipment"** means a land vehicle (including any machinery or apparatus attached thereto,) whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the **named insured**, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

**"named insured"** means the person or organization named in Item 1 of the declarations of this policy;

**"occurrence"** means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**;

**"policy territory"** means:
(1) the United States of America, its territories or possessions, or Canada, or
(2) international waters or air space, provided the **bodily injury** or **property damage** does not occur in the course of travel or transportation to or from any other country, state or nation;

**"property damage"** means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an **occurrence** during the policy period.

**VII. ADDITIONAL DEFINITIONS (Automobile Liability Insurance):** When used in reference to this insurance (including endorsements forming a part of the policy):

**"automobile business"** means the business or occupation of selling, repairing, servicing, storing or parking **automobiles;**

**"owned automobile"** means either
(a) an **automobile** which is owned by the **named insured** and described in the declarations; or
(b) an **automobile** ownership of which is newly acquired by the **named insured** during the policy period, provided
  (i) it replaces an **owned automobile** as defined in (a) above, or
  (ii) the company insures all **automobiles** owned by the **named insured** on the date of such acquisition and the **named insured** notifies the company within 30 days thereafter of his election to make this and no other policy issued by the company applicable to such **automobile** and pays any additional premium required therefor;
and **"owned automobile"** includes a **trailer** not described in this policy, if designed for use with a four wheel **private passenger automobile** and if not being used for business purposes with another type **automobile;**

**"private passenger automobile"** means a private passenger or station wagon type **automobile** and any **automobile** the **purpose of use** of which is stated in the declarations as **pleasure and business;**

**"temporary substitute automobile"** means an **automobile** not owned by the **named insured** or any resident of the same household, while temporarily used with the permission of the owner as a substitute for an **owned automobile** when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction;

**"trailer"** includes semi-trailer but does not include **mobile equipment;**

and as to **"purpose(s) of use"**:

**"commercial"** means use principally in the business occupation of the **named insured** as stated in the declarations including occasional use for personal, pleasure, family and other business purposes;

**"pleasure and business"** means personal, pleasure, family and business use.

**VIII. ADDITIONAL CONDITIONS:**

**A. Other Insurance-Temporary Substitute and Newly Acquired Automobiles:** With respect to a **temporary substitute automobile**, this insurance shall be excess insurance over any other valid and collectible insurance available to the **insured**.
With respect to an **owned automobile** ownership of which is newly acquired by the **named insured** during the policy period and not described in the declarations, this insurance shall not apply if any other valid and collectible insurance is available to the **named insured**.

**B. Out of State Insurance:** If, under the provisions of the motor vehicle financial responsibility law or the motor vehicle compulsory insurance law or any similar law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province; provided that the insurance under this provision shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss.

## SECTION B - AUTOMOBILE MEDICAL PAYMENT INSURANCE

**I.  COVERAGE C - AUTOMOBILE MEDICAL PAY-MENTS:** The company will pay all reasonable **medical expense** incurred within one year from the date of the accident:

**Division 1.** to or for each person who sustains **bodily injury**, caused by accident, while **occupying** a **designated automobile** which is being used by a person for whom **bodily injury** liability insurance is afforded under this policy with respect to such use;

**Division 2.** to or for each **insured** who sustains **bodily injury**, caused by accident, while **occupying** or, while a pedestrian, through being struck by a **highway vehicle**.

**Exclusions:** This insurance does not apply:

(a) to **bodily injury** to any person or **insured** while employed or otherwise engaged in duties in connection with an **automobile business**, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(b) to **bodily injury** due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(c) under Division 1, to **bodily injury** to any employee of the **named insured** arising out of and in the course of employment by the **named insured**, but this exclusion does not apply to any such **bodily injury** arising out of and in the course of domestic employment by the **named insured** unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(d) under Division 2, to **bodily injury** sustained while **occupying** a **highway vehicle** owned by any **insured**, or furnished for the regular use of any **insured** by any person or organization other than the **named insured**.

**II.  PERSONS INSURED - DIVISION 2:** Each of the following is an **insured** under this insurance to the extent set forth below:

(a) any person designated as **insured** in the schedule;

(b) while residents of the same household as such designated person, his spouse and the relatives of either;

and if such designated person shall die, any person who was an **insured** at the time of such death shall continue to be an **insured**.

**III.  LIMIT OF LIABILITY:** Regardless of the number of (1) persons or organizations who are **insureds** under this policy, (2) persons who sustain **bodily injury**, (3) claims made or suits brought on account of **bodily injury**, or (4) **designated automobiles** to which this policy applies, the limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains **bodily injury** as the result of any one accident.

When more than one medical payments coverage afforded by this policy applies to the loss, the company shall not be liable for more than the amount of the highest applicable limit of liability.

**IV.  ADDITIONAL DEFINITIONS:** The additional definitions applicable to **automobile bodily injury** liability insurance also apply to this insurance; and when used in reference to this insurance (including endorsements forming a part of the policy):

"**designated automobile**" means an **automobile** designated in the schedule and includes:

(a) an **automobile** not owned by the **named insured** while temporarily used as a substitute for an **owned automobile** designated in the schedule when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction; and

(b) a trailer designed for use with a **private passenger automobile**, if not being used for business purposes with another type **automobile** and if not a home, office, store, display or passenger trailer;

"**highway vehicle**" means a land motor vehicle or trailer other than

(a) a farm type tractor or other equipment designated for use principally off public roads, while not upon public roads;

(b) a vehicle operated on rails or crawler-treads, or

(c) a vehicle while located for use as a residence or premises;

"**medical expense**" means expenses for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services;

"**occupying**" means in or upon or entering into or alighting from.

**V.  POLICY PERIOD; TERRITORY:** This insurance applies only to accidents which occur during the policy period within the policy territory.

**VI.  ADDITIONAL CONDITIONS:**

**A.  Medical Reports; Proof and Payment of Claim:** As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require. The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder

shall not constitute an admission of liability of any person or, except hereunder, of the company.

**B. Excess Insurance:** Except with respect to an **owned automobile**, the insurance under Division 1 shall be excess insurance over any other valid and collectible automobile medical payments or automobile **medical expense** insurance.

The insurance under Division 2 shall be excess insurance over any other valid and collectible automobile medical payments or automobile **medical expense** insurance available to the **insured** under any other policy.

**C. Non-Applicability of Subrogation Condition:** The Subrogation Condition does not apply to the Automobile Medical Payments Coverage.

## SECTION C - UNINSURED MOTORISTS INSURANCE

**I.  COVERAGE D - UNINSURED MOTORIST (Damages for Bodily Injury):** The company will pay all sums which the **insured** or his legal representative shall be legally entitled to recover as damages from the owner or operator of an **uninsured highway vehicle** because of **bodily injury** sustained by the **insured**, caused by accident and arising out of the ownership, maintenance or use of such **uninsured highway vehicle**; provided, for the purposes of this coverage, determination as to whether the **insured** or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the **insured** or such representative and the company or, if they fail to agree, by arbitration.

No judgment against any person or organization alleged to be legally responsible for the **bodily injury** shall be conclusive, as between the **insured** and the company, of the issues of liability of such person or organization or of the amount of damages to which the **insured** is legally entitled unless such judgment is entered pursuant to an action prosecuted by the **insured** with the written consent of the company.

**Exclusions:**  This insurance does not apply:

(a) to **bodily injury** to an **insured** with respect to which such **insured**, his legal representative or any person entitled to payment under this insurance shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;

(b) to **bodily injury** to an **insured** while **occupying** a **highway vehicle** (other than an **insured highway vehicle**) owned by the **named insured**, any **designated insured** or any relative resident in the same household as the **named** or **designated insured**, or through being struck by such a vehicle, but this exclusion does not apply to the **named insured** or his relatives while **occupying** or if struck by a **highway vehicle** owned by a **designated insured** or his relatives;

(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law.

**II.  PERSONS INSURED:** Each of the following is an **insured** under this insurance to the extent set forth below:

(a) the **named insured** and any **designated insured** and, while residents of the same household, the spouse and relatives of either;

(b) any other person while **occupying** an **insured highway vehicle**; and

(c) any person, with respect to damages he is entitled to recover because of **bodily injury** to which this insurance applies sustained by an **insured** under (a) or (b) above.

The insurance applies separately with respect to each **insured**, except with respect to the limits of the company's liability.

**III.  LIMITS OF LIABILITY :** Regardless of the number of (1) persons  or organizations who are **insureds** under this policy, (2) persons who sustain **bodily injury**, (3) claims made or suits brought on account of **bodily injury**, or (4) **highway vehicles** to which this policy applies,

(a) The limit of liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of **bodily injury** sustained by one person as the result of any one accident and, subject to the above provision respecting "each person" the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages because of **bodily injury** sustained by two or more persons as the result of any one accident.

(b) Any amount payable under the terms of this insurance because of **bodily injury** sustained in an accident by a person who is an **insured** under this coverage shall be reduced by

  (1) all sums paid on account of such **bodily injury** by or on behalf of

    (i)  the owner or operator of the **uninsured highway vehicle** and

    (ii)  any other person or organization jointly or severally liable together with such owner or operator for such **bodily injury**,

  including all sums paid under the **bodily injury** liability coverage of the policy, and

  (2) the amount paid and the present value of all amounts payable on account of such **bodily**

**injury** under any workmen's compensation law, disability benefits law or any similar law.

(c) Any payment made under this insurance to or for any **insured** shall be applied in reduction of the amount of damages which he may be entitled to recover from any person or organization who is an **insured** under the **bodily injury** liability coverage of the policy.

(d) The company shall not be obligated to pay under this insurance that part of the damages which the **insured** may be entitled to recover from the owner or operator of an **uninsured highway vehicle** which represents expenses for medical services paid or payable under the medical payments coverage of the policy.

**IV. POLICY PERIOD; TERRITORY**: This insurance applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.

**V. ADDITIONAL DEFINITIONS**: When used in reference to this insurance (including endorsements forming a part of the policy):

"**designated insured**" means an individual named in the schedule under **Designated Insured**;

"**highway vehicle**" means a land motor vehicle or trailer other than

(a) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads,

(b) a vehicle operated on rails or crawler-treads, or

(c) a vehicle while located for use as a residence or premises;

"**hit-and-run vehicle**" means a **highway vehicle** which causes **bodily injury** to an **insured** arising out of physical contact of such vehicle with the **insured** or with a vehicle which the **insured** is **occupying** at the time of the accident, provided:

(a) there cannot be ascertained the identity of either the operator or owner of such **highway vehicle**;

(b) the **insured** or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the **insured** or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

(c) at the company's request, the **insured** or his legal representative makes available for inspection the vehicle which the **insured** was **occupying** at the time of the accident;

"**insured highway vehicle**" means a **highway vehicle**:

(a) described in the schedule as an **insured highway vehicle** to which the **bodily injury** liability coverage of the policy applies;

(b) while temporarily used as a substitute for an **insured highway vehicle** as described in subparagraph (a) above, when withdrawn from

normal use because of its breakdown, repair, servicing, loss or destruction;

(c) while being operated by the **named** or **designated insured** or by the spouse of either if a resident of the same household;

but the term "**insured highway vehicle**" shall not include:

(i) a vehicle while used as a public or livery conveyance, unless such use is specifically declared and described in this policy;

(ii) a vehicle while being used without the permission of the owner;

(iii) under subparagraphs (b) and (c) above, a vehicle owned by the **named insured**, any **designated insured** or any resident of the same household as the **named** or **designated insured**; or

(iv) under subparagraphs (b) and (c) above, a vehicle furnished for the regular use of the **named insured** or any resident of the same household;

"**occupying**" means in or upon or entering into or alighting from;

"**state**" includes the District of Columbia, a territory or possession of the United States, and a province of Canada;

"**uninsured highway vehicle**" means:

(a) a **highway vehicle** with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the **state** in which the **insured highway vehicle** is principally garaged, no **bodily injury** liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a **bodily injury** liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or

(b) a **hit-and-run vehicle;**

but the term "**uninsured highway vehicle**" shall not include:

(i) an **insured highway vehicle**,

(ii) a **highway vehicle** which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,

(iii) a **highway vehicle** which is owned by the United States of America, Canada, a **state**, a political subdivision of any such government or an agency of any of the foregoing.

**VI. ADDITIONAL CONDITIONS:**

**A. Premium**: If during the policy period the number of **insured highway vehicles** owned by the **named insured** or spouse or the number of dealer's license plates issued to the **named insured** changes, the **named insured** shall notify the company during the policy period of any change and the premium shall be adjusted in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the advance premium paid, the **named insured** shall pay the excess to the company; if less, the company shall return to the **named insured** the unearned portion paid by such **insured**.

**B. Proof of Claim; Medical Reports:** As soon as practicable, the **insured** or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The **insured** and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

**C. Assistance and Cooperation of the insured:** After notice of claim under this insurance, the company may require the **insured** to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the **bodily injury**; and in any action against the company, the company may require the **insured** to join such person or organization as a party defendant.

**D. Notice of Legal Action:** If, before the company makes payment of loss hereunder, the **insured** or his legal representative shall institute any legal action for **bodily injury** against any person or organization legally responsible for the use of a **highway vehicle** involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the **insured** or his legal representative.

**E. Other Insurance:** With respect to **bodily injury** to an **insured** while **occupying** a **highway vehicle** not owned by the **named insured**, this insurance shall apply only as excess insurance over any other similar insurance available to such **insured** and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability of this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the **insured** has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

**F. Arbitration:** If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an **uninsured highway vehicle** because of **bodily injury** to the **insured**, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the **insured** and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

**G. Trust Agreement:** In the event of payment to any person under this insurance:

(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the **bodily injury** because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this insurance;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

**H. Payment of Loss by the Company:** Any amount due hereunder is payable:

(a) to the **insured**, or

(b) if the **insured** be a minor to his parent or guardian, or

(c) if the **insured** be deceased to his surviving spouse, otherwise

(d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents;

provided, the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

## CONDITIONS

**1. Premium:** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the **named insured**, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the **named insured** the unearned portion paid by the **named insured**.

The **named insured** shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit:** The company shall be permitted but not obligated to inspect the **named insured's** property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the **named insured** or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the **named insured's** books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws:** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for **bodily injury** liability or for **property damage** liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The **insured** agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit:**

(a) In the event of an **occurrence**, written notice containing particulars sufficient to identify the **insured** and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the **insured** to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the **insured**, the **insured** shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The **insured** shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the **insured** because of injury or damage with respect to which insurance is afforded under this policy; and the **insured** shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The **insured** shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company:** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the **insured's** obligation to pay shall have been finally determined either by judgment against the **insured** after actual trial or by written agreement of the **insured**, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the **insured** or determine the **insured's** liability, nor shall the company be impleaded by the **insured** or his legal representative. Bankruptcy or insolvency of the **insured** or of the **insured's** estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance:** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the **insured** has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable

under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits**. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation:** In the event of any payment under this policy, the company shall be subrogated to all the **insured's** rights of recovery therefor against any person or organization and the **insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The **insured** shall do nothing after loss to prejudice such rights.

