IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| FRANK LADON COOK; | * | 1:07-CV-410-MHT |
| COLBERT BRIAN MCGRIFF; | * | |
| LOWE'S HOME CENTERS, INC.; | * | |
| L.G. SOURCING, INC.; | * | |
| REDMAN HOMES, INC.; and | * | |
| BEAR CREEK SALES, L.L.C. | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF CANAL INSURANCE COMPANY'S
RESPONSE TO DEFENDANTS' OPPOSITION TO CANAL INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Canal Insurance Company (hereinafter "Canal"), by and through its undersigned counsel of record, and files this Response to the Response to Motion for Summary Judgment filed on behalf of Colbert Bryan McGriff and Bear Creek Sales, L.L.C. (hereinafter "McGriff") and the Opposition to Plaintiff's Motion for Summary Judgment and Motion for Summary Judgment filed on behalf of Frank Ladon Cook (hereinafter "Cook"), collectively referred to as "Defendants' Opposition", and as grounds for such shows unto the Court as follows:

1.  In the Defendants' Opposition, they argue that this Court should deny Canal's Motion for Summary Judgment for the following reasons: (1) the mobile home that fell on Cook may qualify as an "owned automobile" as defined by the Canal Policy because an "owned automobile" includes a trailer not described in the Canal Policy if the trailer is designed for use with a four wheel private passenger automobile and if not being used for business purposes with another type automobile; and (2) the rationale of the Alabama Supreme Court in *Canal Insurance Company v. Old Republic Insurance Company*, 718 So. 2d 8 (Ala. 1998) is either inapplicable to the facts of this case or is distinguishable. As will be shown below, both arguments are incorrect.

2.  The mobile home that fell on Cook could not and would not qualify as an "owned automobile" under the Canal Policy. As clearly stated in Canal's Memorandum of Law and Narrative Statement of Undisputed Facts Filed in Support of Its Motion for Summary Judgment, the Canal Policy issued to McGriff defines an "owned automobile" as:

(a)  An **automobile** which is owned by the **named insured** and described in the declarations; or

An "owned automobile" includes a trailer not described in this policy, if designed for use with a four wheel **private passenger automobile** and

if not being used for business purposes with another type **automobile;** *See* Exhibit 2 filed in support of Canal's Motion for Summary Judgment.

The undisputed evidence has established that the mobile home that fell on Cook was a 16 x 80 Fleetwood Mobile Home. Surely the Defendants are not taking the position that a mobile home of that size is capable of being used with a private passenger automobile so as to potentially qualify as an "owned automobile" under the Canal Policy. Additionally, the mobile was obviously being used for a business purpose because Cook was only present at the mobile home because it had been purchased from Bear Creek Sales and was being delivered and set-up as part of that business transaction. For the foregoing reasons, it is clear that the mobile home would not qualify as an "owned automobile" under the Canal Policy.

3.   A close reading of the Alabama Supreme Court's rationale in *Canal Insurance Company v. Old Republic Insurance Company*, 718 So. 2d 8 (Ala. 1998), makes it abundantly clear that not only is the rationale applied by the Court applicable to the facts of this case, but also that the case is directly on point. In determining whether or not there was coverage under the Canal Policy at issue in the *Old Republic* case, the Alabama Supreme Court based its decision on the provisions of the Canal Policy that **are identical** the Policy provisions in this case. The Court stated that "Item 3 of the declarations section of the Canal policy clearly provides coverage for

specifically identified vehicles: one tractor (its make, year and VIN number are listed) and 'any trailer singularly attached to the above-described tractor.'" *Canal Insurance Company v. Old Republic Insurance Company*, 718 So. 2d at 11.  The Court went on to further state that the Canal Policy "defines an 'owned automobile' as 'an automobile which is owned by the named insured *and described in the declarations*.'" (emphasis in original)  *Canal Insurance Company v. Old Republic Insurance Company*, 718 So. 2d at 11-12.

In holding that the Canal Policy did not provide any coverage for the facts of the loss in the *Old Republic* case, the Court stated:

> The trailer was not attached to Wilson's Freightliner tractor at the time of the collision with Williams's vehicle, so the Canal policy did not provide coverage for it under the circumstances of that collision. . . the definition of "owned automobiles" must be applied to the coverage provision of Paragraph I of Section A, and that definition requires that the automobile be "described in the declarations."  The only trailer described in the declarations is one attached to Wilson's Freightliner tractor, so the trailer in question was not an "owned automobile" within the terms of the Canal policy as it applies to the facts in question.

The same rationale would apply to the facts of this loss.  It is undisputed that at the time the mobile home fell on Cook, the 1988 IH Tractor described in the declarations of the Canal Policy was not attached to the mobile home.  Since the mobile home was not attached to the 1988 IH Tractor, it does not qualify as "owned automobile" within the terms of the Canal Policy and as such the Canal Policy would provide no coverage

to McGriff for the circumstances of this loss.

4. Finally, the Canal Policy is clear and unambiguous. The Alabama Supreme Court has held that just because parties disagree over the construction of policy language, does not make render the disputed language ambiguous. *Watkins v. Unites States Fid. & Guar. Co.*, 656 So. 2d 337 (Ala. 1994). Additionally, Courts may not rewrite the terms of a policy or interpret unambiguous policy language so as to provide coverage that was not intended by the parties. *Altiere v. Blue Cross & Blue Shield of Alabama*, 551 So. 2d 290 (Ala. 1989). For that reason, this Court should reject Cook's request that the rationale of the Alabama Supreme Court in *Amerisure Ins. Co. v. Allstate Ins. Co.*, 582 So. 2d 1100 (Ala. 1991) be applied to the facts of this case because the policy language upon which the Court based its decision in *Amerisure* is not the policy language agreed upon parties in this case. To apply that rationale to the Canal Policy in this case would force this Court to essentially rewrite the terms of the Canal Policy issued to McGriff.

WHEREFORE, premises considered, Plaintiff Canal Insurance Company respectfully submits that it is entitled to judgment as a matter of law on its Complaint and Amended Complaint for Declaratory Judgment, and prays that this Court will enter an Order granting Summary Judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,


s/David R. Wells
K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company

OF COUNSEL:

MILLER, HAMILTON,
SNIDER & ODOM, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 226-5200
(205) 226-5226     fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have provided all parties to this action with a true and correct copy of the foregoing pleading, via the electronic CM/ECF system, on this, the 9th day of November, 2007.

L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL  35203

Samuel L. Adams
MERRILL, HARRISON & ADAMS, LLC
P.O. Box 1690
Dothan, AL  36302

                                          s/David R. Wells
                                          OF COUNSEL