# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV NO.: 1:07-cv-410-MHT |
| | ) |
| FRANK LADON COOK; et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the Defendant, by and through his undersigned counsel, and files this Supplemental Brief in Opposition to Plaintiff's Motion for Summary Judgment and in support of Defendant's Motion for Summary Judgment. Defendant respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment. Defendant Cook, hereby submits his Supplemental Brief and Response to Plaintiff's Reply of November 9, 2007, pursuant to the Order of the Court issued on October 24, 2007. This submission supplements Defendant's previous filing of October 23, 2007. In support of the above-styled filing, Defendant shows unto the Court as follows:

## SUMMARY OF CASE

As the Court knows, this case concerns an incident that occurred on or about March 30, 2006 that rendered Frank Cook a paraplegic after a mobile home fell on him during the unloading process. See (Def. Opp'n to Pl's Mot. for Summ. J. of October 23, 2007 at p. 1.) This case is set for mediation on December 4th, 2007 and for trial on January 7th, 2008.

## SUMMARY OF THE ARGUMENT

The Plaintiff Canal has filed its Reply to Defendant Cook's Response to Plaintiff's Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment. What is crucial and should be noted by the Court is that nowhere in its submission does Canal dispute that Cook's injuries **arose out of the unloading process**. Despite the fact that the Plaintiff has been given additional time by the Court's extension for dispositive motions, Plaintiff has failed to profer any evidence, "not a single shred," that the accident occurred in any other manner other than that described and alleged by Cook. Moreover, according to the Plaintiff's recently filed response, Plaintiff does not, nor can it, dispute any of the alleged negligent actions of its insured as outlined by Defendant's expert, Ray Helmer, whose affidavit has been previously submitted in support of Defendant's Motion for Summary Judgment. Indeed, the Plaintiff's very own insured, Colbert Bryan McGriff, has described the proper unloading procedure and there is no evidence in this case which shows that Bear Creek followed that procedure. In fact, all evidence presented to date shows that the insured failed to follow their own procedure and that negligence proximately led to and caused the injuries of Frank Ladon Cook.

The only "argument" that Plaintiff attempts to present to this Court is a tortured reading of the *Old Republic* case, which Plaintiff claims is directly on point and controlling in the instant case. As Defendant pointed out to the Court in its Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment, the reason the *Old Republic* Court held that there was no coverage for the subject mobile home is because the tractor being used to tow the mobile home was not even the same tractor covered by the policy. In the instant case, it is **undisputed** that the tractor used to tow the mobile home which ultimately caused Cook's injuries is the same mobile home described in and covered by the policy in the instant case. Therefore, based on the very facts of the case, the *Old Republic* opinion is distinguishable from the instant case and is not controlling because the underlying facts are completely opposite.

Finally, Plaintiff attempts to argue that the "Canal policy is clear and unambiguous." (Plaintiff's Reply Brief, ¶ 4, p. 5). Defendant Cook agrees! In fact, the reason that the terms are clear and unambiguous is that Alabama Courts have previously correctly construed the very language at issue in this case – namely, "arising out of," "use," and "unloading." See Taliaferro v. Progressive Specialty Ins. Co., 821 So. 2d 976 (Ala. 2001); Pac. Indem. Co. v. Run-a-Ford Co., 161 So. 2d 789 (Ala. 1964). Therefore, as Plaintiff has failed to present **any** evidence which actually contradicts the facts as alleged by Defendant and fails to create any genuine issue of material fact, Plaintiff's Motion for Summary Judgment is due to be denied, and this Court should enter an Order granting Defendant's Motion for Summary Judgment, forcing Plaintiff to defend and indemnify its insured in the underlying action.

