IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| FRANK LADON COOK; | * | 1:07-CV-410-MHT |
| COLBERT BRIAN MCGRIFF; | * | |
| LOWE'S HOME CENTERS, INC.; | * | |
| L.G. SOURCING, INC.; | * | |
| REDMAN HOMES, INC.; and | * | |
| BEAR CREEK SALES, L.L.C. | * | |
| | * | |
| Defendants. | * | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on January 23, 2008, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

   COUNSEL APPEARING AT PRETRIAL HEARING:

   David R. Wells
   WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC
   2001 Park Place North, Suite 400
   Birmingham, AL 35203
   *Attorneys for Plaintiff Canal Insurance Company*

>Rufus R. Smith, Jr.
>P.O. Drawer 6629
>Dothan, AL 36302
>*Attorney for Defendant Frank LaDon Cook*
>
>Samuel L. Adams
>MERRILL, HARRISON & ADAMS, LLC
>P.O. Box 1690
>Dothan, AL 36302
>*Attorney for Defendants Bear Creek Sales, LLC, Colbert Brian McGriff d/b/a Bear Creek Movers and Robyn N. McGriff*

2. <u>JURISDICTION AND VENUE</u>:

This is a Declaratory Judgment Action brought pursuant to 28 U.S.C. §2201 *et seq*, and Rule 57 of the Federal Rules of Civil Procedure. Jurisdiction in this matter is premised on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1). Complete diversity exists in this matter and the amount in controversy exceeds seventy-five thousand and no/100 dollars ($75,000) inclusive of interests and costs. Venue in this matter is appropriate pursuant to 28 U.S.C. §1391.

3. <u>PLEADINGS</u>:

The following pleadings and amendments were allowed:

   a. Canal Insurance Company's Complaint for Declaratory Judgment;

   b. Canal Insurance Company's Amended Complaint for Declaratory Judgment;

   c. Answer filed on behalf of Frank LaDon Cook;

    d.    Answer filed on behalf of Bear Creek Sales, LLC, Colbert Brian McGriff d/b/a Bear Creek Movers, and Robyn McGriff;

    e.    Answer to Amended Complaint filed on behalf of Frank LaDon Cook.

    f.    Answer to Amended Complaint filed on behalf of Bear Creek Sales, LLC, Colbert Brian McGriff d/b/a Bear Creek Movers, and Robyn McGriff;

    g.    Motion for Summary Judgment filed on behalf of Canal Insurance Company;

    h.    Colbert Brian McGriff d/b/a Bear Creek Movers and Bear Creek Sales, LLC's Response to Motion for Summary Judgment;

    i.    Frank Ladon Cook's Opposition to Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment;

    j.    Canal Insurance Company's Response to Defendants' Opposition to Motion for Summary Judgment;

    k.    Frank Ladon Cook's Supplemental Brief in Opposition to Plaintiff's Motion for Summary Judgment and in support of Defendant's Motion for Summary Judgment;

4.    <u>CONTENTIONS OF THE PARTIES</u>:

    a.    <u>The Plaintiff</u>:

Canal Insurance contends that it issued a Basic Automobile Liability Policy to Colbert Brian McGriff d/b/a Bear Creek Movers, bearing policy number 47 04 33 (hereinafter "the Canal Policy") with effective dates of coverage from November 2, 2005 until cancelled. Canal contends that based upon the terms, conditions, provisions and endorsements of the Canal Policy, no coverage is afforded to Colbert Brian McGriff d/b/a Bear Creek Movers for defense or indemnity for any of the allegations contained in the underlying state court lawsuit filed by Frank Ladon Cook.

    b.    <u>The Defendants</u>:

The Defendants contend there is coverage under the Canal Policy for the allegations asserted in the underlying state court case by Frank Ladon Cook against Colbert Brian McGriff d/b/a Bear Creek Movers, CV 06-42 pending in the Circuit Court of Henry County. Defendants jointly contend that it is alleged in the underlying lawsuit that it was the negligence of Plaintiff's insured, Colbert McGriff d/b/a Bear Creek Movers, during the unloading process that led to the permanent injuries of Cook after a mobile home fell upon Cook's back and rendered him

paraplegic. Defendants submit that said alleged negligence is a covered event under the Canal Policy since the Policy provides coverage for bodily injury "arising out of" the "use" of an owned automobile. The policy describes that the "use" of an owned auto includes the loading and unloading of said auto. Because it is alleged in the underlying case that the negligence of Plaintiff's insured during the unloading process caused Cook's injuries, Defendants contend that the subject policy of insurance should and does provide insurance coverage for those alleged events and resulting injuries made the basis of Cook's claims in Frank L. Cook v. Brian McGriff d/b/a Bear Creek Movers.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

**None.**

**It is ORDERED that:**

**(1) The non-jury trial of this cause, which is to last two days, is set for February 11, 2008, at 10:00 a.m. at the Federal Courthouse in Dothan, Alabama;**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

(3) The plaintiff is required to file proposed findings of fact and conclusions of law by February 4, 2008. The defendants are required to file proposed findings of fact and conclusions of law by February 6, 2008. The parties are also directed to e:mail their proposed findings of fact and conclusions of law to <propord_thompson@almd.uscourts.gov> in WordPerfect format by the dates specified above;

(4) The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than February 6, 2008;

(5) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6) All deadlines not otherwise affected by this

order will remain as set forth in the uniform scheduling order (Doc. No. 13) entered by the court on July 23, 2007; and

(7) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 23rd day of January, 2008.

                                   /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**