IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CANAL INSURANCE COMPANY, *
*
Plaintiff, *
*
v. * CIVIL ACTION NO.:
*
FRANK LADON COOK, et al. * 1:07-CV-410-MHT
*
Defendants. *

**PLAINTIFF CANAL INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Canal Insurance Company ("Canal") by and through its undersigned counsel of record and submits this Supplemental filing in support of its Motion for Summary Judgment, and shows unto the Court as follows:

1. At the Pretrial Conference held before this Honorable Court on January 23, 2008, the issue presented was whether or not the 16' x 80' Fleetwood mobile home that fell on Defendant Frank LaDon Cook qualified as an "owned automobile" pursuant to the terms and conditions of the Canal Policy issued to Defendant Colbert Brian McGriff d/b/a Bear Creek Movers ("McGriff").

2. Specifically, this Court asked Canal to present evidence on the issue of whether or not the 16' x 80' Fleetwood mobile home was "designed for use with a four wheel **private passenger automobile**".

3. The Canal Policy defines the term "**private passenger automobile**" as "a private passenger or station wagon type **automobile …" (**See Exhibit 2 to Canal's Memorandum of Law).

4. First, Canal respectfully submits that pursuant to Rule 201 of the Federal Rules of Evidence, this Court can take judicial notice of the fact a 16' x 80' mobile home is not designed for use with a private passenger or station wagon type automobile. Specifically, Rule 201 allows this Court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned."

5. The Department of Housing and Urban Development (HUD) promulgates the rules and regulations regarding the construction and sale of mobile homes, otherwise known as manufactured homes. 42 U.S.C. §5401 *et seq*. sets forth the HUD regulations regarding manufactured home construction and safety standards. In 42 U.S.C. §5402(6) a manufactured home is defined as:

> "manufactured home" means a structure, transportable in one or more sections, which, in the traveling mode, is 8 body feet or more in width

> or 40 body feet or more in length, or, when erected on site, is 320 or more square feet, and which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and includes the plumbing, heating, air conditioning, and electrical systems contained therein; except that such terms shall include any structure which meets all the requirements of this paragraph except the size requirements and with respect to which the manufacturer voluntarily files a certification required by the Secretary and complies with the standard established under this chapter; except that such terms shall not include any self-propelled recreational vehicle.

The codification of 42 U.S.C. §5402 *et seq.* states that the term "mobile home" in the text has been changed to "manufactured housing". Therefore, when defining a "manufactured home" in 42 U.S.C. §5402(6) it would also be referring to the type of mobile home at issue in this case.

6. Furthermore, §32-9-20 of the Alabama Code lists schedules of restrictions on hauling trailers on the highways of the State of Alabama and states in pertinent part:

> It shall be unlawful for any person to drive or move on any highway in this state any vehicle or vehicles of a size or weight except in accordance with the following:
>
> (1) WIDTH. Vehicles and combinations of vehicles, operated on the highways with traffic lanes 12 feet or more in width shall not exceed a total outside width, including any load thereon, of 102 inches, exclusive of mirrors or other safety devices, approved by the State Department of Transportation…No passenger vehicle shall carry any load extending beyond the line of the fenders…
>
> (3) LENGTH. No vehicle shall exceed in length 40 feet; except, that the length of a truck-semitrailer combination, semitrailers, including load used in a truck tractor-semitrailer combination, shall

> not exceed 57 feet, and semitrailers and trailers including load used in a truck tractor-semitrailer-trailer combination, shall not exceed 28 ½ feet each…**No other vehicle operated on a highway shall carry any load extending more than a total of 5 feet beyond both the front and rear, inclusive the vehicle** (emphasis added).

7. Clearly, as a manufactured home is defined by HUD, the manufactured home/mobile home would be divided in sections of 8 body feet or more in width or 40 body feet or more in length (42 U.S.C. §5402(6). Those weight and length qualifications clearly exceed those allowed under Alabama Code §32-9-20 (1) and (3) regarding the width and length of trailers being hauled by passenger vehicles on the highways of the State of Alabama. Therefore, it is clear that pursuant to the HUD regulations, as well as the Code of Alabama, a mobile home/manufactured home measuring 16' x 80' is not designed or intended to be used with a private passenger or station wagon type automobile, and if in fact was being hauled by such a vehicle would be illegal.

8. Therefore, because the HUD regulations as well as §32-9-20 of the Alabama Code are available to this Court and are capable of assisting this Court in obtaining an accurate and ready determination via sources whose accuracies cannot reasonably be questioned, it is the position of counsel for Canal that this Court can take judicial notice of the HUD regulations and §32-9-20 Code of Alabama (1975) which clearly show that a mobile home is not designed or intended to be hauled or transported by private passenger or station wagon type automobile.

9. Additionally, counsel for Canal respectfully submits that a telephone call to Tommy Colley at the Alabama Manufactured Housing Commission would reveal that mobile homes are not designed or intended for use with a private passenger automobile.

10. Furthermore, a brief inquiry would reveal that a 16' x 80' Fleetwood mobile home weighs between 25,000 and 30,000 pounds. Additionally, Internet research would reveal that in 2007 there were no private passenger or station wagon type automobiles with a towing capacity in excess of 20,000 pounds. In fact, counsel for Canal could find no private passenger or station wagon type automobiles with a towing capacity in excess of 16,000 pounds.

