# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV NO.: 1:07-cv-410-MHT |
| ) | |
| FRANK LADON COOK; et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S MOTION TO SHORTEN TIME FOR PLAINTIFF CANAL INSURANCE COMPANY TO RESPOND TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Come now the Defendant, Frank LaDon Cook, in the above-styled matter and move this Honorable Court to shorten the time for Plaintiff, Canal Insurance Company (hereinafter "Canal"), to respond to Defendant Frank LaDon Cook's First Request for Production:

1. Defendant, Frank LaDon Cook, has a right to know if Plaintiff's claims manual clearly illustrates, explains or describes that coverage exists in a factual situation similar to the situation that is described via the pleadings and deposition testimony in this Federal and the underlying Alabama State court civil action.

2. Furthermore, Defendant, Frank LaDon Cook, wishes to discover this information by January 30, 2008, so that he may adequately respond to this Honorable Court's request given during the pretrial conference of January 23, 2008.

3. Additionally, Plaintiff Canal Insurance Company will not be prejudiced by this request. Plaintiff was put on notice of Defendant's interest in the production of their claims manual and claims file on January 3, 2008 when Defendant filed their Witness and Exhibit List. Furthermore, Defendant Frank LaDon Cook requested that Plaintiff Canal Insurance Company bring the claims manual and file to the pretrial conference on January 23rd. Plaintiff, however, refused. <u>See</u> Exhibit "B."

For the foregoing the Defendant's therefore request that the Plaintiff's produce the requested information no later than January 30, 2008. Defendant has attached a copy of their Request for Production as Exhibit "A."

Respectfully submitted,

/s/ L. Andrew Hollis, Jr.
L. Andrew Hollis, Jr. (HOL-043)
One of the attorneys for Defendant
Frank LaDon Cook

<u>**OF COUNSEL:**</u>

HOLLIS, WRIGHT & HARRINGTON, P.C.
1500 Financial Center
505 North 20th Street
Birmingham, AL 35203
(205) 324-3600 telephone
(205) 324-3636 facsimile


Rufus R. Smith, Jr.
P.O. Drawer 6629

Dothan, AL  36302


### CERTIFICATE OF SERVICE

     I hereby certify that I have mailed a true and correct copy of the above and via CM/ECF this the 25th day of January, 2008:

K. Donald Simms, Esq.
David R. Wells, Esq.
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
2001 Park Place North
Suite 400
Birmingham, Alabama  352032

Samuel L. Adams
Merrill, Harrison, & Adams, LLC
P.O. Box 1690
Dothan, AL  36302

                                        /s/ L. Andrew Hollis, Jr.
                                        Of Counsel

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV NO.: 1:07-cv-410-MHT |
| | ) |
| FRANK LADON COOK; et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF,
CANAL INSURANCE COMPANY**

For the purposes of the following interrogatories and requests for production of documents and things, the following definitions apply:

**"Document":** Includes but is not limited to ANY TYPE OF DOCUMENT, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, digital, CD-ROM, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).  It shall include communications in words, symbols, pictures, sound recordings, films and tape. For purposes of illustration and not limitation, the term shall include: reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, notes, or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes, summaries, notes, and others records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles,

speeches, and newspaper clippings); press releases charts; drawings; specifications; manuals; brochures; deeds, deeds of trust; leases; assignments; licenses; scrapbooks; articles of incorporation; plans; sketches; blueprints; maps; graphs; diagrams; shipping documents; bills of lading; manifests; consignment tickets; requisitions; rules and regulations, whether in proposes or final form; and memoranda of all kinds to and from any persons, agencies, or entities. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

**"You" and "Your":** means the Defendant to whom these interrogatories are directed including the officers, employees, agents, attorneys or representatives of said Defendant.

**"Communication":** means any transfer, attempted transfer, or requests for a transfer of information between persons. A document or communication "relating to" a subject matter is one constituting, comprising, identifying, referring to or dealing with that subject matter.

**"Person"**: means any natural person, corporation, d/b/a, a/k/a, proprietorship, partnership, professional corporation, licensee, franchisee, joint venture, association, group, governmental agency or agent, whether foreign or domestic, and any other entity.

**"Identity"**: in any of their forms in these interrogatories shall require said Defendant to provide: When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number (except for parties to the litigation), residence address or business address, if known. When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office and each of its present addresses and telephone numbers, if known. When used in reference to a document, it means to refer to the document by Bates number or Bates range, or attach such documents, identifying the specific interrogatory(ies) to which such documents are responsive, or if the document is stored on electronic or other medium, describe the document with sufficient specificity that will enable the Plaintiffs to prepare a subpoena duces tecum or request for production. The singular and masculine form or any noun or pronoun includes the plural, the feminine, and the neuter. The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these requests.

**"Or"**: as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or;" rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

**Application Software:**  Any set of electronic or digital instructions, also known as a program, which instructs a computer or other device to perform a specific set of processes.

