IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| FRANK LADON COOK, et al., | * | 1:07-CV-410-MHT |
| | * | |
| Defendants. | * | |

**PLAINTIFF CANAL INSURANCE COMPANY'S RESPONSE IN OBJECTION TO DEFENDANT'S MOTION TO SHORTEN TIME**

COMES NOW the Plaintiff, Canal Insurance Company ("Canal"), by and through its undersigned counsel of record, and files its Response in Objection to Defendant Frank Ladon Cook's ("Cook") Motion to Shorten Time, and as grounds for such shows unto the Court as follows:

1. On July 23, 2007, Judge Myron H. Thompson entered a Uniform Scheduling Order, Document 13, which set forth a discovery deadline of September 15, 2007.

2. On July 13, 2007, Defendant Frank Ladon Cook served Interrogatories and Request for Production on Plaintiff Canal.

3. Thereafter, on August 28, 2007, counsel for Canal served the Plaintiff's Response to Cook's Interrogatories and Request for Production on all counsel of record.

4.	After August 28, 2007, no further, additional or other requests were made by counsel for Defendant Cook regarding any documentation requested. Specifically, Canal objected to producing any claims manual on the basis that this is a Declaratory Judgment action wherein the parties had asked the Court to define the relationship between the parties based on the policy of insurance and the underlying claims.

5.	Counsel for Cook never requested a supplemental response to their request, nor did they seek to take any action with this Honorable Court by filing a Motion to Compel.

6.	While Defendant Cook may have listed a Canal claims manual and claim file as exhibits on his exhibit list, counsel for Cook never inquired further as to counsel for Canal about any such documentation.

7.	In fact, the first notice that counsel for Canal received following Canal's response to Cook's discovery was when counsel received an e-mail on January 21, 2008, from Greg Foster, one of the attorneys for Defendant Cook, inquiring if Canal's counsel was bringing the claims manual or claim file to the Pretrial Conference. Given the fact Canal had previously objected to producing that documentation, Canal's counsel informed Mr. Foster he would not be bringing those documents.

8.	Thereafter, on January 25, some four months after the expiration of the discovery deadline, Defendant Cook's attorneys filed a Request for Production specifically seeking a copy of Canal's claim file and claim manual and requested that documentation be produced within five days.

9.	Canal respectfully submits that Cook has waived his right to obtain copies of those documents, given the fact his attorneys never followed-up during the discovery period by making no further inquiry of counsel for Canal nor filing any pleadings with the Court. Therefore, counsel for Canal respectfully requests that this Court strike the Defendant's First Request for Production on the grounds that it is untimely.

10.	Additionally, counsel for Canal respectfully submits that even if this Court were inclined to allow Cook to conduct additional discovery to obtain the information requested, Canal's attorney does not have copies of the documents requested and would be unable to obtain, review and produce them prior to January 30th. For that reason, if this Court is inclined to allow Cook to conduct additional discovery with respect to the claims manual and/or claim file, counsel for Canal respectfully submits that he would need the full thirty days allowed by Rule 34 of the Federal Rules of Civil Procedure to be able to respond to said request.

11.	However, counsel for Canal respectfully submits the documentation requested is not pertinent to the only issue present before this Court. That is,

whether or not a 16' x 80' mobile home is intended or designed to be used with a private passenger automobile. Counsel for Canal has already filed its Supplemental Submission pursuant to this Court's request within two days of the Pretrial Conference. Whether or not a 16' x 80' mobile home is designed to be used with a private passenger or station wagon type automobile, is a question that likely would not be answered by any information contained in the claims manual or claims file as the answer is clear, it is not.

12. For the foregoing reasons, counsel for Plaintiff Canal Insurance Company, respectfully requests this Court deny the Defendant's Motion to Shorten Time for the Plaintiff Canal Insurance Company to respond to Defendant's First Request for Production and strike Defendant's First Request for Production to Plaintiff, Canal Insurance Company, for the reasons stated herein.

13. Alternatively, if this Court is inclined to allow the Defendant's First Request for Production to Plaintiff, Canal Insurance Company to stand, Plaintiff Canal respectfully requests this Court allow it the full thirty days set forth in Rule 34 of the Federal Rules of Civil Procedure to respond to said discovery for the reasons stated herein. Given the fact this case is currently set for a bench trial on February 11th, that would necessitate the continuance of the Trial of this case. If this Court feels the information is needed to properly adjudicate this claim, counsel

for Canal respectfully submits that a continuation of the Trial of this case would be warranted.

WHEREFORE, premises considered, Plaintiff, Canal Insurance Company, by and through its undersigned counsel of record, submits its Response and Objections to the Defendant's Motion to Shorten Time for Plaintiff Canal Insurance Company to respond to Defendant's First Request for Production and requests the Court enter an Order denying the Defendant's Motion and Strike the Discovery propounded for the foregoing reasons.

          Respectfully submitted,

          s/David R. Wells
          K. DONALD SIMMS (ASB-9801-M63K)
          DAVID R. WELLS (ASB-5009-L50D)
          Attorneys for Plaintiff,
          Canal Insurance Company

OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
2001 Park Place North
Suite 400
Birmingham, Alabama 35203
(205) 639-5300
(205) 639-5350     fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have provided all parties to this action with a true and correct copy of the foregoing pleading, via the electronic CM/ECF system, as well as by United States mail, first-class postage pre-paid, on this, the 29th day of January, 2008.

L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL  35203

Samuel L. Adams
MERRILL, HARRISON & ADAMS, LLC
P.O. Box 1690
Dothan, AL  36302

Rufus R. Smith, Jr.
P.O. Drawer 6629
Dothan, AL 36302

                                                          s/David R. Wells
                                                          OF COUNSEL