IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:07-cv-410-MHT |
| | ) | |
| FRANK LADON COOK, | ) | |
| COLBERT BRIAN MCGRIFF, and | ) | |
| BEAR CREEK SALES, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is *Defendant's Motion to Shorten Time for Plaintiff Canal Insurance Company to Respond to Defendant's First Request for Production* (Doc. 44, filed January 25, 2008) and *Plaintiff Canal Insurance Company's Response in Objection to Defendant's Motion to Shorten Time* (Doc. 46, filed January 29, 2008)

Several federal courts in Alabama have already addressed the key question presented here - i.e., should the Court exercise its authority to control the pace of litigation. *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (the good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension); *Hosea v. Langley*, 2006 WL 314454 (S.D. Ala. 2006) (parties showed no good cause why discovery had to take place outside of discovery deadline so Motion to Compel was denied); *Argo Systems FZE*

*v. Liberty Insurance PTE, LTD.*, 2005 WL 1355060 (S.D. Ala. 2005) (citing *Sosa* and reiterating importance of keeping to scheduling orders without good cause).

The Scheduling Order states "[a]ll discovery shall be completed on or before September 15, 2007, except that, as to any witnesses whose names are not revealed until the last day allowed under Section 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses."  *See* Doc. 13, Scheduling Order §7.  Defendant Cook first filed this request for production on January 25, 2008.  *See* Exhibit A to Doc. 44.  Even taking a generous perspective on the notice to Plaintiff, and in Defendant Cook's own words, "Plaintiff was put on notice of Defendant's interest in the production of their claims manual and claims file on January 3, 2008 when Defendant filed their Witness and Exhibit List."  *See* Doc. 44 at § 3.  This is still well beyond the September 15, 2007 discovery deadline.  The court may grant an extension to deadlines in situations where it cannot be reasonably met despite the diligence of the parties, but if they were not diligent, the court's inquiry should end.  *Sosa*, 133 F.3d at 1418.

Permitting the discovery would be a *de facto* extension to the scheduling order. This case is less than two weeks from trial and any discovery should have long since occurred.[1]  This is a classic example of Defendant Cook not diligently pursuing discovery and to permit such discovery would adversely affect the Court's schedule as well as

---

[1]   The trial is currently set for February 11, 2008.  *See* Doc. 24, Order.

prejudice the Plaintiff. Consequently, *Defendant's Motion to Shorten Time for Plaintiff Canal Insurance Company to Respond to Defendant's First Request for Production* (Doc. 44) is **DENIED**. In addition, Plaintiff's Motion to Strike the Defendant's First Request for Production is **GRANTED** due to the untimely nature of the request.[2]

DONE this 29th day of January, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Motion to Strike is listed in *Plaintiff Canal Insurance Company's Response in Objection to Defendant's Motion to Shorten Time* (Doc. 46) at §§ 9 and 12.