IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| FRANK LADON COOK, et al., | * | 1:07-CV-410-MHT |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Canal Insurance Company ("Canal"), by and through its undersigned counsel of record, and moves this Court to enter an Order striking Defendant Frank Ladon Cook's Second Supplemental Brief in Opposition to Plaintiff's Motion for Summary Judgment, and as grounds for such shows unto the Court as follows:

1. On January 23, 2008, this Honorable Court held a Pretrial Hearing at which time this Court addressed the Motion for Summary Judgment filed on behalf of Canal as well as the oppositions filed on behalf of Defendants Frank Ladon Cook ("Cook") and Colbert Brian McGriff ("McGriff").

2. At the Pretrial Hearing, this Court advised counsel for all parties that the Court had reviewed the Motion for Summary Judgment, as well as the

Defendants' Oppositions, and this Court specifically requested that Canal submit evidence on the <u>sole</u> issue of whether or not the 16' x 80' mobile home that fell on Cook was designed for use with a four-wheel **private passenger automobile** as defined by the Canal Policy to qualify it as an owned automobile.

3.  The question of whether or not the 16' x 80' mobile home was designed for use with a 4-wheel **private passenger automobile** was the only issue on which this Court requested that supplemental evidence be submitted.

4.  Thereafter, on January 24, 2008, Canal filed its supplemental submission pursuant to this Court's instructions. After receiving the submission, this Court entered an Order allowing the Defendants up and until February 8, 2008, to file a response to Canal's submission on the sole issue raised in the submission.

5.  Thereafter, on February 8, 2008, Cook filed his Second Supplemental Brief in Opposition to Plaintiff's Motion for Summary Judgment with Supporting Exhibits A-D ("Supplemental Brief").

6.  In reviewing the Supplemental Brief, it is clear that Cook submitted <u>no</u> evidence on the issue requested by this Court. Instead, Cook's counsel attempts to submit an entirely new Brief and supporting evidence on the same issue raised in Cook's original Opposition to Canal's Motion for Summary Judgment. In essence, Cook's counsel is seeking a second bite of the apple by filing a

Supplemental Brief on the same arguments raised and addressed in his original opposition to Canal's Motion for Summary Judgment.

7. As this Court is aware, on October 24, 2007, it entered an Order (Document 25) which set a November 9, 2007 deadline for submissions on Motion for Summary Judgment, including oppositions and evidentiary materials.

8. The Supplemental Brief filed by Cook on February 8, 2008, clearly violates this Court's October 24, 2007 Order as it attempts to submit a Brief and evidentiary material on issues which were previously briefed by all parties. Additionally, the Supplemental Brief wholly fails and excludes to even mention the issue raised by the Court at the January 23, 2008 Pretrial Hearing.

9. Because the Supplemental Brief expressly violates this Court's instructions at the January 23, 2008 Pretrial Hearing, specifically that this Court requested a supplemental submission on the sole issue of whether or not the 16' x 80' mobile home was designed for use with a four-wheel **private passenger automobile**, the Supplemental Brief is due to be stricken from the record.

10. Additionally, the evidentiary materials submitted in support of the Supplemental Brief identified as "Exhibits A-D" should also be stricken as they were not submitted in accordance with this Court's November 9, 2007 deadline. Furthermore, Everett Lee Herndon, Jr., was not disclosed as a potential expert witness on Cook's initial Rule 26 disclosures, now was he ever identified on

Cook's Witness List. For those reasons, the evidentiary submissions should be stricken as well.

WHEREFORE, premises considered, Plaintiff, Canal Insurance Company, prays this Court will enter an Order striking Defendant Frank Ladon Cook's Secod Supplemental Brief in Opposition to Plaintiff's Motion for Summary Judgment for the foregoing reasons.

Respectfully submitted,

s/David R. Wells
K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company

OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
2001 Park Place North
Suite 400
Birmingham, Alabama 35203
(205) 639-5300
(205) 639-5350     fax

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have provided all parties to this action with a true and correct copy of the foregoing pleading, via the electronic CM/ECF system, as well as by United States mail, first-class postage pre-paid, on this, the 11th day of February, 2008.

L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL  35203

Samuel L. Adams
MERRILL, HARRISON & ADAMS, LLC
P.O. Box 1690
Dothan, AL  36302

Rufus R. Smith, Jr.
P.O. Drawer 6629
Dothan, AL 36302

                                                            s/David R. Wells
                                                            OF COUNSEL