IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CV NO.: 1:07-cv-410-MHT |
| ) | |
| FRANK LADON COOK; et al., ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANT'S CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE AND MOTION TO DEEM SUPPLEMENTAL MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
UNOPPOSED**

**COMES NOW** the Defendant Frank Cook, by and through his undersigned counsel, and pursuant to this Court's Order files this Consolidated Response to Plaintiff Canal Insurance Company's ("Canal's") Motion to Strike and Motion to Deem Supplemental Memorandum of Law in Support of Motion for Summary Judgment Unopposed. Plaintiff respectfully requests this Honorable Court to deny the relief sought by Plaintiff Canal. In support, Defendant Cook would show unto this Court the following:

**INTRODUCTION**

This Court's Order of February 12, 2008 instructs Defendant Cook to respond to Plaintiff Canal Insurance Company's recently submitted Motion to Strike and Motion to Deem Supplemental Memorandum of Law in Support of Motion for Summary Judgment Unopposed. Defendant Cook files this response pursuant to this Order and submits that Plaintiff Canal's motions should be denied as Defendant Cook did respond to the concerns had by this Court on the issue of coverage in this case. Defendant Cook will incorporate relevant facts into the argument section of this memorandum.

**ARGUMENT**

As this Court is aware, at the Pretrial Hearing on January 28, 2008, this Court expressed concerns regarding the applicability of coverage in this particular case. Indeed, as was stated in Cook's February 8, 2008, Second Supplemental Brief in Opposition to Plaintiff Canal Insurance Company's Motion for Summary Judgment (Document #51), the undersigned had the understanding that at the Pretrial Hearing, this Court was concerned with the arguments maintained by the Defendants with respect to the "loading and unloading" of the owned automobile involved in the accident made the basis for the underlying case. (Defendant Cook's Second Supplemental Brief at 1) Specifically, it was this counselor's understanding that this Court was under the impression that perhaps the coverage question in this case may only be answered by knowing whether the subject mobile home was "designed for use with a four wheel private automobile" as defined in a paragraph contained in the subject policy of insurance. (Id. at 2) Finally, as was candidly stated by the undersigned, this counselor assumed that by articulating such concerns this Court may be under the impression that the mobile home that fell on Frank Cook was not a "covered automobile" at the time it collapsed on Mr. Cook. (Id.) Cook made his submission and reiterated those reasons why Plaintiff Canal's request for summary judgment should be denied and why Defendant Cook's Motion for Summary Judgment should be granted as Alabama's "efficient proximate cause" rule calls for coverage on the Canal insurance policy for the accident that crippled Mr. Cook.

On February 11, 2008, Plaintiff Canal filed its Motion to Strike and Motion to Deem Supplemental Memorandum of Law in Support of Motion for Summary Judgment Unopposed asking this Court to strike, dismiss and otherwise ignore the Second Supplemental Brief filed by Cook because, according to Plaintiff Canal, Cook did not submit

2

evidence that showed the subject mobile home trailer had anything to do with being pulled behind a "private passenger vehicle". Counsel for Cook submits that Canal's observation "misses the mark" on what this case is about and effectively seeks to punish Defendant Cook for seeking to inform this Court that the law in Alabama mandates coverage in this case.

## DEFENDANT COOK'S SUBMISSION

While it is true that Cook's submission to this Court of February 8, 2008 (Document #??) does not proffer evidence that shows the subject mobile home is "designed for use by a private passenger vehicle," this lack of offering is of no consequence to what should be the determinative issue and analysis in this case. Indeed, this counselor believes that the "private passenger vehicle" clause located in the subject policy is referenced therein for those occasions when the insured may use a trailer (such as a utility trailer) during the course of any given job performed by Bear Creek and that trailer causes either personal or property damage arising out of Bear Creek's use of said trailer, including during the loading or unloading thereof from a covered automobile. Certainly this hypothetical scenario would be an "occurrence" to which the "private passenger" clause would provide coverage. As such, Cook does not believe that the "private passenger" clause applies in this case. This is precisely why Defendant Cook made the submission that he did--to wit; this counselor believes that any analysis of the "private passenger vehicle/trailer" clause is the improper analysis to be used in making any determination of insurance coverage in this case. Counsel for Cook made his submission and responded to the concerns expressed by this Court during the Pretrial Hearing. Specifically, Cook illustrated for this Court and showed that under the facts of this case, long standing Alabama law, including the "efficient proximate cause" rule and insurance industry standards, the claim against Bear Creek in the underlying

3

case styled *Frank Ladon Cook v. Bear Creek Sales, L.L.C., a corporation, et al.*, CV-06-42, **does** fall within the coverage provisions of the subject automobile insurance policy.

In responding to this Court's concerns on the applicability of the subject policy of insurance to the claims of Cook in the underlying case, Defendant Cook incorporated into his February 8, 2008 submission the Affidavit of Everette Lee Herndon. Counsel for Canal is correct that Mr. Herndon, **just like Canal's previously undisclosed expert Mike Bazzell**, was never disclosed in any Rule 26 disclosure to date. Nevertheless, just like Canal who proffered its own expert to address the concerns expresses by this Court during the Pretrial Hearing of January 28, 2008, Defendant Cook proffered Mr. Herndon in support of its position that under the proper analysis that should be used in this case, the subject policy of insurance provides coverage to Bear Creek Sales for defense and indemnification in the underlying personal injury case. Certainly, if Cook had proffered any mobile home expert to testify about an inapplicable "private passenger vehicle" clause, Canal would not have made this motion. Canal should not now be rewarded simply because Cook chose to encourage the use of the proper analysis in this important insurance coverage case.

For these reasons, Defendant Cook respectfully submits that Plaintiff Canal Insurance Company's requested relief should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant Cook respectfully request this Honorable Court to deny Plaintiff Canal Insurance Company's Motion to Strike and Motion to Deem Supplemental Memorandum of Law in Support of Motion for Summary Judgment Unopposed. Furthermore, for the reasons stated herein, Defendant Frank Cook respectfully requests this Court to consider the submissions by all parties, deny Plaintiff Canal's Motion for Summary Judgment and grant that summary judgment filed by Defendant Cook.

Respectfully submitted,

/s/ Steve Couch
STEVEN WILLIAM COUCH

**OF COUNSEL:**
**HOLLIS & WRIGHT, P.C.**
1500 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing via the CM/ECF system, this the 22nd day of February, 2008, which will provide notice to the following:

K. Donald Simms
David R. Wells
Whitaker, Mudd, Simms, Luke & Wells, L.L.C.
2001 Park Place North, Suite 400
Birmingham, Alabama 35203

Samuel L. Adams, Esq.
Merrill, Harrison & Adams, LLC
Post Office Box 1690
Dothan, Alabama 36302

Rufus R. Smith, Esq.
Post Office Drawer 6629
Dothan, Alabama 36302-0000

/s/ Steve W. Couch
OF COUNSEL