IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| FRANK LADON COOK; | * | 1:07-CV-410-MHT |
| COLBERT BRIAN MCGRIFF; | * | |
| LOWE'S HOME CENTERS, INC.; | * | |
| L.G. SOURCING, INC.; | * | |
| REDMAN HOMES, INC.; and | * | |
| BEAR CREEK SALES, L.L.C. | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF CANAL INSURANCE COMPANY'S
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COMES NOW the Plaintiff, Canal Insurance Company, by and through its

undersigned counsel of record, and pursuant to this Honorable Court's January 30,

2008 Order, submits the following Proposed Findings of Fact and Conclusions of

Law:

**PLAINTIFF CANAL INSURANCE COMPANY'S
PROPOSED FINDINGS OF FACT**

1.      Canal Insurance Company (hereinafter "Canal") is a South Carolina

Corporation with its principal place of business in Greenville, South Carolina.  Canal

-1-

was qualified and engaged in the business of writing insurance in the State of Alabama on March 30, 2006.

2.    Frank LaDon Cook (hereinafter "Cook") is a citizen of the State of Alabama with his residence in Midland City, Alabama.

3.    Colbert Brian McGriff (hereinafter "McGriff") is a citizen of the State of Alabama with his residence in Slocomb, Alabama.

4.    McGriff owns Bear Creek Movers which was in the business of transporting and setting-up mobile homes in March 2006.

5.    In March 2006, McGriff owned a 1988 IH Tractor which was used by Bear Creek Movers to transport mobile homes.

6.    On March 30, 2006, Cook was injured when a 16' x 80' Fleetwood brand mobile home (hereinafter "the mobile home") fell on him, causing personal injuries, while Cook was attempting to set a pier under the mobile home.

7.    On March 30, 2006, the mobile home was not attached to the 1988 IH Tractor.

8.    On March 30, 2006, the IH Tractor was being driven by Randy Lee Cook and was located somewhere on Interstate 65 or Highway 231 on its way back from Double Springs, Alabama.

9.    The mobile home that fell on Cook is not designed for use with a private

passenger or station wagon type automobile.

10.    Canal issued a Basic Automobile Liability Policy to Colbert Brian McGriff d/b/a Bear Creek Movers bearing Policy Number 47 04 33 (hereinafter "the Canal Policy") with effective dates of coverage from November 2, 2005 until cancelled.

11.    The Canal Policy issued to McGriff contains the following terms, conditions, provisions and endorsements:

**SECTION A – BASIC AUTOMOBILE LIABILITY INSURANCE**

**I.      COVERAGE A – BODILY INJURY - -
COVERAGE B – PROPERTY DAMAGE LIABILITY:**

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

**Bodily injury or property damage**

To which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute automobile**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**III.   PERSONS INSURED:**  Each of the following is an **insured** under this insurance to the extent set forth below:

      (a)    the **named insured;**

**VII.  ADDITIONAL DEFINITIONS (Automobile Liability Insurance):**  When used in reference to this insurance (including endorsements forming a part of the policy):

**"owned automobile"** means either

      (a)    An **automobile** which is owned by the **named insured** and described in the declarations; or

and "**owned automobile**" includes a **trailer** not described in this policy, if designed for use with a four wheel **private passenger automobile** and if not being used for business purposes with another type **automobile**;

"**private passenger automobile**" means a private passenger or station wagon type **automobile** and any **automobile** the **purpose of use** of which is stated in the declarations as **pleasure and business**;

"**trailer**" includes a semi-trailer but does not include **mobile equipment**;

12.   The Declarations Page of the Canal Policy identifies and defines the

**"owned automobile"** covered by the Canal Policy as a 1988 IH TRACTOR and

ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED

TRACTOR.

13.   The Declarations Page of the Canal Policy defines the purpose of use of

the "**owned automobile**" as Commercial and no "**private passenger automobile**"

is identified on the Declarations Page with a stated use of **Pleasure and Business**.

14.    Between November 2, 2005 and March 30, 2006, the only vehicle McGriff insured with Canal was the 1988 IH Tractor.

15.    Mike Bazzell worked in the mobile home industry for approximately 25 years and was a certified mobile home installer by the Alabama Manufactured Housing Commission for 9 of those years.