**8. Changes:** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**9. Assignment:** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the **named insured** shall die, such insurance as is afforded by this policy shall apply (1) to the **named insured's** legal representative, as the **named insured**, but only while acting within the scope of his duties as such, and (2) with respect to the property of the **named insured**, to the person having proper temporary custody thereof, as **insured**, but only until the appointment and qualification of the legal representative.

**10. Cancellation:** This policy may be cancelled by the **named insured** by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the **named insured** at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the **named insured** or by the company shall be equivalent to mailing.

If the **named insured** cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**11. Declarations:** By acceptance of this policy, the **named insured** agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**In Witness Whereof,** the company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the company.

_Secretary_                                    _President_

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT (BROAD FORM)

This endorsement modifies the provisions of this policy relating to **ALL AUTOMOBILE LIABILITY AND MEDICAL PAYMENTS INSURANCE.**

It is agreed that:

I.   This policy does not apply:

A.   Under any Liability Coverage, to **bodily injury** or **property damage**

(1) with respect to which an **insured** under this policy is also an **insured** under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an **insured** under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the **hazardous properties** of **nuclear material** and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the **insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B.   Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to **bodily injury** resulting from the **hazardous properties** of **nuclear material** and arising out of the operation of a **nuclear facility** by any person or organization.

C.   Under any Liability Coverage, to **bodily injury** or **property damage** resulting from the **hazardous properties** of **nuclear material,** if

(1) the **nuclear material** (a) is at any **nuclear facility** owned by, or operated by or on behalf of, an **insured** or (b) has been discharged or dispersed therefrom;

(2) the **nuclear material** is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an **insured;** or

(3) the **bodily injury** or **property damage** arises out of the furnishing by an **insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility,** but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to **property damage** to such **nuclear facility** and any property thereat.

II.  As used in this endorsement:

**"hazardous properties"** include radioactive, toxic or explosive properties;

**"nuclear material"** means **source material, special nuclear material** or **byproduct material;**

**"source material," "special nuclear material",** and **"byproduct material"** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

**"spent fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor;**

**"waste"** means any waste material (1) containing **byproduct material** and (2) resulting from the operation by any person or organization of any **nuclear facility** included within the definition of **nuclear facility** under paragraph (a) or (b) thereof;

**"nuclear facility"** means

(a) any **nuclear reactor,**

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing **spent fuel,** or (3) handling, processing or packaging **waste,**

(c) any equipment or device used for the processing, fabricating or alloying of **special nuclear material** if at any time the total amount of such material in the custody of the **insured** at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **waste,**

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

**"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

**"property damage"** includes all forms of radioactive contamination of property.

**NEW YORK EXCEPTION:** The "Nuclear Energy Liability Exclusion Endorsement (Broad Form)" does not apply to Automobile Liability Insurance in New York.

## BASIC AUTOMOBILE LIABILITY POLICY

STOCK COMPANY



*Canal Insurance Company*

P.O. Box 7 - Greenville, South Carolina - 29602-0007

## SHORT RATE CANCELLATION TABLE FOR ONE YEAR POLICIES

| Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 5 | 37-40 | 21 | 95-98 | 37 | 154-156 | 53 | 219-223 | 69 | 292-296 | 85 |
| 2 | 6 | 41-43 | 22 | 99-102 | 38 | 157-160 | 54 | 224-228 | 70 | 297-301 | 86 |
| 3-4 | 7 | 44-47 | 23 | 103-105 | 39 | 161-164 | 55 | 229-232 | 71 | 302-305 (10 mos.) | 87 |
| 5-6 | 8 | 48-51 | 24 | 106-109 | 40 | 165-167 | 56 | 233-237 | 72 | 306-310 | 88 |
| 7-8 | 9 | 52-54 | 25 | 110-113 | 41 | 168-171 | 57 | 238-241 | 73 | 311-314 | 89 |
| 9-10 | 10 | 55-58 | 26 | 114-116 | 42 | 172-175 | 58 | 242-246 (8 mos.) | 74 | 315-319 | 90 |
| 11-12 | 11 | 59-62 (2 mos.) | 27 | 117-120 | 43 | 176-178 | 59 | 247-250 | 75 | 320-323 | 91 |
| 13-14 | 12 | 63-65 | 28 | 121-124 (4 mos.) | 44 | 179-182 (6 mos.) | 60 | 251-255 | 76 | 324-328 | 92 |
| 15-16 | 13 | 66-69 | 29 | 125-127 | 45 | 183-187 | 61 | 256-260 | 77 | 329-332 | 93 |
| 17-18 | 14 | 70-73 | 30 | 128-131 | 46 | 188-191 | 62 | 261-264 | 78 | 333-337 (11 mos.) | 94 |
| 19-20 | 15 | 74-76 | 31 | 132-135 | 47 | 192-196 | 63 | 265-269 | 79 | 338-342 | 95 |
| 21-22 | 16 | 77-80 | 32 | 136-138 | 48 | 197-200 | 64 | 270-273 (9 mos.) | 80 | 343-346 | 96 |
| 23-25 | 17 | 81-83 | 33 | 139-142 | 49 | 201-205 | 65 | 274-278 | 81 | 347-351 | 97 |
| 26-29 | 18 | 84-87 | 34 | 143-146 | 50 | 206-209 | 66 | 279-282 | 82 | 352-355 | 98 |
| 30-32 (1 mo.) | 19 | 88-91 (3 mos.) | 35 | 147-149 | 51 | 210-214 (7 mos.) | 67 | 283-287 | 83 | 356-360 | 99 |
| 33-36 | 20 | 92-94 | 36 | 150-153 (5 mos.) | 52 | 215-218 | 68 | 288-291 | 84 | 361-365 (12 mos.) | 100 |

Copy of Image

**CANAL**
GROUP

## POLICYHOLDER DISCLOSURE
## NOTICE OF TERRORISM
## INSURANCE COVERAGE

Coverage for acts of terrorism is included in your policy. Effective November 26, 2002, any losses caused by certified acts of terrorism would be partially reimbursed by the United States under a formula established by federal law. The term "act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States--to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion. Under this formula, the United States pays 90% of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. The portion of your annual premium that is attributable to coverage for acts of terrorism is: **$ waived** .

Form TRN-1

Copy of Image

(Rev. 11-2002)

0100815114

Copy of Image
## ENDORSEMENT

# GENERAL CHANGE

IT IS UNDERSTOOD AND AGREED THAT THE FORM UM-101 AL REV. 10-2004 IS ADDED AS PART OF THIS POLICY.

Policy Number __470433__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __11/02/2005__

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS__ Expiration Date __Until Cancelled__

Issue Date __11/07/2005__ Authorized Signature _____ALABAMA PUBLIC AUTO INS AGCY LIC#A043008_____

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
# Canal Insurance Company
Greenville, South Carolina

Form E-1                                                                 (Rev. 12-1991)

Copy of Image

0100615114

# Schedule of Equipment                                      Liability

| Vehicle # | Year/Trade Name/Model/Body Type | Radius (miles) | Garage Location | Premium |
|---|---|---|---|---|
| | Motor Vehicle Identification #(VIN) | | | Monthly Prem. |
| 1 | 1988 IH TRACTOR<br>1HSZDGEN7JH571292 | 300 | SLOCOMB, AL | $3,931.00<br>$328.00 |
| 2 | ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | | | INCLUDED |

Policy Number ___470433_____ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __11/02/2005_

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS_____ Expiration Date _Until Cancelled_

Issue Date ___11/07/2005_ Authorized Signature _____ALABAMA PUBLIC AUTO INS AGCY LIC#A043008_____

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
## Canal Insurance Company
Greenville, South Carolina

Form E-69L                                                          (Rev. 12-1991)

0100815114

Copy of Image

# ENDORSEMENT

## GENERAL CHANGE

IT IS UNDERSTOOD AND AGREED THAT, FOR THE VEHICLE SHOWN ON THE ATTACHED E-69 SCHEDULE OF EQUIPMENT:

*THE VIN IS AMENDED FOR VEHICLE 1, AS PER E-69L, COPY ATTACHED.

Policy Number __470433__    Endorsement Effective Time 12:01 AM _____    Endorsement Effective Date __11/14/2005__

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS__    Expiration Date __Until Cancelled__

Issue Date __11/16/2005__ Authorized Signature _____
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

# Canal Insurance Company

Greenville, South Carolina

Form E-1    (Rev. 12-1991)

Copy of Image

0100815207

# Schedule of Equipment

Copy of Image

# Liability

| Vehicle # | Year/Trade Name/Model/Body Type | Radius (miles) | Garage Location | Premium |
|---|---|---|---|---|
| | Motor Vehicle Identification #(VIN) | | | Monthly Prem. |
| 1 | 1988 IH TRACTOR<br>1HSZDGFN7JH571292 | 300 | SLOCOMB, AL | $3,931.00<br>$328.00 |

Policy Number __470433__   Endorsement Effective Time 12:01 AM _____   Endorsement Effective Date __11/14/2005__

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS_____   Expiration Date __Until Cancelled__

Issue Date __11/16/2005__ Authorized Signature _____
                          ALABAMA PUBLIC AUTO INS AGCY LIC#A043008

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

# Canal Insurance Company

Form E-69L                        Greenville, South Carolina                (Rev. 12-1991)

Copy of Image

0100815207

Copy of Image
## ENDORSEMENT

## MONTHLY PREMIUM ENDORSEMENT

It is agreed that this insurance shall take effect as of the date and time shown in Item 2 of the Declarations and continue in full force and effect as long as the monthly premium shown below is paid on or before each monthly due date.

$ __3,931.00__ - Annual Premium Rate

$ __328.00__ - Monthly Premium

__12/1/2005__ - Due date of first monthly premium; subsequent payments due on the

__1st__ of each month.

$ __656.00__ - Deposit

$ __317.00__ - Partial Month Premium from inception to first installment

To guarantee the payment of earned premium under this policy, the named Insured hereby agrees to deposit with the Company the above deposit amount, which the Company agrees to hold in a special escrow account until this policy is terminated as provided herein or in the policy conditions. Upon termination of this policy, the Company will refund to the named Insured the entire amount of such escrow deposit, less only such part thereof as may be necessary to complete the payment of any previously unpaid earned premium under the policy. No part of this escrow deposit shall be considered as policy premium except such part as may actually be applied by the Company to the payment of earned premium as herein before specified and provided.

In event this policy is cancelled short rate as provided in the Cancellation condition of the policy, the basis used for the calculation of the short rate earned premium shall be the full annual premium from which the monthly premium for this policy has been determined.

And it is further agreed that the conditions of this policy are hereby amended to provide that failure on the part of the assured to make any monthly payment on or before due dates above set forth will constitute request on his part for cancellation and cancellation will be effected on the customary short rate basis by the mailing of cancellation notice. In the event cancellation notice is mailed for non-payment of premium, such notice, at the option of the Company, may be rescinded if past due premium plus $3.00 rescinder fee is received at Home Office of Company on or before effective date of cancellation.

Policy Number __470433__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __11/02/2005__

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS__ Expiration Date __Until Cancelled__

Issue Date __11/07/2005__ Authorized Signature __ALABAMA PUBLIC AUTO INS AGCY LIC#A043008__

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

# Canal Insurance Company

Greenville, South Carolina

Copy of Image

Form E-96

(Rev. 7-1991)

0100815114

Copy of Image

## ENDORSEMENT

## OCCUPANT HAZARD EXCLUDED

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.

It is further agreed that, in the event the company shall, because of provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the company for any and all loss, costs and expenses paid or incurred by the company.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Insurance Company

Greenville, South Carolina

Form E-4

Copy of Image

(Rev. 12-1991)

0100815114

Copy of Image

# ENDORSEMENT

## LIMITATION OF USE

In consideration of the premium charged for policy to which this endorsement is attached, it is understood and agreed that insurance applies only while the respective vehicles are operated within the radius indicated for each vehicle.

| Vehicle Number | Garage Location | Radius in Miles |
|---|---|---|
| 1 - IH TRACTOR | SLOCOMB, AL | 300 |
| 2 - ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | | |

It is further agreed that the radius is measured from the garage location indicated on this endorsement for each vehicle and that no vehicle is covered if operated beyond its radius, whether as a substitute vehicle for another vehicle described in this policy or otherwise. It is expressly understood and agreed that occasional trips beyond the radius specified are not permitted.

Policy Number __470433__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __11/02/2005__

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS__ Expiration Date __Until Cancelled__

Issue Date __11/07/2005__ Authorized Signature _____ __ALABAMA PUBLIC AUTO INS AGCY LIC#A043008__ _____

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

## Canal Insurance Company

Greenville, South Carolina

Copy of Image

Form E-5                                                                 (Rev. 12-1991)

010081511

**ENDORSEMENT**

---

## ERRONEOUS DELIVERY OF LIQUID PRODUCTS

It is agreed that the insurance with respect to any **automobile** does not apply to **bodily injury** or **property damage** arising out of the delivery of any liquid product into a wrong receptacle or to a wrong address or the erroneous delivery of one liquid product for another, if the **bodily injury** or **property damage** occurs after such operations have been completed or abandoned at the site of such delivery. Operations which may require further service or maintenance work, or correction, repair or replacement because of performance at the wrong address or because of any error, defect or deficiency, but which are otherwise complete, shall be deemed completed.

---

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

# Canal Insurance Company

Greenville, South Carolina

(Rev. 1-1994)

0100815114

Copy of Image

# ENDORSEMENT

## TRUCKMAN'S ENDORSEMENT

In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that no coverage is extended to any person, firm or organization using the described automobile pursuant to any lease, contract of hire, bailment, rental agreement, or any similar contract or agreement either written or oral, expressed or implied, the terms and provisions of the Insuring Agreement III of Section A, entitled "Persons Insured" notwithstanding.