**MEMORANDUM OF LAW**

"It is fundamental that insurance contracts are to be 'construed liberally in favor of the insured and strictly against the insurer.'" Taliaferro v. Progressive Specialty Ins. Co., 821 So.2d 976, 980 (Ala. 2001) (quoting Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala. 1996)); see also Pac. Indem. Co. v. Run-a-Ford Co., 161 So.2d 789, 791 (Ala. 1964) ("The rule in Alabama has been stated to be that insurance policies will be construed most strongly against the insurer.")). The "term *'arising out of the use'* in liability policies has generally been held to be a **broad**, comprehensive term **meaning 'origination from,' 'having its origin in,' 'growing out,' or 'flowing from**.'" Taliaferro, 821 So.2d at 980 (quoting Travelers Ins. Co. v. Aetna Cas. & Sur. Co., 491 S.W.2d 363, 365 (Tenn. 1973)) (emphasis added). Furthermore, the terms loading and unloading are "used to *extend and expand the* ordinary *meaning of the word 'use.'*" Sentry Ins. Co. v. Pac. Indem., 345 So.2d 283, 285 (Ala. 1977) (emphasis added) (citing Fireman's Fund Ins. v. Canal Ins. Co., 411 F.2d 265, 268 (5th Cir. 1969)). A "causal relationship between the accident and the use of the insured vehicle as a vehicle is not necessary." Fireman's Fund Ins. v. Canal. Ins. Co., 411 F.2d 265, 269 (5th Cir. 1969) dist'g on non-commercial grounds by Florists' Ins. Service Inc. v. Great River Ins. Co., 138 F.Supp.2d 767 (S.D. Miss. 2001). "It is not necessary that either the insured vehicle, itself, or the driver thereof be involved in the accident." Id. "It is sufficient if there is an immediate causal connection between the loading

[or unloading] operation or the way it is carried out and the accident." <u>Fireman's Fund</u>, 411 F.2d at 269.

In <u>Pac. Indem. Co. v. Run-a-Ford Co.</u>, the Alabama Supreme Court found coverage where a company had negligently unloaded a package. <u>See</u> <u>Pac. Indem. Co. v. Run-a-Ford Co.</u>, 161 So.2d 789 (Ala. 1964) <u>dist'g</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Paulin v. Fireman's Fund Ins. Co.</u>, 403 P.2d 555 (Ariz. App. 1965). In <u>Run-a-Ford</u>, the employee laid a package against the front door of the customer's home. <u>Id</u>. at 790. Some thirty minutes after the package was delivered, the customer returned home through the back door. Id. At some later point, they started out their front door attempting to reach their front porch when they tripped and fell over the package. <u>Id</u>. The customer, who was the eventual plaintiff in the <u>Run-a-Ford</u> action, was injured in the fall. <u>Id</u>. In their complaint, the plaintiff alleged that the package was negligently unloaded. <u>See</u> <u>Id</u>. at 790-791 (where "the injury was allegedly caused by the negligent placing of the parcel."). The Alabama Supreme Court said: "[i]n the case at bar, we think unloading began, when the insured lifted the parcel from the truck, and ended when insured placed the parcel in front of plaintiff's door. **The causative negligence charged is negligence which occurred during the unloading of the truck**." <u>Id</u>. at 791 (emphasis added.) The Court found that "because the policy covered injuries *arising out of the unloading*, the policy covered insured's liability to pay for the injury here." <u>Id</u>. at 792 (emphasis added).

5

In Run-a-Ford, the Court examined two cases outside Alabama. It first looked at Raffel v. Travelers Indem. Co, 141 Conn. 389 (Conn. 1954). In Raffel, the insured delivered "a roll of linoleum and left it standing upright at the door" of plaintiff's home. Run-a-Ford, 161 So.2d at 792. The linoleum later "fell on and injured plaintiff." Id. The Supreme Court of Errors of Connecticut said:

> It is reasonable to assume that the operation of **unloading did not end until** the linoleum **was placed where it could be used by its purchaser**. If the driver, in carrying forward this mission, was negligent in leaving it where it could, and did, cause injury, that negligent act was a part of the operation of unloading the truck and had a direct causal relation with the truck and the unloading operation. Such an interpretation of the contract requires no strained construction and does no violence to the fair meaning of the terms used.

Id.

In the other case examined by the Alabama Supreme Court, Am. Auto. Ins. Co. v. Master Bldg. Supply & Lbr. Co., the insured "delivered nine pieces of sheetrock and placed it on edge in the basement of plaintiff's home." Am. Auto. Ins. Co. v. Master Bldg. Supply & Lbr. Co. 179 F.Supp. 699 (D.C. Md. 1959). "About four hours later, while plaintiff was standing near the sheetrock, it fell on her and injured her leg." Id. The plaintiff alleged in her complaint that the sheetrock was negligently unloaded. See Run-a-Ford, 161 So.2d at 792. In Am. Auto, the "insurer contended that the automobile policy would afford no coverage because the accident did not occur during the unloading operation, but occurred several hours after the truck had left the scene." Id. The court, however, found that the

policy covered the sheetrock and the injured plaintiff. Run-a-Ford, 161 So.2d at 792. The Maryland District Court stated:

> [A] number of courts have noted that the words 'arising out of' are broad, general and comprehensive, effecting broad coverage. (Citations Omitted). 'Workmen's compensation cases have taught us that the words 'arising out of' have a very different meaning from the words 'in the course of' (Citations Omitted). If the draftsmen of the policy had intended to limit the coverage to accidents which occur in the course of the unloading, he could easily have done so.