11. For that reason, counsel for Canal respectfully submits that this Court has the authority to take judicial notice that a 16' x 80' Fleetwood mobile home is not intended or designed to be used with a private passenger automobile.

12. However, if this Court is not willing to take judicial notice of that fact, Canal submits and offers the Affidavit of Mike Bazzell, attached hereto as "Exhibit 1". Mr. Bazzell testified in his Affidavit that he has worked in the mobile home industry for approximately 25 years and was a certified mobile home installer by the Alabama Manufactured Housing Commission for 9 of those years. Mr. Bazzell testified that a commercial driver's license (CDL) is required to move and transport mobile homes because of their weight. Specifically, Mr. Bazzell testified

that a 16' x 80' mobile home would weigh in excess of 26,000 pounds and as such a CDL would be required to move a mobile home of that size. Mr. Bazzell further testified that a 16' x 80' mobile home is not designed or intended to be used with a private passenger or station wagon type automobile and in fact could not be hauled by such a vehicle. Mr. Bazzell testified that when a 16' x 80' mobile home is moved a tractor of semi-rig is used to move the mobile home.

13. For that reason, counsel for Canal respectfully submits that it is abundantly clear that a 16' x 80' mobile home, which weighs in excess of 26,000 pounds, is clearly not designed or intended to be used with a private passenger automobile because people are not required to obtain a CDL to drive a private passenger or station wagon type automobile.

14. For that reason, the 16' x 80' Fleetwood mobile home would not qualify as an "**owned automobile**" under the terms of the Canal Policy. Because the 16' x 80' Fleetwood mobile home does not qualify as an "**owned automobile**", no coverage is afforded to Defendant McGriff for the facts surrounding the subject accident.

15. Additionally, the 16' x 80' Fleetwood mobile home would fail to qualify as an "**owned automobile**" under the terms of the Canal Policy because the mobile home had been used for business purposes with another type automobile, specifically the 1988 IH Tractor, which moved the mobile home to the site of the

subject accident several days prior to that accident. Additionally, it is undisputed the mobile home was used for business purposes in that it was sold by Bear Creek Sales to an individual for use as her residence.

16. For all of the foregoing reasons, it is clear the 16' x 80' Fleetwood mobile home was never intended or designed for use with a four wheel private passenger or station wagon type automobile. For that reason, the Fleetwood mobile home at issue in this case does not, and cannot, qualify as an "**owned automobile**". Therefore, as this Court has already determined, if the 16' x 80' Fleetwood mobile home does not qualify as an "**owned automobile**", there is no coverage under the Canal Policy. For that reason, Canal respectfully requests this Court enter an Order granting its Motion for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Canal Insurance Company, prays this Court will enter an Order granting its Motion for Summary Judgment.

Respectfully submitted,

s/David R. Wells
K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company

OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
2001 Park Place North
Suite 400
Birmingham, Alabama 35203
(205) 639-5300
(205) 639-5350 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I have provided all parties to this action with a true and correct copy of the foregoing pleading, via the electronic CM/ECF system, as well as by United States mail, first-class postage pre-paid, on this, the 24th day of January, 2008.

L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL 35203

Samuel L. Adams
MERRILL, HARRISON & ADAMS, LLC
P.O. Box 1690
Dothan, AL 36302

Rufus R. Smith, Jr.
P.O. Drawer 6629
Dothan, AL 36302

s/David R. Wells
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| FRANK LADON COOK; COLBERT BRIAN MCGRIFF; LOWE'S HOME CENTERS, INC.; L.G. SOURCING, INC.; REDMAN HOMES, INC.; and BEAR CREEK SALES, L.L.C. | * | 1:07-CV-410-MHT |
| | * | |
| Defendants. | * | |

**AFFIDAVIT OF MICHAEL GLENN BAZZELL**

Before me, the undersigned Notary Public, in and for said County and State, personally came and appeared Michael Glenn Bazzell, who upon oath deposes and says as follows:

1. My name is Michael Glenn Bazzell. I am over 19 years of age and have personal knowledge of the facts to which this affidavit attests.

2. I worked in the mobile home industry for approximately 25 years, moving, setting up and installing mobile homes. For 9 of those years, I was by the Alabama Manufactured Housing Commission as a certified mobile home installer certified.

EXHIBIT
1

3. As a certified mobile home installer, I have knowledge that the person who transported a mobile home to a site was required to have a commercial driver's license (CDL) to move and transport the mobile homes because of the weight of the mobile home.

4. A 16' x 80' Fleetwood mobile home would weigh in excess of 26,000 lbs., and as such, a CDL would be required to move and haul a mobile home of that size.

5. A 16' x 80' mobile home is not designed to be used with a private passenger or station wagon type automobile.

6. A 16' x 80' mobile home cannot be hauled by a private passenger or station wagon type automobile given its weight.

7. When a mobile home is moved, a tractor or semi-rig is used to move the mobile home because of its weight.

Michael Glenn Bazzell

Sworn to and subscribed before me,

this 24 day of January, 2008.

Lisa Price Smith
Notary Public

My commission expires:

LISA PRICE SMITH NOTARY PUBLIC EXPIRES MAY 21, 2008 ALABAMA STATE AT LARGE