**Archive:**  Any copy of data on a computer drive, or on a portion of a drive, maintained for historical reference.

**Backup:**  Any copy of active data, intended for use in restoration of data.

**Computer:**  Includes but is not limited to network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, the personal data assistants (hereinafter "PDAs") of this Defendant and its employees, such as BlackBerry, Treo, PalmPilot, Cassiopeia, HP Jornada and/or other such handheld computing devices, digital cell phones and pagers.

**Data:**  Any and all information stored on magnetic, optical and/or any other storage media that may be accessed by a computer or other device.

**Digital Camera**:  A camera or photographic device that takes and/or stores still or moving pictures in a digital format (JPEG, TIFF, GIF, etc.).

**Hard Drive:**  The primary hardware that a computer uses to store information, typically magnetized media on rotating disks.

**Help Features/Documentation:**  Instructions that assist a user on how to set up and use a product including but not limited to software, installation and operation manuals and instruction files.

**Imaged Copy**: A "mirror image" bit-by-bit copy of a hard drive (i.e., a complete replication of the physical drive).

**Input Device:**  Any object that allows a user to communicate with a computer by entering information or issuing commands (i.e., wireless or wired keyboard, mouse or joystick).

**Magnetic or Optical Storage Media:** Include but are not limited to hard drives (also known as "hard disks"), backup tapes, CD-ROMs, DVD-ROMs, JAZ and Zip drives, and floppy disks.

**Network:**  A group of connected computers that allow people to share information and equipment (e.g., local area network [LAN], wide area network [WAN], metropolitan area network [MAN], storage area network [SAN], peer-to-peer network, client-server network).

**Operating System:**  Software that directs the overall activity of a computer (e.g., MS-DOS, Windows, Linux).

**Network Operating System**: Software that directs the overall activity of networked computers.

**Software:** Any set of instructions stored on computer-readable media that tells a computer what to do. Includes operating systems and applications.

**Storage Devices:** Any device that a computer uses to store information.

**Storage Media:** Storage media are any removable devices that store data.

**REQUEST FOR PRODUCTION**

1. Please produce the entire Canal Insurance Company claims manual in place and effective on March 30, 2006 that is or was used to interpret claims which are made the basis of this case and/or the underlying state court action pending in Henry County, Alabama, CV-06-42H.

2. Please produce the Canal Insurance claims file for the accident made the basis of the underlying state court action in Henry County, Alabama, CV-06-42H.


           /s/ L. Andrew Hollis, Jr.
           L. ANDREW HOLLIS, JR. (HOL-043)
           Attorney for Plaintiffs


**OF COUNSEL:**

HOLLIS, WRIGHT & HARRINGTON, P.C.
1500 Financial Center
505 North 20th Street
Birmingham, AL 35203
(205) 324-3600 telephone
(205) 324-3636 facsimile


Rufus R. Smith, Jr.
P.O. Drawer 6629
Dothan, AL 36302

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a true and correct copy of the above and foregoing by U.S. Mail, properly addressed and postage prepaid this the 25th day of January, 2008:

K. Donald Simms, Esq.
David R. Wells, Esq.
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
2001 Park Place North
Suite 400
Birmingham, Alabama  352032

Samuel L. Adams
Merrill, Harrison, & Adams, LLC
P.O. Box 1690
Dothan, AL  36302

/s/ L. Andrew Hollis, Jr.
Of Counsel

## Greg Foster

**From:** David Wells [dwells@wmslawfirm.com]
**Sent:** Monday, January 21, 2008 5:57 AM
**To:** Greg Foster
**Subject:** RE: Canal v. Cook

I'm not bringing a copy with me.

David R. Wells
Whitaker, Mudd, Simms, Luke & Wells, LLC
2001 Park Place North
Suite 400
Birmingham, AL 35203
(205) 639-5300 (telephone)
(205) 639-5350 (facsimile)

THIS COMMUNICATION AND ALL ATTACHMENTS MAY BE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE AND/OR CONSIDERED ATTORNEY-WORK PRODUCT AND IS INTENDED SOLEY FOR THE USE OF THE ADDRESSEE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU SHOULD IMMEDIATELY STOP READING THIS MESSAGE AND DELETE IT FROM YOUR SYSTEM. ANY UNAUTHORIZED READING, DISTRIBUTION, COPYING, OR OTHER USE OF THIS MESSAGE OR ITS ATTACHMENTS IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY ME IMMEDIATELY AT 205-639-5300. THANK YOU.

**From:** Greg Foster [mailto:gregf@hollis-wright.com]
**Sent:** Sunday, January 20, 2008 4:36 PM
**To:** David Wells
**Cc:** Rufus Smith
**Subject:** Canal v. Cook

David,

Are you bringing a copy of the Canal Insurance Claims file and Claims Manual as listed in Defendant Frank LaDon Cook's witness and exhibit list on Wednesday to the Pre-trial meeting or do we need to subpoena those items?

Greg

Exhibit "B"

1/25/2008