16.    A commercial driver's license (CDL) is required to move and transport mobile homes because of their weight. Specifically, a 16' x 80' mobile home would weigh in excess of 26,000 pounds and as such a CDL would be required to move a mobile home of that size.

17.    A 16' x 80' mobile home could not be hauled by a private passenger or station wagon type automobile vehicle.

18.    A tractor or semi-rig would be used to move a 16' x 80' mobile home.

19.    The Department of Housing and Urban Development (HUD) promulgates the rules and regulations regarding the construction and sale of mobile homes, otherwise known as manufactured homes. 42 U.S.C. §5401 *et seq*. sets forth the HUD regulations regarding manufactured home construction and safety standards. In 42 U.S.C. §5402(6) a manufactured home is defined as:

> "manufactured home" means a structure, transportable in one or more

sections, which, in the traveling mode, is 8 body feet or more in width or 40 body feet or more in length, or, when erected on site, is 320 or more square feet, and which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and includes the plumbing, heating, air conditioning, and electrical systems contained therein; except that such terms shall include any structure which meets all the requirements of this paragraph except the size requirements and with respect to which the manufacturer voluntarily files a certification required by the Secretary and complies with the standard established under this chapter; except that such terms shall not include any self-propelled recreational vehicle.

The codification of 42 U.S.C. §5402 *et seq.* states that the term "mobile home" in the text has been changed to "manufactured housing". Therefore, when defining a "manufactured home" in 42 U.S.C. §5402(6) it would also be referring to the type of mobile home at issue in this case.

20. §32-9-20 of the Alabama Code lists schedules of restrictions on hauling trailers on the highways of the State of Alabama and states in pertinent part:

It shall be unlawful for any person to drive or move on any highway in this state any vehicle or vehicles of a size or weight except in accordance with the following:

(1) WIDTH. Vehicles and combinations of vehicles, operated on the highways with traffic lanes 12 feet or more in width shall not exceed a total outside width, including any load thereon, of 102 inches, exclusive of mirrors or other safety devices, approved by the State Department of Transportation…No passenger vehicle shall carry any load extending beyond the line of the fenders…

(3) LENGTH. No vehicle shall exceed in length 40 feet;

except, that the length of a truck-semitrailer combination, semitrailers, including load used in a truck tractor-semitrailer combination, shall not exceed 57 feet, and semitrailers and trailers including load used in a truck tractor-semitrailer-trailer combination, shall not exceed 28 ½ feet each…**No other vehicle operated on a highway shall carry any load extending more than a total of 5 feet beyond both the front and rear, inclusive the vehicle** (emphasis added).

## PLAINTIFF CANAL INSURANCE COMPANY'S PROPOSED CONCLUSIONS OF LAW

1.      Canal is entitled to judgment as a matter of law on its Complaint and Amended Complaint for Declaratory Judgment because the undisputed evidence has established that no coverage exists under the Canal Policy based upon the facts of the underlying loss and the terms, conditions, and provisions of the Canal Policy.

2.      The mobile home that fell on Cook does not qualify as an "**owned automobile**" under the Canal Policy because the mobile home was not attached to the 1988 IH Tractor when it fell on Cook.

3.      The Canal Policy defines an "**owned automobile**" as a 1988 IH TRACTOR and ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR.

4.      For the Canal Policy to provide coverage for a "bodily injury" or "property damage", the injury or damage must arise out of the "ownership, maintenance or use . . . of an owned automobile."  Since it is undisputed that the

mobile home was not attached to the 1988 IH Tractor at the time it fell on Cook, the mobile home cannot and does not qualify as an "owned automobile" under the Canal Policy.

5.    *Canal Insurance Company v. Old Republic Insurance Company*, 718 So. 2d 8 (Ala. 1998) is directly on point with this case and the rationale relied upon by the Alabama Supreme Court in analyzing the identical insuring policy language would be applicable to the facts of this case.

6.    Based upon the Alabama Supreme Court's holding in *Canal Insurance Company v. Old Republic Insurance Company*, 718 So. 2d 8 (Ala. 1998), Canal owes no duty to defend or indemnify McGriff and Bear Creek Movers because the mobile home was not attached to the 1988 IH Tractor at the time of loss.