In the event the automobile described in this policy is being used or maintained pursuant to any lease, contract of hire, bailment, rental agreement or any similar contract or agreement, either written or oral, expressed or implied, the insurance afforded the named insured shall be excess insurance over any other insurance.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Insurance Company

Greenville, South Carolina

Form E-45

Copy of Image

(Rev. 12-1991)

0100815114

Copy of Image

# CANAL
INSURANCE COMPANY

## AMENDATORY ENDORSEMENT – ALABAMA

SECTION C - UNINSURED MOTORISTS INSURANCE in the Basic Automobile Liability Policy is replaced with the following:

### SECTION C - UNINSURED MOTORISTS INSURANCE

I. **COVERAGE D - UNINSURED MOTORISTS (Damages for Bodily Injury):** The company will pay all sums which the insured or the insured's legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident arising out of the ownership, maintenance, or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration if mutually agreed upon by both parties.

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgement is entered pursuant to an action prosecuted by the insured with the written consent of the company and the company has:

(a) Received reasonable notice of the pendency of the suit resulting in the judgment; and

(b) Had a reasonable opportunity to protect our interest in the suit.

However, if reasonable notice has not been given to the company, the company has the option to accept the judgment in the suit as binding on the company.

**Exclusions:** This insurance does not apply:

(a) To bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this insurance shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor; however, this Exclusion does not apply to an underinsured highway vehicle;

(b) So as to inure directly or indirectly to the benefit of any workers' compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workers' compensation or disability benefits law or any similar law.

(c) To any insured using a vehicle without a reasonable belief that person is entitled to do so.

II. **PERSONS INSURED:** If the named insured is designated in the Declarations as:

(a) An individual, then the following are insureds:

   (i) The named insured and any family members.

   (ii) Anyone else occupying an insured highway vehicle or a temporary substitute for an insured highway vehicle. The insured highway vehicle must be out of service because of its breakdown, repair, servicing, loss or destruction.

   (iii) Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured.

(b) A partnership, limited liability company, corporation, an insured doing business as a commercial enterprise, or any other form of organization, then the following are insureds:

   (i) Anyone occupying an insured highway vehicle or temporary substitute for an insured highway vehicle. The insured highway vehicle must be out of service because of its breakdown, repair, servicing, loss or destruction.

   (ii) Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured.

The insurance applies separately with respect to each insured, except with respect to the limits of the company's liability.

III. **LIMITS OF LIABILITY:** Regardless of the number of insured highway vehicles, insureds, premiums paid, claims made or vehicles involved in the accident, the limit of insurance is as follows:

(a) The most the company will pay for all damages resulting from bodily injury to any one person caused by any one accident, including all damages claimed by any person or organization for care, loss of services or death resulting from the bodily injury, is the limit of uninsured motorists (BI) shown in the Declarations for each person. If there is more than one insured highway vehicle, the Company's limit of insurance for any one accident is the sum of the limits applicable to each insured highway vehicle, subject to a maximum of three insured highway vehicles.

(b) Subject to the limit for each person, the most the company will pay for all damages resulting from bodily injury caused by any one accident, is the limit of uninsured motorists (BI) shown in the Declarations for each accident.

(c) If coverage for bodily injury is provided on a combined single limit basis, the most the company will pay for all damages resulting from any one accident is the uninsured motorists (CSL) shown on the Declarations subject to affording split limits as required by law.

(d) No one will be entitled to receive duplicate payments for the same elements of loss under this endorsement, any Liability Coverage policy, or any Medical Payments Coverage endorsement.

(e) The company will not make a duplicate payment for any element of loss for which payment has been made by or for anyone who is legally responsible.

(f) The company will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any workers' compensation law, disability benefits, or similar law.

(g) We will reduce the insured's total damages by any amount available to that insured, under any bodily injury liability bonds or policies applicable to an underinsured motor vehicle, that such insured did not recover as a result of a settlement between that insured and the insurer of such vehicle. However, any reduction of the insured's total damages will not reduce the limit of liability for this coverage. This paragraph shall not apply if the company advances payment to the insured in an amount equal to the tentative settlement with the insurer of the underinsured vehicle.

Form E-70 AL

Page 1 of 4

(Rev. 4-2003)

Copy of Image

0100815114

IV. POLICY PERIOD; TERRITORY: This insurance applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.

V. ADDITIONAL DEFINITIONS: When used in reference to this insurance (including endorsements forming a part of the policy):

"designated insured" means an individual named in the Schedule under Designated Person Insured.

"family member" means a person related to an individual named insured by blood, marriage or adoption who is a resident of such named insured's household, including a ward or foster child.

"highway vehicle" means a land motor vehicle or trailer other than a:
(a) Farm type tractor or other equipment designed for use principally off public roads, while not upon public roads,
(b) Vehicle operated on rails or crawler-treads, or
(c) Vehicle while located for use as a residence or premises.

"hit-and-run vehicle" means a highway vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident, provided:
(a) There cannot be ascertained the identity of either the operator or owner of such highway vehicle;
(b) The insured or someone on the insured's behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles and shall have filed with the company within 30 days thereafter a statement under oath that the insured or the insured's legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof;
(c) At the company's request, the insured or the insured's legal representative makes available for inspection the vehicle which the insured was occupying at the time of the accident; and
(d) If there is no physical contact with the hit-and-run vehicle, the insured must submit substantial evidence to establish a right a recovery.

"insured highway vehicle" means a highway vehicle:
(a) Described in the Schedule as an owned automobile to which the Bodily Injury Liability Coverage of the policy applies;
(b) While temporarily used as a substitute for an insured highway vehicle as described in subparagraph (a) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
(c) While being operated by the named or designated insured or by the spouse of either if a resident of the same household;
but the term "insured highway vehicle" shall not include:
    (i) A vehicle while used as a public or livery conveyance, unless such use is specifically declared and described in this policy;
    (ii) A vehicle while being used without the permission of the owner;
    (iii) Under subparagraphs (b) and (c) above, a vehicle

owned by the named insured, any designated insurer or any resident of the same household as the named or designated insured; or
    (iv) Under subparagraphs (b) and (c) above, a vehicle furnished for the regular use of the named insured or any resident of the same household.

"occupying" means in or upon or entering into or alighting from.

"state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

"uninsured highway vehicle" means:
(a) A highway vehicle for which no liability bond or policy at the time of the accident provides at least the amounts specified by the financial responsibility law of Alabama as follows:
    (i) $20,000 for bodily injury to any one person caused by any one accident; and
    (ii) $40,000 for bodily injury to two or more persons caused by any one accident.
(b) A hit-and-run vehicle;
(c) An underinsured highway vehicle; or
(d) A highway vehicle for which the insuring or bonding company denies coverage or is or becomes insolvent.
but the term "uninsured highway vehicle" shall not include:
    (i) An insured highway vehicle;
    (ii) A highway vehicle which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;
    (iii) A highway vehicle which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing;
    (iv) A highway vehicle designed for use mainly off public roads while not on public roads.

"underinsured highway vehicle" means a highway vehicle for which the sum of all liability bonds or policies at the time of the accident provides a limit that is less than the amount an insured is legally entitled to recover as damages caused by the accident.

VI. ADDITIONAL CONDITIONS

A. Premium: If during the policy period the number of insured highway vehicles owned by the named insured or spouse or the number of dealer's license plates issued to the named insured changes, the named insured shall notify the company during the policy period of any change and the premium shall be adjusted in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the advance premium paid, the named insured shall pay the excess to the company; if less, the company shall return to the named insured the unearned portion paid by such insured.

B. Proof of Claim; Medical Reports: As soon as practicable, the insured or other person making claim shall give the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examination under oath by any person named by

Copy of Image

the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and the insured, or in the event of the insured's incapacity, the insured's legal representative, or in the event of the insured's death, the insured's legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

C. Assistance and Cooperation of the Insured: After notice of claim under this insurance, the company may require the insured to take such action as may be necessary or appropriate to preserve the insured's right to recover damages from any person or organization alleged to be legally responsible for the bodily injury; and in any action against the company, the company may require the insured to join such person or organization as a party defendant.

D. Notice of Legal Action: If, before the company makes payment of loss hereunder, the insured or the insured's legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of a highway vehicle involved in the accident, a copy of the summons and complaint and other process served in connection with such legal action shall be forwarded immediately to the company by the insured or the insured's legal representative.

E. Other Insurance: For any insured highway vehicle the named insured owns, this Uninsured Motorists Coverage provides primary insurance. For any insured highway vehicle the named insured does not own, the insurance provided by this Uninsured Motorists Coverage is excess over any other collectible primary uninsured motorists coverage but only to the extent that the limit of insurance under this Uninsured Motorists Coverage exceeds the limit of such other collectible primary uninsured motorists insurance.

If this Uninsured Motorists Coverage and any other coverage form or policy providing similar insurance apply to the same accident, the maximum limit of insurance under all coverage forms or policies shall be the highest applicable limit of insurance under any one coverage form or policy.

When this Uninsured Motorists Coverage and any other coverage form or policy covers on the same basis, either excess or primary, the company will pay only its share. The company's share is the proportion that the Limit of Insurance of its coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

F. Arbitration:

(a) IF WE AND AN INSURED DISAGREE WHETHER THE INSURED IS LEGALLY ENTITLED TO RECOVER DAMAGES FROM THE OWNER OR DRIVER OF AN UNINSURED MOTOR VEHICLE OR DO NOT AGREE AS TO THE AMOUNT OF DAMAGES THAT ARE RECOVERABLE BY THAT INSURED, THEN THE MATTER MAY BE ARBITRATED. HOWEVER, DISPUTES CONCERNING COVERAGE UNDER THIS ENDORSEMENT MAY NOT BE ARBITRATED. BOTH PARTIES MUST AGREE TO ARBITRATION. IF SO AGREED, EACH PARTY WILL SELECT AN ARBITRATOR. THE TWO ARBITRATORS WILL SELECT A THIRD. IF THEY CANNOT AGREE WITHIN 30 DAYS, EITHER MAY REQUEST THAT SELECTION BE MADE BY A JUDGE OF A COURT HAVING JURISDICTION. THE ARBITRATION PROCEEDINGS SHALL COMMENCE WITHIN ONE YEAR AFTER THE DATE BOTH PARTIES AGREE TO SETTLE A DISPUTE BY ARBITRATION. ARBITRATION EXPENSES WILL BE DETERMINED BY THE ARBITRATOR ACCORDING TO ALABAMA LAW.

(b) UNLESS BOTH PARTIES AGREE OTHERWISE, ARBITRATION WILL TAKE PLACE IN THE COUNTY IN WHICH THE INSURED LIVES. LOCAL RULES OF LAW AS TO ARBITRATION PROCEDURE AND EVIDENCE WILL APPLY. A DECISION AGREED TO BY TWO OF THE ARBITRATORS WILL BE BINDING.

(c) THIS ARBITRATION PROVISION WILL NOT APPLY IF LEGAL ACTION HAS BEEN COMMENCED BY THE INSURED AGAINST THE OWNER OR OPERATOR OF AN UNINSURED HIGHWAY VEHICLE.

G. Trust Agreement: In the event of payment to any person under this insurance:

(a) The company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) Such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of

the damages which are the subject of claim made under this insurance;

(c) Such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) If requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

(e) Such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision;

(f) (a) - (e) of this provision do not apply with respect to an accident with an underinsured highway vehicle if the company:

 (1) Has been given prompt written notice of a tentative settlement between the insured and the insurer of an underinsured motor vehicle; and

 (2) Fails to advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification.

If the company advances payment to the insured in an amount equal to the tentative settlement offer within 30 days after receipt of notification:

 (1) That payment will be separate from any amount the insured is entitled to recover under the provisions of this Uninsured Motorists Coverage; and

 (2) The company has the right to recover the advanced payment.

If the company makes any payment the and insured recovers from another party, the insured shall hold the proceeds in trust for the company and pay the company back the amount the company has paid.

H. Payment of Loss by the Company: Any amount due hereunder is payable:

(a) To the insured, or

(b) If the insured is a minor, to the insured's parent or guardian, or

(c) If the insured is deceased, to the insured's surviving spouse, otherwise

(d) To a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents;

provided, the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

I. Duties in the Event of Accident, Claim, Suit or Loss: A person seeking Uninsured Motorists Coverage must promptly notify the company in writing of a tentative settlement between the insured and the insurer of an underinsured highway vehicle and allow the company 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve the company's rights against the insurer, owner or operator of such underinsured highway vehicle.

Copy of Image

# ENDORSEMENT

## SINGLE LIMIT OF LIABILITY

| COVERAGES |
| --- |
| Bodily Injury Liability and Property Damage Liability<br>Uninsured and Underinsured Motorist Coverage |

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to **Bodily Injury** Liability and **Property Damage** Liability are amended to read as follows:

### LIMITS OF LIABILITY

Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, (3) claims made or suits brought on account of **bodily injury** or **property damage** or (4) **automobiles** to which this policy applies, the company's liability is limited as follows:

### Bodily Injury Liability and Property Damage Liability:

The limit of liability stated in the schedule of the policy as applicable to "each **occurrence**" is the total limit of the company's liability for all damages because of **bodily injury**, including damages for care and loss of services, or **property damage** as a result of any one **occurrence**, provided that with respect to any one **occurrence** for which notice of this policy is given in lieu of security or when this policy is certified as proof of financial responsibility under the provisions of the Motor Vehicle Financial Responsibility Law of any state or province such limit of liability shall be applied to provide the separate limits required by such law for **bodily injury** liability and for **property damage** liability to the extent of the coverage required by such law, but the separate application of such limit shall not increase the total limit of the company's liability.

### Uninsured and Underinsured Motorist Coverage:

Whenever Uninsured and/or Underinsured Motorist Coverage has been purchased, Combined Single Limits will be amended to afford Split Limits as required by law.

---

EXCESS POLICY

IT IS FURTHER UNDERSTOOD AND AGREED THAT WHEN THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED IS AN EXCESS POLICY, THE COMPANY'S LIMIT OF LIABILITY SHALL NOT EXCEED 100% OF THE DIFFERENCE BETWEEN THE PRIMARY OR UNDERLYING LIMITS OF LIABILITY AS STATED IN THE POLICY AND TOTAL LIMITS OF PRIMARY AND EXCESS.

---

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

# Canal Insurance Company

Greenville, South Carolina

Form E-102

Copy of Image

(Rev 11-1993)

010081511

Copy of Image

# ENDORSEMENT

## AMENDATORY ENDORSEMENT

### SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE

PART I      COVERAGE A - BODILY INJURY LIABILITY - - COVERAGE B - PROPERTY DAMAGE LIABILITY

EXCLUSIONS:  The following are added:

(h)   to bodily injury or property damage resulting from the movement of property by mechanical device (other than a hand truck) unless the device is attached to an owned automobile or temporary substitute automobile;

(i)   to bodily injury or property damage arising out of the named insured's work after that work has been completed or abandoned.  In this exclusion, the named insured's work means:

   (1)   work or operations performed by the named insured or on behalf of the named insured; and
   (2)   materials, parts or equipment furnished in connection with such work or operations.