Id.

In the case before the Court, the drafters of the Canal Policy did not limit coverage in the policy to the unloading process by using the words "in the course of." Instead, the policy uses the language "arising out of," which courts have interpreted as "effecting broad coverage." Furthermore, the policy uses the word "unloading," which extends and expands the meaning of the word "use." As of November 8, 2007, Plaintiffs have not produced any statutory or case law supporting their argument that the declaration page description can serve as a limitation to broad coverage language in the body of their policy.

Furthermore, Ray Helmer, Defendant's expert, has previously submitted in his affidavit multiple failures and omissions during the unloading process, which "led to the collapse of the mobile home onto Cook." See (Def. Opp'n to Pl's Mot. for Summ. J. of October 23, 2007 at p. 14.) Also, in the underlying action, Frank Cook alleged in his second amended complaint that the improper unloading of the mobile home led to his severe injuries. See (Cook Sec. Am. Compl. of March 3, 2007). Additionally, Bryan McGriff, the owner of Bear Creek testified that the

7

unloading process includes stopping at the site, setting up the piers, tying the mobile home down, making sure the mobile home is stable and then disconnecting the truck. See (Def. Opp'n to Pl's Mot. for Summ. J. of October 23, 2007 at p. 5.) Finally, the process of unloading the mobile home did not end until it "was placed where it could be used by its purchaser." See Run-a-Ford, 161 So.2d at 792.

The case before the Court is similar to Run-a-Ford, Raffel, and Am. Auto, in that the negligence which led to injury occurred during the unloading process. Furthermore, like in Run-a-Ford, the mobile home was not able to be used by the purchaser at the time the incident occurred. For all these reasons, and those aforementioned, coverage exists in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff's Motion for Summary Judgment is due to be denied and Defendant's Motion granted in its entirety. Plaintiff has failed to meet the standard of Rule 56(c) and the standard of review in Federal Court by failing to demonstrate sufficiently that coverage does not exist and that they will be able to meet their burden at trial. Plaintiff will bear the burden at trial, but it is the Defendant, not the Plaintiff, who has produced uncontroverted evidence of the definition of the term unloading and the fact that the tractor and mobile home were being used for commercial purposes at the time of the accident, which demonstrates that coverage exists in this case. Furthermore, coverage exists in this case due to the occurrence of the incident during the alleged negligent unloading process. Per the holding of Run-a-Ford, negligence during the unloading process is a covered event when the policy covers bodily injury

"arising out of" the "use" which includes "loading and unloading." Additionally, Plaintiff has failed to show how they will meet their burden at trial of demonstrating that coverage does not exist other than their discussion of <u>Canal Ins. Co. v. Old Republic Ins. Co.</u>, whose facts are easily distinguishable from the facts of the underlying action. This is an insufficient showing by Plaintiff on how it will meet its burden, and therefore, summary judgment in favor of the Defendant is due to be granted.

Respectfully submitted,

/s/ L. Andrew Hollis, Jr._____
L. ANDREW HOLLIS, JR. (HOL-043)

**OF COUNSEL:**
**HOLLIS & WRIGHT, P.C.**
1500 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a true and correct copy of the above and foregoing via the CM/ECF system, this the 9th day of November, 2007, which will provide notice to the following:

K. Donald Simms
David R. Wells
Miller, Hamilton, Snider & Odom, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203

Samuel L. Adams, Esq.
Merrill, Harrison & Adams, LLC
Post Office Box 1690
Dothan, Alabama 36302

Rufus R. Smith, Esq.
Post Office Drawer 6629
Dothan, Alabama 36302-0000

                                                  /s/ L. Andrew Hollis, Jr._____
                                                  OF COUNSEL