7.    The Canal Policy issued to McGriff is clear and unambiguous.

8.    The mobile home that fell on Cook is not, and was not, designed for use with a four wheel **"private passenger automobile"** or station wagon type **automobile**.

9.    The Department of Housing and Urban Development (HUD) promulgates the rules and regulations regarding the construction and sale of mobile homes, otherwise known as manufactured homes.  42 U.S.C. §5401 *et seq*. sets forth the HUD regulations regarding manufactured home construction and safety standards.

In 42 U.S.C. §5402(6) a manufactured home is defined as:

> "manufactured home" means a structure, transportable in one or more sections, which, in the traveling mode, is 8 body feet or more in width or 40 body feet or more in length, or, when erected on site, is 320 or more square feet, and which is built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and includes the plumbing, heating, air conditioning, and electrical systems contained therein; except that such terms shall include any structure which meets all the requirements of this paragraph except the size requirements and with respect to which the manufacturer voluntarily files a certification required by the Secretary and complies with the standard established under this chapter; except that such terms shall not include any self-propelled recreational vehicle.

The codification of 42 U.S.C. §5402 *et seq.* states that the term "mobile home"

in the text has been changed to "manufactured housing". Therefore, when defining

a "manufactured home" in 42 U.S.C. §5402(6) it would also be referring to the type

of mobile home at issue in this case.

   10.   §32-9-20 of the Alabama Code lists schedules of restrictions on hauling

trailers on the highways of the State of Alabama and states in pertinent part:

> It shall be unlawful for any person to drive or move on any highway in this state any vehicle or vehicles of a size or weight except in accordance with the following:

> (1)   WIDTH. Vehicles and combinations of vehicles, operated on the highways with traffic lanes 12 feet or more in width shall not exceed a total outside width, including any load thereon, of 102 inches, exclusive of mirrors or other safety devices, approved by the State Department of Transportation…No passenger vehicle shall carry any

load extending beyond the line of the fenders…

(3)    LENGTH.  No vehicle shall exceed in length 40 feet; except, that the length of a truck-semitrailer combination, semitrailers, including load used in a truck tractor-semitrailer combination, shall not exceed 57 feet, and semitrailers and trailers including load used in a truck tractor-semitrailer-trailer combination, shall not exceed 28 ½ feet each…**No other vehicle operated on a highway shall carry any load extending more than a total of 5 feet beyond both the front and rear, inclusive the vehicle** (emphasis added).

11.    Since HUD regulations state that "mobile homes" are manufactured homes, a manufactured home, as defined by HUD, would be divided in sections of 8 body feet or more in width or 40 body feet or more in length (42 U.S.C. §5402(6).  Those weight and length qualifications exceed those allowed under Alabama Code §32-9-20 (1) and (3) regarding the width and length of trailers being hauled by passenger vehicles on the highways of the State of Alabama.  Therefore, it is clear that pursuant to the HUD regulations, as well as the Code of Alabama, a mobile home measuring 16' x 80' is not designed or intended to be used with a private passenger or station wagon type automobile, and if in fact was being hauled by such a vehicle would violate Alabama law.

12.    Rule 201 of the Federal Rules of Evidence allows this Court to take judicial notice of the fact a 16' x 80' mobile home is not designed for use with

a private passenger or station wagon type automobile.  Specifically, Rule 201 allows this Court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned."

Respectfully submitted,

s/David R. Wells_____
K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company

**OF COUNSEL:**

**WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC**
2001 Park Place N.
Suite 400
Birmingham, AL 35203
(205) 639-5300
(205) 639-5350 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have provided all parties to this action with a true and correct copy of the foregoing pleading, via the electronic CM/ECF system, as well as by United States mail, first-class postage pre-paid, on this, the 9th day of July, 2008.

L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL  35203

Samuel L. Adams
MERRILL, HARRISON & ADAMS, LLC
P.O. Box 1690
Dothan, AL  36302

Rufus R. Smith, Jr.
P.O. Drawer 6629
Dothan, AL 36302

s/David R. Wells
OF COUNSEL