The named insured's work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in paragraphs 1. or 2. above.

The named insured's work will be deemed completed at the earliest of the following times:

   (1)   when all of the work called for in the named insured's contract has been completed.
   (2)   when all of the work to be done at the site has been completed if the named insured's contract calls for work at more than one site.
   (3)   when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed;

(j)   to bodily injury or property damage arising out of the operation of the following:

   (1)   cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
   (2)   air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

# Canal Insurance Company

Greenville, South Carolina

Copy of Image

(Rev. 4-1999)

0100815114

Copy of Image

**FORM F**

## UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURANCE ENDORSEMENT

It is agreed that:

1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

2. The Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance has been filed with the State Commissions indicated below hereof.

3. This endorsement may not be canceled without cancellation of the policy to which it is attached. Such cancellation may be effected by the company or the insured giving thirty (30) days' notice in writing to the State Commission with which such certificate has been filed, such thirty (30) days' notice to commence to run from the date the notice is actually received in the office of such Commission.

Attached to and forming part of Policy No. _____470433_____

issued by   Canal Insurance Company _____ , herein called

Company, of   Greenville, South Carolina _____

to   COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS _____

of   1565 CO. RD. 73 SLOCOMB, AL 36375 _____

Dated at   BIRMINGHAM, AL 35232 _____   this   7th ____   day of   November _____   20 05 ___

Countersigned by  ALABAMA PUBLIC AUTO INS AGCY LIC#A043008 _____

Authorized Representative

| X - - INDICATES STATE COMMISSIONS WITH WHOM UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY CERTIFICATE OF INSURANCE HAS BEEN FILED. | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ALABAMA | X | HAWAII | | MICHIGAN | | NORTH CAROLINA | | UTAH | |
| ALASKA | | IDAHO | | MINNESOTA | | NORTH DAKOTA | | VERMONT | |
| ARIZONA | | ILLINOIS | | MISSISSIPPI | | OHIO | | VIRGINIA | |
| ARKANSAS | | INDIANA | | MISSOURI | | OKLAHOMA | | WASHINGTON | |
| CALIFORNIA | | IOWA | | MONTANA | | OREGON | | WEST VIRGINIA | |
| COLORADO | | KANSAS | | NEBRASKA | | PENNSYLVANIA | | WISCONSIN | |
| CONNECTICUT | | KENTUCKY | | NEVADA | | RHODE ISLAND | | WYOMING | |
| DELAWARE | | LOUISIANA | | NEW HAMPSHIRE | | SOUTH CAROLINA | | | |
| DISTRICT OF COLUMBIA | | MAINE | | NEW JERSEY | | SOUTH DAKOTA | | | |
| FLORIDA | X | MARYLAND | | NEW MEXICO | | TENNESSEE | | | |
| GEORGIA | X | MASSACHUSETTS | | NEW YORK | | TEXAS | | | |

MC1632 (Ed 6-71)

IRB 3598 A

Copy of Image

0100815114

*L 910933*

# CANAL

☒ INSURANCE COMPANY
☐ INDEMNITY COMPANY

**APPLICATION FOR COMMERCIAL MOTOR VEHICLE INSURANCE**
**LIABILITY and PHYSICAL DAMAGE**

ALL STATES

| 1. This Application is for<br>☒ Liability ☐ Physical Damage | 2. Desired Effective Date: _____<br>11-02-2005   mm / dd / yyyy | Hour: 12 01<br>☒ a.m. ☐ p.m. | 3. US DOT# |

4. Applicant Name  *ColberT BRyan McGuiff*

5. DBA, if any  *Bear Creek Movers*

6. Legal Owner or Officer of Business  *ColberT BRyan McGuiff*

| 7. Area Code / Phone Number  *334 886 2851* | 8. Mobile Phone Number |

9. Location Address   Street *1565 Co Rd 73*   City *Slocomb*   County *Geneva*   State *AL*   Zip Code *36375*

10. Mailing Address   Street *Same*   City   County   State   Zip Code

| 11. Applicant is ☒ Individual ☐ Partnership<br>☐ Corporation ☐ LLC | 12. Location ☐ Inside City Limits<br>☒ Outside City Limits | 13. Tax ID and/or Social Security Number<br>*420 82 6163* |

14. Business is ☒ Trucking for Hire (☐ Contract Carrier ☐ Common Carrier)  ☐ Trucking Private  ☐ Non-Trucking  ☐ Public Auto

15. Class is ☐ Driveaway ☐ Dump ☐ Hazardous ☒ Mobile Home Toters ☐ Other

16. If Trucking Business, describe type of cargo hauled and list farthest destination.
Type of Cargo Hauled: *Mobile Homes*    Farthest Destination:

| 17. Is vehicle used to haul explosives?<br>☐ Yes ☒ No | 18. Is vehicle used to transport employees?<br>☐ Yes ☒ No | 19. Past 12 months Gross Receipts<br>*25000* |

| 20.a. Do you haul any double trailers?<br>☐ Yes ☒ No | 20.b. Do you haul any triple trailers?<br>☐ Yes ☒ No | 20.c. Do you haul any flatbed trailers?<br>☐ Yes ☒ No |

21. Are any vehicles under a long-term leased owner/operator arrangement? If yes, who is responsible for the maintenance of those vehicles?
☐ Yes ☒ No

| 22. Do you own, lease or rent vehicles not listed on application? If yes, explain. ☐ Yes ☒ No | 23. Do you lend, lease or rent equipment to others without drivers? ☐ Yes ☒ No<br>Do you hire owner operators on a trip lease basis? ☐ Yes ☒ No<br>Explain any yes answers: |

24. If non-trucking, list name & terminal of lessee to whom you are permanently leased.    MC# of Lessee:

25. Does Applicant have other Commercial Auto Liability Insurance in force? ☐ Yes ☒ No
If yes, give Insurance Company name, number of units covered, limits and details.

NOV 14 2005

| 26.a. Liability Coverage<br>Limits Desired | Combined Single Units<br>*1 000,000*<br>Each Occurrence | 26.b. Split Limits<br>for Public<br>Autos only | A. Bodily Injury<br>,000/ ,000<br>Each Person / Each Occurrence | B. Property Damage<br>,000<br>Each Occurrence |

27.    **INFORMATION FOR FILINGS**

| Filings Required | Motor Carrier or Permit Number | Applicant's Name and Address exactly as it appears on each Permit. |
|---|---|---|
| ☐ FHWA | MC | *ColberT BRyan McGuiff* |
| ☒ Form E | | *dba Bear Creek Movers* |
| ☐ Oversized/Overweight | | *1565 Co Rd 73* |
| ☐ Hazardous | | *Slocomb, Al 36375* |
| ☐ *St. of Al - GA + FL* | | |

I hereby certify that the information contained in this application is true and agree that a misrepresentation of any of the facts by me will constitute reason for the company to void or cancel any policy issued on the basis of this application, and will hold the company harmless for the action taken. I also agree that if a policy is issued pursuant to this application, the application and any elections or rejections, which are included with the application and signed by me, may be relied upon by the company as accurate and shall become a part of the policy.

I recognize that all or part of my operations are under the Department of Transportation oversight requiring me to adhere to their rules and regulations. I acknowledge that DOT's rules and regulations are understood by me and I will adhere to the rules and regulations including but not limited to driver hiring, vehicle inspection and maintenance, and hours of service.

Signature of Applicant *Colbert Bryan McG*   x   Signature of Agent of Applicant *[signature]*

Type or Print Applicant Name *ColberT Bryan McGuiff*   Address of Agent *PO3 5022 Dothan Al 36302*

Title or Relationship to Applicant *Owner*   Date Application Completed *11-2-05*

**THIS IS NOT A BINDER    THIS IS NOT A BINDER    THIS IS NOT A BINDER    THIS IS NOT A BINDER**

Form A-101    *11/18/2005 09:48 AM*    Page 1 of 3    (Rev. 9-2005)

970933

| THE FOLLOWING INFORMATION NECESSARY IF APPLICANT TO BE ACCEPTED |
|---|

**28. Insurance history for applicant for** ☑ New Venture or ☐ Current and past 3 years.

| | From | To | Name of Insurance Carrier |
|---|---|---|---|
| Current Year | 9-8-05 | 11-2-05 | PROGRESSIVE |
| 1st Prior Year | | | |
| 2nd Prior Year | | | |
| 3rd Prior Year | | | |

**29.** Have you ever had insurance for this type of operation cancelled, declined or renewal refused? ☐ Yes ☑ No
If yes, give name of Insurance Companies, dates and reason for cancellation or refusal.

**30.** Have you filed for bankruptcy or had tax or credit liens against you in the past 3 years? ☐ Yes ☑ No  *BM*

**31.** Have you ever had insurance with Canal? ☐ Yes ☑ No  If yes, give Policy Number

**32.** LIABILITY LOSS INFORMATION

| Show Policy Periods For Past Three Years | | | Number of Accidents | TOTAL AMOUNT INCURRED LOSSES | |
|---|---|---|---|---|---|
| | | | | Bodily Injury | Property Damage |
| | From | To | | | |
| Current Year | | | | $ | $ |
| 1st Prior Year | | | | $ | $ |
| 2nd Prior Year | | | | $ | $ |
| 3rd Prior Year | | | | $ | $ |

**33.** PHYSICAL DAMAGE LOSS INFORMATION

| Show Policy Periods For Past Three Years | | | Number of Accidents | TOTAL AMOUNT INCURRED LOSSES | |
|---|---|---|---|---|---|
| | | | | Collision | Fire & Theft |
| | From | To | | | |
| Current Year | | | | $ | $ |
| 1st Prior Year | | | | $ | $ |
| 2nd Prior Year | | | | $ | $ |
| 3rd Prior Year | | | | $ | $ |

**34. Policy Period & Payment Method**
☐ Financed through PFC
☐ Annual - ☐ Full Payment or ☐ Payment Plan
☐ Until Cancelled - Monthly Bill
☐ Short Term expiration date
☐ No payment plan available

**35.** Total Premium **3931**  Down payment **484**  # Installments **UNT**  Amount Enclosed (agent use only)  NOV 14 2005

Liability

Physical Damage

| Name | Mailing Address | Relationship to Insured |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| Name | Mailing Address | Relationship to Insured |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Attach separate list if space above is not adequate.

**THIS IS NOT A BINDER    THIS IS NOT A BINDER    THIS IS NOT A BINDER    THIS IS NOT A BINDER**
Form A-101

(Rev. 9-2005)

470433

# CANAL
**INSURANCE COMPANY**

**APPLICATION FOR COMMERCIAL MOTOR VEHICLE INSURANCE**
**LIABILITY and PHYSICAL DAMAGE**

## ALABAMA SUPPLEMENTAL APPLICATION
**must be completed in conjunction with the ALL STATES Form A-101**

| | |
|---|---|
| 1. Applicant Name | *ColBert BRyan M^cGuIEE* |
| 2. DBA, if any | *Bear Creek Movers* |

### REJECTION OF UNINSURED MOTORISTS (FAMILY PROTECTION) COVERAGE

In accordance with the provisions of 32-7-23 (a) of the Alabama Law which permit the insured named in the policy to reject the Uninsured Motorist (Family Protection) Coverage, the undersigned insured(s) does hereby reject such insurance, being the insurance provided for the protection of persons insured under this policy who would legally be entitled to recover damages from the owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. IF THE NAMED INSURED IS AN INDIVIDUAL AND THERE IS MORE THAT ONE NAMED INSURED, ALL NAMED INSUREDS MUST REJECT SUCH COVERAGE IN WRITING.

| | X | |
|---|---|---|
| Signature of Insured | | Date |
| | X | |
| Signature of Insured | | Date |
| | X | |
| Signature of Insured | | Date |

### IMPORTANT NOTICE REGARDING THE UM COVERAGE
### FOR WHICH YOU HAVE APPLIED

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS. IF THE POLICY FOR WHICH YOU ARE APPLYING IS A LIABILITY POLICY AND YOU HAVE NOT REJECTED UNINSURED MOTORIST COVERAGE, READ THE FOLLOWING INFORMATION CAREFULLY AND SIGN THE ACKNOWLEDGMENT OF ARBITRATION AGREEMENT.

1.  THE POLICY FOR WHICH YOU HAVE APPLIED INCLUDES A BINDING ARBITRATION AGREEMENT.

2.  THE ARBITRATION AGREEMENT REQUIRES THAT ANY DISAGREEMENT RELATED TO THE UM COVERAGE MUST BE RESOLVED BY ARBITRATION AND NOT IN A COURT OF LAW.

3.  THE RESULTS OF THE ARBITRATION ARE FINAL AND BINDING ON YOU AND THE INSURANCE COMPANY.

4.  IN AN ARBITRATION, AN ARBITRATOR, WHO IS AN INDEPENDENT, NEUTRAL, PARTY, GIVES A DECISION AFTER HEARING THE POSITIONS OF THE PARTIES.

5.  WHEN YOU ACCEPT THIS UM COVERAGE, YOU AGREE TO RESOLVE ANY DISAGREEMENT RELATED TO THE UM COVERAGE BY BINDING ARBITRATION INSTEAD OF A TRIAL IN COURT INCLUDING A TRIAL BY JURY.

6.  ARBITRATION TAKES THE PLACE OF RESOLVING DISPUTES BY A JUDGE AND JURY AND THE DECISION OF THE ARBITRATOR CANNOT BE REVIEWED IN COURT BY A JUDGE AND JURY.

### ACKNOWLEDGMENT OF ARBITRATION AGREEMENT

I HAVE READ THIS STATEMENT. I UNDERSTAND THAT I AM VOLUNTARILY SURRENDERING MY RIGHT TO HAVE ANY DISAGREEMENT BETWEEN THE INSURANCE COMPANY AND MYSELF REGARDING THE UM COVERAGE RESOLVED IN COURT. THIS MEANS I AM WAIVING MY RIGHT TO A TRIAL BY JURY.

I UNDERSTAND THAT UPON RECEIPT OF THE POLICY I SHOULD READ THE ARBITRATION CLAUSE CONTAINED IN THE UM SECTION OF THE POLICY AND THAT I HAVE THE RIGHT TO REJECT THIS POLICY WITHIN THREE (3) DAYS OF THE DATE OF DELIVERY IF I DO NOT WANT TO ACCEPT THE REQUIREMENT FOR ARBITRATION.

I UNDERSTAND THAT THIS SAME TYPE OF INSURANCE MAY BE AVAILABLE THROUGH AN INSURANCE COMPANY THAT DOES NOT REQUIRE THAT POLICY RELATED DISAGREEMENTS BE RESOLVED BY BINDING ARBITRATION.

| | | |
|---|---|---|
| *Colbert Bryan McM* | X | *11-2-05  5 pm* |
| Applicant / Insured | | Date / Time |
| *Kennith D Cullen* | | *11-2-05  3pm* |
| Agent | | Date / Time |

NOV 1 4 2005

**THIS IS NOT A BINDER    THIS IS NOT A BINDER    THIS IS NOT A BINDER    THIS IS NOT A BINDER**

Form A-101 AL

(Rev. 9-2005)

**11/18/2005 09:48 AM**

**SCHEDULE OF OWNED AND LEASED EQUIPMENT AND RATING INFORMATION**

| Unit Number | Model Year | Trade Name and Kind of Vehicle (1)(2) | Motor/Serial Number | Terminal Location | Gross Vehicle Weight | Radius | Desired Amt. of Insurance (3) | Deductible FTCAC & Collision | Indicate either Owned or Leased | | Computed Premium | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Owned | Leased | Liability | Phys Dam |
| 1 | 89 | IH    IHSDGFN7JH571292 | | | | 300 | | | | | | |
| | | AMHWA | | Slocomb | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

NOTES: (1) Specify whether truck, tractor, trailer, bus, taxi, mobile equipment, etc.
(2) Is there specialized equipment attached to any unit, i.e. cranes, booms, buckets?
(3) Coverage written on actual cash value basis only, not to exceed this stated amount. Comprehensive coverage not written on commercial vehicles.

**Total Premium**

NOV 4 2005

**LIST OF DRIVERS OF INSURED VEHICLES** (attach list of drivers with required information if space below is not adequate)

I understand that an essential factor in obtaining automobile insurance is the list of drivers of vehicles covered by the policy for which I am applying. I declare the attached list includes all of the drivers of vehicles requested to be covered under the policy including employees, leased employees, mechanics, family members, as well as any other person allowed to drive an insured vehicle. I agree to notify my agent of any additional drivers before they are allowed to drive an insured vehicle.

| Driver's Name | Social Security Number | Date of Birth Mo. Day Year | Driver's License | | No. of Violations and Accidents Past 3 Years | No. of serious Violations and Accidents Past 7 Years (1) | Year Hired | Years of Applicable Experience | SR-22 Required? Applies to owner only. |
|---|---|---|---|---|---|---|---|---|---|
| | | | State | Number | | | | | |
| Bryan W Groff | 420826163 | 9-22-56 | AL | 3473443 | 0 | 0 | | 10 | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

(1) Serious violations include but are not limited to DUI, homicide or assault involving an auto, leaving the scene of an accident, etc.

**LOSS PAYEES**

| Unit Number | Name of Loss Payees | Complete Address |
|---|---|---|
| | | |
| | | |

THIS IS NOT A BINDER        THIS IS NOT A BINDER        THIS IS NOT A BINDER        THIS IS NOT A BINDER

Form A-101                                                        Page 3 of 3                                                        (Rev. 9-2005)

470433

# CANAL
INSURANCE COMPANY

**APPLICATION FOR COMMERCIAL MOTOR VEHICLE INSURANCE**
**LIABILITY and PHYSICAL DAMAGE**

**ALABAMA**
Submit in Duplicate

**1. Applicant** Colbert Bryan McGriff
dba Bear Creek Movers 1565 Co. Rd 73

**Area/Phone Number** 334 886 2851

**2. This Application is for** ☑ Liability ☐ Physical Damage

**City** Slocomb, **County** Geneva **State** AL **Zip Code** 36375

**4. Applicant is** ☑ Individual ☐ Partnership ☐ Corporation

**5. Legal Owner of Business** Colbert Bryan McGriff

**6. Tax ID or Social Security Number** 420 82 6163

**7. Business is** ☐ Taxi ☐ Bus Private ☐ Bus Public ☐ Trucking Private ☐ Trucking Contract ☑ Trucking for Hire ☐ Other

**8. If Trucking Business, type of cargo hauled. If Bus, number of round trips per day. (be specific)**
mobile Homes

**Approx. Value Per Load** 25000

**Is vehicle used to haul explosives?** ☐ Yes ☑ No
**Is vehicle used to transport employees?** ☐ Yes ☑ No

**9. Total number of vehicles owned and/or operated by Applicant.**

____ Taxis  1 Tractors  ____ Other
____ Buses  ____ Semitrailers
____ Trucks  ____ Pleasure Cars  (include off-road equipment)

**10. Is Equipment lent, leased or rented to/or from others?** ☐ Yes ☑ No
If YES, give unit numbers and details.

**11. Does Applicant have other Commercial Liability Insurance in force?** ☑ Yes ☐ No    If YES, give Company, number of units covered, limits and details.
yes    Atlanta Cas. #100.00 Set up

**12. Liability Coverage** Limits Desired

| A. Bodily Injury | | B. Property Damage | -OR- | Combined Single Limits | |
|---|---|---|---|---|---|
| 1,000,000 | ,000 | 1,000 | ,000 | 1,000 | ,000 |

**13.** **LIABILITY INFORMATION FOR FILINGS**

| Filings Required | Docket or Permit Number | Applicant's Name and Address exactly as it appears on each Permit. |
|---|---|---|
| ST of AL | | Colbert Bryan McGriff |
| GA | | dba Bear Creek Movers |
| FL | | |
| (E + H) | | |

FHWA Docket # MC    US DOT #:

**THE FOLLOWING INFORMATION NECESSARY IF APPLICANT TO BE ACCEPTED**

**14. Who was your insurance carrier last year?** Prog

**15. Who were your insurance carriers for 2 years before that?** N/A

RECEIVED
NOV - 4 2005

**16. Have you ever had insurance for this type of operation cancelled, declined or renewal refused?** ☐ Yes ☑ No    If YES, give name of Insurance Companies, dates and reason for cancellation or refusal.

**17. Have you ever had insurance with Canal?** ☐ Yes ☑ No    If YES, give Policy Number

**18.** **LIABILITY**

| Show Policy Periods For Past Three Years | | Number of Accidents | TOTAL AMOUNT CLAIMS PAID | | TOTAL AMOUNT UNSETTLED CLAIMS | |
|---|---|---|---|---|---|---|
| From | To | | Bodily Injury | Property Damage | Bodily Injury | Property Damage |
| | | | $ | $ | $ | $ |
| | | | $ | $ | $ | $ |
| | | | $ | $ | $ | $ |

**19.** **PHYSICAL DAMAGE**

| Show Policy Periods For Past Three Years | | Number of Accidents | TOTAL AMOUNT CLAIMS PAID | | TOTAL AMOUNT UNSETTLED CLAIMS | |
|---|---|---|---|---|---|---|
| From | To | | Collision | Fire & Theft | Collision | Fire & Theft |
| | | | $ | $ | $ | $ |
| | | | $ | $ | $ | $ |
| | | | $ | $ | $ | $ |

**20. Desired Effective Date of Policy**
10-31-05 1201
11-2-05
CBM
Month Day Year Hour ☑ a.m. ☐ p.m.

**21. Expiration Date** until Cancelled

**22. Total Premium** $

**23. Terms of Payment:** ☐ Full payment or
☐ installments of $_____ and downpayment of $_____ or
☐ Until Cancelled monthly billing.    Amount enclosed: $_____

I hereby certify that the information above is true and agree that a misrepresentation of any of the facts by me will constitute reason for the company to void or cancel any policy issued on the basis of this application, and will hold the company harmless for the action taken. I also agree that if a policy is issued pursuant to this application, the application and any elections or rejections, which are included on the application and signed by me, shall become a part of the policy.

**Date Application Completed** 10-31-05  11-2-05

**Signature of Applicant** X Colbert Bryan McGriff

**Signature of Agent of Applicant** X

**Address of Agent** Dothan, Al 36302

Form A-101 AL    **THIS IS NOT A BINDER**    Page 1    (Rev. 10-2004)

**11/14/2005 11:03 AM**

## REJECTION OF UNINSURED MOTORISTS (FAMILY PROTECTION) COVERAGE

In accordance with the provisions of 32-7-23 (a) of the Alabama Law which permit the insured named in the policy to reject the Uninsured Motorist (Family Protection) Coverage, the undersigned insured(s) does hereby reject such insurance, being the insurance provided for the protection of persons insured under this policy who would legally be entitled to recover damages from the owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. IF THE NAMED INSURED IS AN INDIVIDUAL AND THERE IS MORE THAT ONE NAMED INSURED, ALL NAMED INSUREDS MUST REJECT SUCH COVERAGE IN WRITING.

| X | | |
|---|---|---|
| Signature of Insured | | Date |

| X | | |
|---|---|---|
| Signature of Insured | | Date |

| X | | |
|---|---|---|
| Signature of Insured | | Date |

---

### IMPORTANT NOTICE REGARDING THE UM COVERAGE
### FOR WHICH YOU HAVE APPLIED

THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS. *IF* THE POLICY FOR WHICH YOU ARE APPLYING IS A LIABILITY POLICY AND *YOU HAVE NOT REJECTED UNINSURED MOTORIST COVERAGE, READ* THE FOLLOWING INFORMATION CAREFULLY *AND SIGN* THE ACKNOWLEDGMENT OF ARBITRATION AGREEMENT.

1.  THE POLICY FOR WHICH YOU HAVE APPLIED INCLUDES A BINDING ARBITRATION AGREEMENT.

2.  THE ARBITRATION AGREEMENT REQUIRES THAT ANY DISAGREEMENT RELATED TO THE UM COVERAGE MUST BE RESOLVED BY ARBITRATION AND NOT IN A COURT OF LAW.

3.  THE RESULTS OF THE ARBITRATION ARE FINAL AND BINDING ON YOU AND THE INSURANCE COMPANY.

4.  IN AN ARBITRATION, AN ARBITRATOR, WHO IS AN INDEPENDENT, NEUTRAL PARTY, GIVES A DECISION AFTER HEARING THE POSITIONS OF THE PARTIES.

5.  WHEN YOU ACCEPT THIS UM COVERAGE, YOU AGREE TO RESOLVE ANY DISAGREEMENT RELATED TO THE UM COVERAGE BY BINDING ARBITRATION INSTEAD OF A TRIAL IN COURT INCLUDING A TRIAL BY JURY.

6.  ARBITRATION TAKES THE PLACE OF RESOLVING DISPUTES BY A JUDGE AND JURY AND THE DECISION OF THE ARBITRATOR CANNOT BE REVIEWED IN COURT BY A JUDGE AND JURY.

### ACKNOWLEDGMENT OF ARBITRATION AGREEMENT

I HAVE READ THIS STATEMENT. I UNDERSTAND THAT I AM VOLUNTARILY SURRENDERING MY RIGHT TO HAVE ANY DISAGREEMENT BETWEEN THE INSURANCE COMPANY AND MYSELF REGARDING THE UM COVERAGE RESOLVED IN COURT. THIS MEANS I AM WAIVING MY RIGHT TO A TRIAL BY JURY.

I UNDERSTAND THAT UPON RECEIPT OF THE POLICY I SHOULD READ THE ARBITRATION CLAUSE CONTAINED IN THE UM SECTION OF THE POLICY AND THAT I HAVE THE RIGHT TO REJECT THIS POLICY WITHIN THREE (3) DAYS OF THE DATE OF DELIVERY IF I DO NOT WANT TO ACCEPT THE REQUIREMENT FOR ARBITRATION.

I UNDERSTAND THAT THIS SAME TYPE OF INSURANCE MAY BE AVAILABLE THROUGH AN INSURANCE COMPANY THAT DOES NOT REQUIRE THAT POLICY RELATED DISAGREEMENTS BE RESOLVED BY BINDING ARBITRATION.

| | |
|---|---|
| Applicant / Insured | Date / Time    11-2-05 |
| Agent | Date / Time    11-2-05 |

NOV - 4 2005

11/14/2005 11:03 AM

## SCHEDULE OF EQUIPMENT AND RATING INFORMATION

| Item or Unit Number | Year Model | Trade Name and Kind of Vehicle (1) | Motor/Serial Number | Terminal Location | Capacity Tons, Gallons Passengers | Radius Max. Miles | Date Purchase | If Used, Purchase Price | Desired Amt. of Insurance (2) | Deductible All Perils | Computed Premium Liability | Phys. Dmg. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 88 | I H | 1HSZDGFN7JH571292 | | | 300 | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

NOTES: (1) Specify whether straight truck, tractor, semitrailer, trailer, bus, taxi, etc. Describe each semitrailer directly under the tractor with which it is used.    Total Premium
(2) Coverage written on actual cash value basis only, not to exceed this stated amount.  Comprehensive coverage not written on commercial vehicles.

## LIST ALL DRIVERS OF INSURED VEHICLES

| Driver's Name | Social Security Number | Date of Birth Mo. Day Year | Drivers Licenses State | Number | No. of Violations and Accidents Past 3 Years | (A) SR-22 Required? (B) State | Reason for SR-22 Filing |
|---|---|---|---|---|---|---|---|
| C. Bryan M. Griff | 420 82 6163 | 9 22 56 | al | 3473443 | 0 | 0 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## LOSS PAYEES

| Item or Unit Number of Applicable Vehicles | Name of Loss Payees | Complete Address |
|---|---|---|
| N/A | | |
| | | |
| | | |

**CANAL** Copy of Image

---

# CLAIMS REPORTING INFORMATION NOTICE

# 800-452-6911

### Online Claim reporting is also available at www.canal-ins.com

**To All Canal Insureds:**

Many accidents result in damages which require immediate attention in order to prevent further loss.  When a serious bodily injury, a hazardous spill which may impact the environment or damage to perishable cargo has occurred, please call the Canal Claims Reporting number listed above as soon as possible to report the claim.

When reporting a loss, please be prepared to give the following information:

* Insured name, driver and policy number
* Insured Vehicle Information (make, model and VIN)
* Exact location of the occurrence
* Description of the occurrence
* Type of loss and any environment affected
* Other persons or vehicles involved
* A contact number for someone at the scene

Please communicate these procedures to all drivers and claim reporting personnel.  We appreciate your business and assistance in providing prompt notice of accidents.

---

D-101 CL

Copy of Image

(Rev. 1-2003)

0100815114

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD   State of AL

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 470433 | 11/02/2005 | 11/02/2006 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 1986 IH TRACTOR 1HSZDGEN7JH571292 | | |

NAME OF INSURED
COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

AGENT
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
BIRMINGHAM, AL 35232

— — — — — FOLD HERE — — — — —

### IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1                                      (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

### IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1                                      (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

### IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1                                      (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

### IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1                                      (Rev. 9-2003)

Copy of Image

0100815114

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD    State Of AL

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 470433 | 11/14/2005 | 11/02/2006 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 1988 IH TRACTOR | 1HSZDGFN7JH571292 | |

NAME OF INSURED
COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

AGENT
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
BIRMINGHAM, AL 35232

— — — — — FOLD HERE — — — — —

IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1                                    (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1                                    (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1                                    (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1                                    (Rev. 9-2003)

Copy of Image

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD    State of AL

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 470433 | 06/29/2006 | 11/02/2006 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 1989 INTERNATIONAL TRACTOR 1HTLAZPM3KH638466 | | |

NAME OF INSURED
COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

AGENT
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
BIRMINGHAM, AL 35232

— — — — — FOLD HERE — — — — —

IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1    (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1    (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1    (Rev. 9-2003)

---

CANAL INSURANCE COMPANY - NAIC 10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

IN CASE OF ACCIDENT

1. Obtain names, addresses, and phone numbers of persons involved and witnesses, a police report number, and any insurance information on the other vehicles.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Promptly notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) by:
   • calling (800) 452-6911;
   • e-mailing claims@canal-ins.com;
   • faxing (864) 679-2518; or
   • notifying your agent.
   This card must be carried in the vehicle at all times.

Form ID-1    (Rev. 9-2003)

Copy of Image

0100816947

Copy of Image

# ENDORSEMENT

## GENERAL CHANGE

IT IS AGREED THAT POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED IS CANCELLED.

REASON FOR CANCELLATION: INSURED'S REQUEST
CALCULATION METHOD: 90% PR
CANCELLATION MONTH: NOVEMBER
TOTAL EARNED PREMIUM IN CANCELLATION MONTH: 87
# OF DAYS UNEARNED: 22

ANNUAL PREMIUM AT TIME OF CANCELLATION: $3,931.00

Policy Cancelled

90% PR 1 -

| ADDITIONAL PREMIUM: | RETURN PREMIUM: SEE BELOW |
|---|---|

11/9/2006 – 12/1/2006 Breakdown for policies under installment premium payment plan:
XXXXXXXXXX  -241.00                  ESCROW  DEPOSIT ____ -656.00 ____
The remaining __monthly__ installments due will change by _-328.00_ from _328.00_
to ___0.00___ beginning with the Installment due ___12/1/2006___

Policy Number __470433__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date _11/09/2006_

Insured  COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS _____ Expiration Date _Until Cancelled_

Issue Date _11/14/2006_ Authorized Signature _____
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

## Canal Insurance Company

Greenville, South Carolina

Copy of Image

Form E-1can                                                                         (Rev. 12-2001)

0100817999

Copy of Image

# Status Summary Sheet

# Liability

| Vehicle # | Year / Trade Name / Model / Body Type<br>Motor Vehicle Identification # (VIN) | Radius (miles)<br>Garage Location<br>Status | Limit of Liability | Monthly /<br>Annual<br>Premium |
|---|---|---|---|---|
| 1.0 | 1988 IH TRACTOR<br>1HSZDGEN7JH571292 | 300<br>SLOCOMB, AL | CSL/SPLIT 1,000,000<br>UM 20/40 | 328.00 /<br>3,931.00 |
| 1.1 | 1988 IH TRACTOR<br>1HSZDGEN7JH571292 | 300<br>SLOCOMB, AL<br>MODIFIED 11/14/2005 | CSL/SPLIT 1,000,000<br>UM 20/40 | -328.00 /<br>-3,931.00 |
| 1.2 | 1988 IH TRACTOR<br>1HSZDGFN7JH571292 | 300<br>SLOCOMB, AL<br>MODIFIED 11/14/2005 | CSL/SPLIT 1,000,000<br>UM 20/40 | 328.00 /<br>3,931.00 |
| 2.0 | ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A<br>SCHEDULED TRACTOR | SLOCOMB, AL | | |

Policy Number __470433__    Filings __YES__    Summary Issue Date __11/14/2005__

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS__    Expiration Date __UNTIL CANCELLED__

Issuing Agent __ALABAMA PUBLIC AUTO INS AGCY LIC#A043008__

# Canal Insurance Company
Greenville, South Carolina

Copy of Image

Form E-69Ls

(Rev. 6-1998)

0100815207

# Change of Vehicle Endorsement - Liability

It is agreed that policy to which this endorsement is attached is amended
(1) to EXCLUDE coverage on the following described vehicle(s).

| Vehicle # | Year/ Trade Name/Model/ Body Type | Motor Vehicle Identification # | Annual Premium |
|---|---|---|---|
| | | | |

(2) to INCLUDE coverage on the following described vehicle(s).

| Vehicle # | Year/Trade Name/Model/Body Type  Motor Vehicle Identification #(VIN) | Radius (miles) | Garage Location | Annual Premium |
|---|---|---|---|---|
| 3 | 1989 INTERNATIONAL TRACTOR  1HTLAZPM3KH638466 | 300 | SLOCOMB, AL | 3,931.00 |

PR 1

ADDITIONAL PREMIUM:  __SEE BELOW__          RETURN PREMIUM: _____

6/29/2006 - 8/1/2006  Breakdown for policies under installment premium payment plan:

XXXXXXXXXXXX   350.00 _____        ESCROW  DEPOSIT _____ 656.00 _____

The remaining __monthly__ installments due will change by __328.00_____ from __328.00_____

to ____656.00_____ beginning with the Installment due ____8/1/2006_____

Policy Number __470433_____  Endorsement Effective Time XXXXXXX 9:51 AM___  Endorsement Effective Date __06/29/2006___

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS_____  Expiration Date __Until Cancelled__

Issue Date __07/05/2006 Authorized Signature _____
                              ALABAMA PUBLIC AUTO INS AGCY LIC#A043008

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

# Canal Insurance Company

Greenville, South Carolina

Form E-3L                                                                                   (Rev. 4-1994)

0100816947

## Status Summary Sheet ~Copy of Image~                    Liability

| Vehicle # | Year / Trade Name / Model / Body Type<br>Motor Vehicle Identification # (VIN) | Radius (miles)<br>Garage Location<br>Status | Limit of Liability | Monthly /<br>Annual<br>Premium |
|---|---|---|---|---|
| 1.0 | 1988 IH TRACTOR<br>1HSZDGEN7JH571292 | 300<br>SLOCOMB, AL | CSL/SPLIT 1,000,000<br>UM 20/40 | 328.00 /<br>3,931.00 |
| 1.1 | 1988 IH TRACTOR<br>1HSZDGEN7JH571292 | 300<br>SLOCOMB, AL<br>MODIFIED 11/14/2005 | CSL/SPLIT 1,000,000<br>UM 20/40 | -328.00 /<br>-3,931.00 |
| 1.2 | 1988 IH TRACTOR<br>1HSZDGFN7JH571292 | 300<br>SLOCOMB, AL<br>MODIFIED 11/14/2005 | CSL/SPLIT 1,000,000<br>UM 20/40 | 328.00 /<br>3,931.00 |
| 2.0 | ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A<br>SCHEDULED TRACTOR | SLOCOMB, AL | | |
| 3.0 | 1989 INTERNATIONAL TRACTOR<br>1HTLAZPM3KH638466 | 300<br>SLOCOMB, AL<br>ADDED 6/29/2006<br>9:51 AM | CSL/SPLIT 1,000,000<br>UM 20/40 | 328.00 /<br>3,931.00 |

Policy Number __470433__    Filings __YES__  Summary Issue Date __06/29/2006__

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS__    Expiration Date __UNTIL CANCELLED__

Issuing Agent __ALABAMA PUBLIC AUTO INS AGCY LIC#A043008__

## Canal Insurance Company
Greenville, South Carolina

Form E-69Ls                     ~Copy of Image~                     (Rev. 6-1998)

0100816947

Copy of Image

# Change of Vehicle Endorsement - Liability

It is agreed that policy to which this endorsement is attached is amended
(1) to EXCLUDE coverage on the following described vehicle(s).

| Vehicle # | Year/ Trade Name/Model/ Body Type | Motor Vehicle Identification # | Annual Premium |
|---|---|---|---|
| 3 | 1989 INTERNATIONAL  TRACTOR * ADDED IN ERROR | 1HTLAZPM3KH638466 | -3,931.00 |

(2) to INCLUDE coverage on the following described vehicle(s).

| Vehicle # | Year/Trade Name/Model/Body Type  Motor Vehicle Identification #(VIN) | Radius (miles) | Garage Location | Annual Premium |
|---|---|---|---|---|
| | | | | |

PR 1

ADDITIONAL PREMIUM: _____     RETURN PREMIUM:  SEE BELOW

Breakdown for policies under installment premium payment plan:
6/29/2006 - 8/1/2006
XXXXXXXXXXX  -350.00 _____    ESCROW  DEPOSIT _____ -656.00 _____
The remaining __monthly__  installments due will change by __-328.00__ from__656.00__
to____328.00_____ beginning with the Installment due ____8/1/2006 _____

Policy Number __470433_____ Endorsement Effective Time XXXXXX 9:51 AM ___ Endorsement Effective Date _06/29/2006_

Insured  COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS _____ Expiration Date _Until Cancelled_

Issue Date __07/11/2006_ Authorized Signature _____
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

# Canal Insurance Company

Greenville, South Carolina

Form E-3L

Copy of Image

(Rev. 4-1994)

0100817006

# Status Summary Sheet

Copy of Image

# Liability

| Vehicle # | Year / Trade Name / Model / Body Type / Motor Vehicle Identification # (VIN) | Radius (miles) / Garage Location / Status | Limit of Liability | Monthly / Annual Premium |
|---|---|---|---|---|
| 1.2 | 1988 IH TRACTOR<br>1HSZDGFN7JH571292 | 300<br>SLOCOMB, AL<br>MODIFIED 11/14/2005 | CSL/SPLIT 1,000,000<br>UM 20/40 | 328.00 /<br>3,931.00 |
| 2.0 | ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | SLOCOMB, AL | | |

Policy Number ___470433_____ Filings _YES___ Summary Issue Date __06/29/2006_____

Insured __COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS_____ Expiration Date __UNTIL CANCELLED_

Issuing Agent ___ALABAMA PUBLIC AUTO INS AGCY LIC#A043008_____

# Canal Insurance Company
Greenville, South Carolina

Copy of Image

(Rev. 6-1998)

0100817000

# Certificate of Insurance

This is to certify that the **Canal Insurance Company** has issued to the named insured herein a policy of insurance which provides, subject to its provisions and during the effective period, coverage as hereinafter described. The coverage and limits of liability indicated on this certificate apply only to the operation of motor vehicles described herein.

| CERTIFICATE ISSUED TO: | INSURED: |
|---|---|
| ALABAMA DEPARTMENT OF TRANSPORTATION<br>PERMIT OFFICE<br>P O BOX 303050<br>MONTGOMERY, AL 36130-3050 | COLBERT BRYAN MCGRIFF DBA BEAR<br>CREEK MOVERS<br>1565 CO. RD. 73<br>SLOCOMB, AL 36375 |

LOCATION OF OPERATIONS: SLOCOMB, AL          RADIUS: 300 miles of Location.

PER POLICY SCHEDULE

POLICY NUMBER:  470433

LIMITS OF LIABILITY:

$1,000,000 CSL

KIND OF INSURANCE: AUTO LIABILITY

EFFECTIVE DATE OF CERTIFICATE: 12:01 AM     11/16/2005 TO UNTIL CANCELLED

This certificate is issued as a mere courtesy to the named insured and the party at whose request the certificate is issued. This certificate does not make the party requesting it an additional insured or give that party any rights under the policy. This certificate is not a part of the insurance policy and is not intended to affirmatively or negatively alter, extend or rescind any of the existing terms, conditions or coverage of the above mentioned policy.

In the event of cancellation of such policy, the Company will attempt to notify the party at whose request certificate is issued, but the Company shall not be liable in any way for failure to give such notice.

*Estelle E. Smith*

ALABAMA PUBLIC AUTO INS AGCY LIC#A043008          Authorized Representative

# Canal Insurance Company

Greenville, South Carolina

Form K-16

(Rev. 5-1991)

0100815207

Copy of Image

# Certificate of Insurance

This is to certify that the **Canal Insurance Company** has issued to the named insured herein a policy of insurance which provides, subject to its provisions and during the effective period, coverage as hereinafter described. The coverage and limits of liability indicated on this certificate apply only to the operation of motor vehicles described herein.

CERTIFICATE ISSUED TO:

ALABAMA DEPARTMENT OF TRANSPORTATION
PERMIT OFFICE
P O BOX 303050
MONTGOMERY, AL 36130-3050

INSURED:

COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

LOCATION OF OPERATIONS: SLOCOMB, AL

RADIUS:

PER POLICY SCHEDULE

**Policy Cancelled**

| | |
|---|---|
| POLICY NUMBER: 470433 | LIMITS OF LIABILITY: |
| KIND OF INSURANCE: AUTO LIABILITY | $0 CSL |

EFFECTIVE DATE OF CERTIFICATE: 12:01 AM   11/16/2005 TO UNTIL CANCELLED

This certificate is issued as a mere courtesy to the named insured and the party at whose request the certificate is issued. This certificate does not make the party requesting it an additional insured or give that party any rights under the policy. This certificate is not a part of the insurance policy and is not intended to affirmatively or negatively alter, extend or rescind any of the existing terms, conditions or coverage of the above mentioned policy.

In the event of cancellation of such policy, the Company will attempt to notify the party at whose request certificate is issued, but the Company shall not be liable in any way for failure to give such notice.

*Estelle E. Smith*

ALABAMA PUBLIC AUTO INS AGCY LIC#A043008      Authorized Representative

# Canal Insurance Company

Greenville, South Carolina

Form K-16

Copy of Image

(Rev 5-1991)

0100817999

# ~ NOTICE OF CANCELLATION ~

| | |
|---|---|
| **Insurance Company** | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 470433 | Effective: 11/2/2005 |

Cancellation will take effect at:
9/28/2006                    12:01 A.M.
(Date)          (Hour-Standard Time at Insured's Address)

| Date of Mailing: | 8/23/2006 |
|---|---|

Issued through Agency or Office at: BIRMINGHAM, AL

| Agent of Insured: | DIVERSIFIED INSURANCE |
|---|---|

| | |
|---|---|
| **Name and Address of Insured**<br>470433 | COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS<br>1565 CO. RD. 73<br>SLOCOMB, AL 36375 |

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:  INSURED'S REQUEST:  NON-PAYMENT TO GENERAL AGENT

| | |
|---|---|
| **Agent of Insured** | DIVERSIFIED INSURANCE<br>P O BOX 5622<br>DOTHAN AL 36302 |

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  SP/ 8/23/2006

**TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:**
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

| | |
|---|---|
| **General Agent** | ALABAMA PUBLIC AUTO INS AGCY LIC#A043008<br>PO BOX 321215<br>BIRMINGHAM, AL 35232 |

Authorized Representative

Form D-58-p

(Rev. 2-1999)

010081739

Copy of Image

Policy Number:  470433
Insured Name:   COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS

I hereby certify that I personally caused to be mailed in the U.S. Post Office at BIRMINGHAM, AL on the Date of Mailing above at 11:14 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company.  I also caused to be mailed Third Party Notices to those shown below.

Signed: _Linda J. Hogan_____

Notices sent to: (* denotes Certificate of Mailing;   ** denotes Certified Mail)

*COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS, 1565 CO. RD. 73, SLOCOMB, AL 36375
 ALABAMA PUBLIC AUTO INS AGCY LIC#A043008, PO BOX 321215, BIRMINGHAM AL 35232
 DIVERSIFIED INSURANCE, P O BOX 5622, DOTHAN AL 36302

Form D-58

Copy of Image

(Rev. 2-1999)

0100817390

Copy of Image

~~NOTICE OF CANCELLATION~~

| | |
|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 470433 | Effective: 11/2/2005 |

| Cancellation will take effect at: | |
|---|---|
| 9/28/2006<br>(Date) | 12:01 A.M.<br>(Hour-Standard Time at Insured's Address) |

| Date of Mailing: | 8/23/2006 |
|---|---|

Name and Address of Insured 470433

COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

Issued through Agency or Office at: BIRMINGHAM, AL

| Agent of Insured: | DIVERSIFIED INSURANCE |
|---|---|

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:  INSURED'S REQUEST: NON-PAYMENT TO GENERAL AGENT

| | |
|---|---|
| Agent of Insured | DIVERSIFIED INSURANCE<br>P O BOX 5622<br>DOTHAN AL 36302 |

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  SP/ 8/23/2006

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

Authorized Representative

Copy of Image    Insured Copy

(Rev. 2-1999)

Form D-58-p

0100817390

**NOTICE OF CANCELLATION**

| | |
|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 470433 | Effective: 11/2/2005 |

Cancellation will take effect at:
9/28/2006                    12:01 A.M.
(Date)           (Hour-Standard Time at Insured's Address)

| Date of Mailing: | 8/23/2006 |
|---|---|

Issued through Agency or Office at: BIRMINGHAM, AL

| Agent of Insured: | DIVERSIFIED INSURANCE |
|---|---|

Name and Address of Insured 470433

COLBERT BRYAN MCGRIFF DBA BEAR CREEK
MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:  INSURED'S REQUEST:  NON-PAYMENT TO GENERAL AGENT

General Agent
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
PO BOX 321215
BIRMINGHAM AL 35232

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  SP/  8/23/2006

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

Agent of Insured
DIVERSIFIED INSURANCE
P O BOX 5622
DOTHAN AL 36302

Authorized Representative

Form D-58-p

Producing Agent Copy

(Rev. 2-1999)

0100817390

161105678

Policy Number:   470433

Insured Name:    COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS

I hereby certify that I personally caused to be mailed in the U.S. Post Office at BIRMINGHAM, AL on the Date of Mailing above at 11:14 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company.  I also caused to be mailed Third Party Notices to those shown below.

Signed: _____ *Linda J. Hogan* _____

Notices sent to: (* denotes Certificate of Mailing;   ** denotes Certified Mail)

    *COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS, 1565 CO. RD. 73, SLOCOMB, AL 36375

    ALABAMA PUBLIC AUTO INS AGCY LIC#A043008, PO BOX 321215, BIRMINGHAM AL 35232

    DIVERSIFIED INSURANCE, P O BOX 5622, DOTHAN AL 36302

Copy of Image

(Rev. 2-1999)

0100817390

NOTICE OF CANCELLATION

| | |
|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 470433 | Effective: 11/2/2005 |

Cancellation will take effect at:
9/28/2006                    12:01 A.M.
(Date)            (Hour-Standard Time at Insured's Address)

| Date of Mailing: | 8/23/2006 |
|---|---|

Issued through Agency or Office at: BIRMINGHAM, AL

| Agent of Insured: | DIVERSIFIED INSURANCE |
|---|---|

Name and Address of Insured
470433

COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:  INSURED'S REQUEST: NON-PAYMENT TO GENERAL AGENT

| | |
|---|---|
| Agent of Insured | DIVERSIFIED INSURANCE<br>P O BOX 5622<br>DOTHAN AL 36302 |

_Linda J. Hogan_
Authorized Representative
Linda J. Hogan  SP/ 8/23/2006

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

| | |
|---|---|
| General Agent | ALABAMA PUBLIC AUTO INS AGCY LIC#A043008<br>PO BOX 321215<br>BIRMINGHAM, AL 35232 |

Authorized Representative

(Rev. 2-1999)

Form D-58-p

010081739C

161105678

Policy Number: 470433
Insured Name: COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS

I hereby certify that I personally caused to be mailed in the U.S. Post Office at BIRMINGHAM, AL on the Date of Mailing above at 11:14 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company. I also caused to be mailed Third Party Notices to those shown below.

Signed: _Linda J. Hogan_____

Notices sent to: (* denotes Certificate of Mailing;   ** denotes Certified Mail)

*COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS, 1565 CO. RD. 73, SLOCOMB, AL 36375
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008, PO BOX 321215, BIRMINGHAM AL 35232
DIVERSIFIED INSURANCE, P O BOX 5622, DOTHAN AL 36302

Form D-58

(Rev. 2-1999)

0100817390

161106524

Copy of Image

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 470433 | 9/28/2006 | 9/7/2006 | 9/7/2006 |

## NOTICE OF REINSTATEMENT

THE CANCELLATION NOTICE TERMINATING THIS
POLICY ON THE DATE SHOWN IS HEREBY RESCINDED
AND THE POLICY IS REINSTATED ON THE DATE OF
REINSTATEMENT INDICATED.

INSURED:
COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

*Estelle E. Smith*

Authorized Representative

AGENT:
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
PO BOX 321215
BIRMINGHAM, AL 35232



CANAL
INSURANCE
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

Home Office Copy

City License Authority or Loss Payee:

Form D-8

Copy of Image

(Rev. 3-2002)

0100817531

161106524

Copy of Image

# NOTICE OF REINSTATEMENT

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 470433 | 9/28/2006 | 9/7/2006 | 9/7/2006 |

THE CANCELLATION NOTICE TERMINATING THIS
POLICY ON THE DATE SHOWN IS HEREBY RESCINDED
AND THE POLICY IS REINSTATED ON THE DATE OF
REINSTATEMENT INDICATED.

INSURED:
COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

*Estelle E. Smith*

Authorized Representative

AGENT:
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
PO BOX 321215
BIRMINGHAM, AL 35232



CANAL
INSURANCE
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

Insured Copy

City License Authority or Loss Payee:

Form D-8

Copy of Image

(Rev. 3-2002)

0100817531

Copy of Image

# NOTICE OF REINSTATEMENT

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 470433 | 9/28/2006 | 9/7/2006 | 9/7/2006 |

THE CANCELLATION NOTICE TERMINATING THIS POLICY ON THE DATE SHOWN IS HEREBY RESCINDED AND THE POLICY IS REINSTATED ON THE DATE OF REINSTATEMENT INDICATED.

INSURED:
COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

*Estelle E Smith*
Authorized Representative

AGENT:
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
PO BOX 321215
BIRMINGHAM, AL 35232



CANAL
INSURANCE
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

Producing Agent Copy

City License Authority or Loss Payee:
DIVERSIFIED INSURANCE
P O BOX 5622
DOTHAN AL 36302

Copy of Image

Form D-8

(Rev. 3-2002)

0100817531

161106524

Copy of Image

## NOTICE OF REINSTATEMENT

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 470433 | 9/28/2006 | 9/7/2006 | 9/7/2006 |

THE CANCELLATION NOTICE TERMINATING THIS POLICY ON THE DATE SHOWN IS HEREBY RESCINDED AND THE POLICY IS REINSTATED ON THE DATE OF REINSTATEMENT INDICATED.

INSURED:
COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

*Estelle E. Smith*
Authorized Representative

AGENT:
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
PO BOX 321215
BIRMINGHAM, AL 35232



**CANAL INSURANCE**
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

Agent Copy

Notice sent to:

City License Authority or Loss Payee:

Form D-8

Copy of Image

(Rev. 3-2002)

0100817531

Copy of Image

## NOTICE OF CANCELLATION

| | |
|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| | |
|---|---|
| Kind of Policy: | LIABILITY |
| Policy No.     470433 | Effective: 11/2/2005 |

Cancellation will take effect at:
11/9/2006                    12:01 A.M.
(Date)            (Hour-Standard Time at Insured's Address)

| Date of Mailing: | 10/4/2006 |
|---|---|

Issued through Agency or Office at: BIRMINGHAM, AL

Agent of Insured:   DIVERSIFIED INSURANCE

Name and Address of Insured
470433

COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
1565 CO. RD. 73
SLOCOMB, AL 36375

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above.  The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased.  This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:  INSURED'S REQUEST
                          MOVING COVERAGE

| | |
|---|---|
| Agent of Insured | DIVERSIFIED INSURANCE<br>P O BOX 5622<br>DOTHAN AL 36302 |

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  SP/  10/4/2006

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

| | |
|---|---|
| General Agent | ALABAMA PUBLIC AUTO INS AGCY LIC#A043008<br>PO BOX 321215<br>BIRMINGHAM, AL 35232 |

Authorized Representative

(Rev. 2-1999)

Copy of Image

Form D-58-p

010081772

161107951

Policy Number:  4704331
Insured Name:   COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS

I hereby certify that I personally caused to be mailed in the U.S. Post Office at BIRMINGHAM, AL on the Date of Mailing above at 11:43 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company.  I also caused to be mailed Third Party Notices to those shown below.

Signed: _Linda J. Hogan_____

Notices sent to: (* denotes Certificate of Mailing;  ** denotes Certified Mail)

   *COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS, 1565 CO. RD. 73, SLOCOMB, AL 36375
    ALABAMA PUBLIC AUTO INS AGCY LIC#A043008, PO BOX 321215, BIRMINGHAM AL 35232
     DIVERSIFIED INSURANCE, P O BOX 5622, DOTHAN AL 36302

Form D-5B

(Rev. 2-1999)

0100817727

161107951

Copy of Image

## ~NOTICE OF CANCELLATION~

| | |
|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 470433 | Effective: 11/2/2005 |

Cancellation will take effect at:
**11/9/2006**               12:01 A.M.
(Date)          (Hour-Standard Time at Insured's Address)

| Date of Mailing: | 10/4/2006 |
|---|---|

Issued through Agency or Office at: BIRMINGHAM, AL

Agent of Insured:   DIVERSIFIED INSURANCE

| | |
|---|---|
| Name and Address of Insured<br><br>470433 | COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS<br>1565 CO. RD. 73<br>SLOCOMB, AL 36375 |

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:   INSURED'S REQUEST
                          MOVING COVERAGE

| | |
|---|---|
| Agent of Insured | DIVERSIFIED INSURANCE<br>P O BOX 5622<br>DOTHAN AL 36302 |

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  SP/ 10/4/2006

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

Copy of Image

Insured Copy

Authorized Representative

(Rev. 2-1999)

0100617727

161107951

Copy of Image

## NOTICE OF CANCELLATION

| | | Kind of Policy: | LIABILITY |
|---|---|---|---|

Insurance Company

**CANAL INSURANCE COMPANY**
PO BOX 7
GREENVILLE, S.C. 29602

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 470433 | Effective: 11/2/2005 |
| Cancellation will take effect at: 11/9/2006 (Date) | 12:01 A.M. (Hour-Standard Time at Insured's Address) | |
| Date of Mailing: | 10/4/2006 | |

Name and Address of Insured
470433

**COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS**
1565 CO. RD. 73
SLOCOMB, AL 36375

| Issued through Agency or Office at: BIRMINGHAM, AL |
|---|
| Agent of Insured: DIVERSIFIED INSURANCE |

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:   INSURED'S REQUEST
                                                      MOVING COVERAGE

General Agent

**ALABAMA PUBLIC AUTO INS AGCY LIC#A043008**
PO BOX 321215
BIRMINGHAM AL 35232

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  SP/ 10/4/2006

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

Agent of Insured

**DIVERSIFIED INSURANCE**
P O BOX 5622
DOTHAN AL 36302

Copy of Image

Authorized Representative

Producing Agent Copy

Form D-58-p

(Rev. 2-1999)

0100817727

161107951

Policy Number: 4704230

Insured Name:  COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS

I hereby certify that I personally caused to be mailed in the U.S. Post Office at BIRMINGHAM, AL on the Date of Mailing above at 11:43 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company.  I also caused to be mailed Third Party Notices to those shown below.

Signed: _Linda J. Hogan_____

Notices sent to: (* denotes Certificate of Mailing;  ** denotes Certified Mail)

    *COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS, 1565 CO. RD. 73, SLOCOMB, AL 36375
    ALABAMA PUBLIC AUTO INS AGCY LIC#A043008, PO BOX 321215, BIRMINGHAM AL 35232
    DIVERSIFIED INSURANCE, P O BOX 5622, DOTHAN AL 36302

Copy of Image

Form D-58

(Rev. 2-1999)

0100817727

161107951

Copy of Image

## NOTICE OF CANCELLATION

| | |
|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| | |
|---|---|
| Kind of Policy: | LIABILITY |

| Policy No. | 470433 | Effective: 11/2/2005 |
|---|---|---|

| Cancellation will take effect at: | |
|---|---|
| 11/9/2006 (Date) | 12:01 A.M. (Hour-Standard Time at Insured's Address) |

| Date of Mailing: | 10/4/2006 |
|---|---|

| | |
|---|---|
| Name and Address of Insured 470433 | COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS<br>1565 CO. RD. 73<br>SLOCOMB, AL 36375 |

Issued through Agency or Office at: BIRMINGHAM, AL

| Agent of Insured: | DIVERSIFIED INSURANCE |
|---|---|

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:    INSURED'S REQUEST
                            MOVING COVERAGE

| | |
|---|---|
| Agent of Insured | DIVERSIFIED INSURANCE<br>P O BOX 5622<br>DOTHAN AL 36302 |

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  SP/  10/4/2006

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

| | |
|---|---|
| General Agent | ALABAMA PUBLIC AUTO INS AGCY LIC#A043008<br>PO BOX 321215<br>BIRMINGHAM,AL 35232 |

Authorized Representative

Copy of Image

General Agent Copy

Form D-58-p

(Rev. 2-1999)

0100817727

161107951

Policy Number: 470433

Insured Name: COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS

I hereby certify that I personally caused to be mailed in the U.S. Post Office at BIRMINGHAM, AL on the Date of Mailing above at 11:43 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company. I also caused to be mailed Third Party Notices to those shown below.

Signed: _Linda J. Hogan_____

Notices sent to: (* denotes Certificate of Mailing;   ** denotes Certified Mail)

*COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS, 1565 CO. RD. 73, SLOCOMB, AL 36375
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008, PO BOX 321215, BIRMINGHAM AL 35232
DIVERSIFIED INSURANCE, P O BOX 5622, DOTHAN AL 36302

Copy of Image

(Rev. 2-1999)

01008177

# American Court Reporting
## toll-free (877) 320-1050

---

Page 1

IN THE CIRCUIT COURT IN AND FOR
HENRY COUNTY, ALABAMA

CIVIL ACTION NUMBER
CV-06-42

FRANK LADON COOK,
    Plaintiff(s),
vs.

BEAR CREEK SALES, LLC, et al.,
    Defendant(s).


DEPOSITION TESTIMONY OF:
DAVID BRASHER

December 15, 2006
1:25 p.m.

COURT REPORTER:
DEBORAH B. TOWNSEND, CSR

---

Page 3

1 offered in evidence, or prior thereto.
2     In accordance with Rule 5(d) of
3 the Alabama Rules of Civil Procedure, as
4 amended, effective May 15, 1988, I, Deborah B.
5 Townsend, am hereby delivering to Greg Ritchey
6 the original transcript of the oral testimony
7 taken December 15, 2006, along with exhibits.
8     Please be advised that this is the
9 same and not retained by the Court Reporter, nor
10 filed with the Court.

11
12     EXAMINATION INDEX
13
14 DAVID BRASHER

15   BY MR. RITCHEY     8
16   BY MR. LEE     62
17   BY MR. POUNDSTONE     84
18   BY MR. ADAMS     102
19   BY MR. COUCH     113
20   BY MR. RITCHEY     126
21   BY MR. LEE     127
22   BY MR. COUCH     129
23

---

Page 2

1     S T I P U L A T I O N
2     IT IS STIPULATED AND AGREED by and
3 between the parties through their respective
4 counsel that the deposition of DAVID BRASHER,
5 may be taken before Deborah B. Townsend,
6 Certified Shorthand Reporter and Notary Public,
7 State at Large, at the offices of RITCHEY &
8 RITCHEY, Birmingham, Alabama, on December 15,
9 2006, commencing at approximately 1:25 p.m.
10     IT IS FURTHER STIPULATED AND
11 AGREED that the signature to and the reading of
12 the deposition by the witness is waived, the
13 deposition to have the same force and effect as
14 if full compliance had been had with all laws
15 and rules of Court relating to the taking of
16 depositions.
17     IT IS FURTHER STIPULATED AND
18 AGREED that it shall not be necessary for any
19 objections to be made by counsel to any
20 questions, except as to form or leading
21 questions, and that counsel for the parties may
22 make objections and assign grounds at the time
23 of trial or at the time said deposition is

---

Page 4

1     EXHIBIT INDEX
2         PAGE

3 Plaintiff's
4 1   Copies of Photographs     121
5 2   Husky Jack     130
6
7
8 Lowe's
9
10 1   Photograph     85
11
12 2   Photograph     88
13
14 3   Diagram     90
15

## www.AmericanCourtReporting.com
## December 15, 2006


EXHIBIT
3

**American Court Reporting**
**toll-free (877) 320-1050**

Page 33

1  the house, and the trailer we were going to
2  install is sitting on a little slope on the back
3  side of it. And back behind there were -- there
4  was a logging company doing a lot of clearing,
5  land clearing and all.
6      Q.    Did you see a bunch of bushes or
7  trees that looked like had been cleared off?
8      A.    Yes, sir. There were some on the
9  right-hand side going down the side of the
10 house.
11     Q.    Okay.
12     A.    Yes, sir.
13     Q.    Did it look like there was dirt
14 brought in for the pad?
15     A.    Yes, sir, there was.
16     Q.    There was dirt?
17     A.    Yes, sir.
18     Q.    Do you know how that dirt got
19 there?
20     A.    I don't know how it got there, no,
21 sir. I don't know if the people that owned the
22 land brought it in or if Bear Creek brought it
23 in. I don't know.

Page 34

1      Q.    We've heard some testimony that
2  when the truck was coming in, it was kind of
3  soft or something. Did you notice any of that
4  with the dirt?
5      A.    The pad we had the trailer on?
6      Q.    Yeah.
7      A.    It might have been graded off, but
8  it wasn't packed, no, sir.
9      Q.    It wasn't compacted?
10     A.    No, sir.
11     Q.    It was --
12     A.    I guess what I'm saying -- My way
13 of explaining it is bring a dump truck of dirt
14 in there, dump it, and take like a bucket off of
15 a backhoe, tilt it up, set it down and drag
16 across it to kind of level it off. But as far
17 as -- I mean, you could have seen where it
18 scraped the top, but as far as being a packer or
19 anything like that on it, no, sir.
20     Q.    Okay. Did it kind of give when
21 you were walking on it?
22     A.    Yes, sir. You could leave a
23 quarter-inch footprint in it in the morning

Page 35

1  times.
2      Q.    Yeah. All right. I guess if you
3  could, once you got everything laid out, did
4  y'all start putting the piers in or --
5      A.    Yes, sir.
6      Q.    At that time, did it still have
7  the wheels and axles?
8      A.    Yes, sir.
9      Q.    How was the front of the home
10 secured or how was the tongue part of the
11 home -- was anything --
12     A.    It was just sitting on -- I'm
13 going to estimate four 4 X 6's. Not 4 X 6's.
14 I'm sorry. 2 X 6's. They wasn't set, you know,
15 side by side. You'd set one and then you'd cock
16 it a little bit and cock it a little bit and
17 cock it a little bit. I mean, cocking it, make
18 a little turn on each one. That's the only
19 thing. You've got a jack on the tongue of the
20 trailer. It was sitting on the 2 X 6's.
21     Q.    Okay.
22     A.    There wasn't no truck or nothing
23 to hook to it, and I always thought, you know,

Page 36

1  that when we set up a trailer, you always have
2  it sitting on the toter, meaning what we pull it
3  with. But it wasn't. They was using it to
4  repossess a trailer.
5      Q.    Okay. Is that the first time
6  you've ever done one without it being on the
7  toter?
8      A.    Yes, sir.
9      Q.    Was anybody in charge that day?
10     A.    Ladon, he'd been out -- Now, from
11 my understanding, he hadn't been out there but
12 five or six months doing the job, so he was out
13 there the longest. I assumed he was in charge.
14 Now, he drove the truck; he knowed what was
15 going on and all, what needed to be done. So I
16 guess Robin and them felt like he was there long
17 enough, you know, to know what he was doing.
18     Q.    Was anybody directing -- Was he
19 directing what to do here or --
20     A.    Yes, sir. I mean, like I say, get
21 out and we know what to do, get everything laid
22 out. And after you get it all laid out, then
23 you start your jacking, you know, after you get

9  (Pages 33 to 36)

**www.AmericanCourtReporting.com**
**December 15, 2006**

**American Court Reporting**
**toll-free (877) 320-1050**

Page 45

1 leveling gets -- after the trailer has been
2 water leveled, then we usually take the tires
3 and axles off. That way all we have to do is
4 just set it back down.
5     But as soon as we get the tires and axles
6 off, we've usually got two to four piers that we
7 set that we couldn't get under because the tires
8 and axles were on it. So when we take the tires
9 and axles off, we've usually got anywhere from
10 two to four piers left that we have to set.
11     Q.    Okay. On that day, I guess, once
12 you got past getting everything wedged off --
13 And then you got it all leveled, water leveled,
14 right?
15     A.    Yes, sir.
16     Q.    And at that time, the wheels and
17 axles are still on?
18     A.    Yes, sir.
19     Q.    What was done next? Is that when
20 you started building it -- or jacking it up
21 more?
22     A.    No, sir. After we got it water
23 leveled, the tires and axles were already off

Page 46

1 the ground. It's usually just kept on there for
2 safety measures in case it did fall. Ladon was
3 finishing up water leveling, and me and Cedro
4 took the tires and axles off.
5     The way we do that, we take the tires
6 off, lay them to the side, go to the other side
7 and take the tires off, lay them to the side.
8 When we get them off, we take the tires and set
9 them up next to the truck. Then we come back
10 and take -- drop the axles. We take the bolts
11 out of the axles, and they fall down on the
12 ground there.
13     When we get that done, we snatch the
14 axles out from under it, and then we get up
15 under there and start building our piers to have
16 them water leveled to set back down. And then
17 we leave. We probably didn't have 30, 40
18 minutes left when the trailer fell.
19     Q.    Explain to me how -- Were the
20 tires and axles off at the time that it fell?
21     A.    They were. When I was pulling the
22 axle out, I heard a creaking sound, you know,
23 (demonstrating). It was a long one,

Page 47

1 (demonstrating) for a second. And me not
2 thinking much about it and snatched the tires
3 and axles out, and that's when me and Ladon
4 started, you know, setting our piers.
5     And I was crawling out, because I had
6 finished my side, and I was going over to help
7 Ladon on his. And I just took my head out from
8 under it -- out from under the I-beam, but it
9 was still under the trailer. And I don't
10 know -- I know it fell, but at the time, I said,
11 well, it couldn't have fell. You know, I come
12 out from under it, and I thought something was
13 wrong because wasn't nobody hollering to see if
14 I was all right or anything.
15     And I run around and sure enough was. I
16 don't want this to sound funny or nothing, but
17 it looked just about like on the Wizard of Oz,
18 if y'all have seen it. It looked about like
19 that there. And just a gut-wrenching, sick
20 feeling. And I went over there and hollered for
21 Ladon seeing if he was all right. He wasn't
22 saying nothing, but I could hear him
23 (demonstrating).

Page 48

1     I didn't know what to do. I remembered
2 the guys logging had just come off of break and
3 just started their little old machine back --
4 their skidder up. I run down there and told
5 them the trailer fell on one of my men over
6 here; if you could, you know, come over here and
7 help. They come around through there with the
8 skidder and tried to get up under it, you know,
9 to get it up off of him, but it kept wallowing.
10     I told them, I said, you know -- I guess
11 he was thinking that, you know, he was going to
12 tear the trailer up. I told him I didn't care
13 about the trailer; just get up under it and get
14 it off of him. Anyway, it come on out with it.
15 He got on up under it and picked it up
16     Q.    How high off the blocks was the
17 home at the time it fell?
18     A.    How high off the blocks? What do
19 you mean?
20     Q.    How high was it jacked up off the
21 blocks?
22     A.    Ladon probably had it -- Shoot, it
23 wasn't high, because he was water leveling that

**www.AmericanCourtReporting.com**
**December 15, 2006**

**American Court Reporting**
**toll-free (877) 320-1050**

Page 117

1  keeps the toter under the trailer?
2      A.    Yes, sir.
3      Q.    Okay. As I understood this, you
4  were actually underneath this trailer and
5  crawling out at the time that it fell?
6      A.    Yes, sir.
7      Q.    Okay. So, I mean, is it fair to
8  say that you weren't doing anything different
9  than Mr. Cook was doing; unfortunately, he
10  didn't get out before it fell?
11     A.    Correct.
12     Q.    Okay. When you went out there and
13  were walking across this plot where the trailer
14  was sitting on, could you see ruts there in the
15  dirt?
16     A.    You could see where the trailer
17  was backed in.
18     Q.    And I guess this goes without
19  saying. The delivery person is the one who, I
20  guess, backed this particular trailer on this
21  plot?
22     A.    Yes, sir. Most of the time, he
23  delivers the trailers and either Anthony or

Page 118

1  Teague, which is his brother, gets in and backs
2  it up, and he guides them in. But that
3  particular plot there was easy digging. What
4  I'm getting at, if it was packed, you know,
5  you'd spend seven, eight, maybe ten minutes on
6  each pad shoveling to get it level to where you
7  could set your blocks. Them pads there, two,
8  two and a half minutes, you can dig down and
9  level it up to be able to move to the next one.
10     Q.    Which indicated what, if anything,
11  to you?
12     A.    That it wasn't packed. It was
13  soft.
14     Q.    Is that something you think, in
15  your opinion, that the delivery person could
16  have seen when they came out?
17     A.    Yes, sir.
18     Q.    Anything, in your opinion, that
19  would have prevented them from seeing that?
20     A.    Only reason they wouldn't have
21  seen that there is if they didn't go look at it.
22     Q.    Okay. Mr. Brasher, would you
23  consider yourself an employee or an independent

Page 119

1  contractor of Bear Creek?
2      A.    I'd consider myself an employee.
3  I asked for raises, and she give me a raise one
4  time. I would think a subcontractor would have
5  a contract or something.
6      Q.    Let me ask you this: Did you --
7  There were some photographs produced in this
8  case. I've got black and white copies. Did you
9  take some photographs after this accident?
10     A.    Yes, sir, I did.
11     Q.    Where did you get the camera?
12     A.    From a volunteer fire department
13  man, I guess.
14     Q.    And what did you do with the
15  photographs after you took them?
16     A.    I give them to Robin.
17     Q.    Mrs. McGriff?
18     A.    Yes, sir.
19     Q.    I'm going to show you these two
20  sheets of paper with photographs on them. Are
21  those the photographs you took?
22     A.    Yes, sir. That first page is.
23  And I don't know about them there. I didn't

Page 120

1  take them. I've got a whole row of them, and I
2  had a bunch of them taken.
3      Q.    Whose handwriting is that on the
4  bottom of those?
5      A.    Not mine. You can tell mine. I'm
6  not no -- I'm not no good at writing. I print a
7  lot because I don't write too good.
8      Q.    To the best of your recollection,
9  how many photographs did you take?
10     A.    How many is on a roll, a Polaroid
11  pack?
12     Q.    I don't know.
13     A.    However many is on a Polaroid
14  pack.
15     Q.    You took the whole pack?
16     A.    Yes, sir. I set that block up
17  under there right here, that 8-inch block that
18  showed the clearance, and it wasn't all the way
19  on the frame of the trailer because the trailer
20  was all the way sitting on the ground.
21     Q.    This was after it fell?
22     A.    This is probably an hour -- 45
23  minutes to an hour after it fell.

30  (Pages 117 to 120)

**www.AmericanCourtReporting.com**
**December 15, 2006**