IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:07cv410-MHT |
| | ) | (WO) |
| FRANK LADON COOK, | ) | |
| COLBERT BRIAN MCGRIFF, and | ) | |
| BEAR CREEK SALES, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION AND ORDER</u>

Relying on the Declaratory Judgment Act, 28 U.S.C.
§ 2201, plaintiff Canal Insurance Company has brought
this federal lawsuit against defendants Bear Creek Sales,
L.L.C., Colbert Brian McGriff, and Frank LaDon Cook,
seeking a declaration that it is under no duty to defend
or indemnify Bear Creek and McGriff in a state-court
lawsuit brought by Cook. Canal Insurance invokes this
court's diversity-of-citizenship jurisdiction. 28 U.S.C.
§ 1332(a)(1). This matter is now before the court on
Canal Insurance's and Cook's motions for summary

judgment.  For reasons that follow, both motions will be denied, and Canal Insurance's request for a declaration that it is under no duty to indemnify Bear Creek and McGriff will be dismissed as premature.

### I.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-shifting under Rule 56).

2

## II.

The facts giving rise to this litigation are as follows.  On March 30, 2006, a mobile home collapsed onto Cook, pinning him underneath.  At the time, he was setting up the home as a part of his duties as an employee at Bear Creek, a company that sells, moves, and sets up mobile homes.  To transport the mobile home, Cook used a 1998 IH Tractor.  The tractor and Bear Creek were both owned by McGriff.

In April 2006, Cook filed a lawsuit in state court against Bear Creek, McGriff, and others, charging them with negligence and violation of the Alabama Extended Manufacturer's Liability Doctrine.

Bear Creek and McGriff asked Canal Insurance to defend and indemnify them under a policy they had with the insurance company.  Subject to certain exceptions and conditions not relevant here, the policy provides duty-to-defend and indemnification coverage for "bodily injury or property damage ... caused by an occurrence and

3

arising out of the ownership, maintenance or use, including loading and unloading, ... of an <u>owned automobile</u>." Canal Insurance Policy (Doc. No. 19-3) (emphasis in original).[1]   Under the policy, the term

------

    1.  The applicable provision is, more fully, as follows:

> "The company will pay on behalf of the <u>insured</u> all sums which the <u>insured</u> shall become legally obligated to pay as damages because of
>
>    <u>bodily injury or property damage</u>
>
> to which this insurance applies, caused by an <u>occurrence</u> and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an <u>owned automobile</u> or of a <u>temporary substitute automobile</u>, and the company shall have the right and duty to defend any suit against the <u>insured</u> seeking damages on account of such <u>bodily injury</u> or <u>property damage</u>, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as ti deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of
>
> (continued...)

4

"owned automobile" includes the "1988 IH TRACTOR and ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR." <u>Id</u>. Further, the term "owned automobile" includes "a <u>trailer</u> not described in this policy, if designed for use with a four wheel <u>private passenger automobile</u> and if not being used for business purposes with another type automobile." <u>Id</u>. (emphasis in original).

At the time the mobile home collapsed on top of Cook, it was not attached to the 1988 IH Tractor; indeed, the tractor was not at the site of the mobile home. While the tractor had been used to transport the mobile home a day or so earlier, another Bear Creek employee later drove the tractor away from the site where the mobile home was being set up. Still, Cook alleges in state

---

1.   (...continued)
     the company's liability has been exhausted by payment of judgments or settlements."

Canal Insurance Policy (Doc. No. 19-3) (emphasis in original).

court that, during the time that the mobile home was attached to the tractor, Bear Creek and McGriff failed to inspect the site adequately and failed to provide appropriate expert supervision and that they detached the mobile home from the tractor prematurely.

Seeking to clarify the scope of the insurance policy's coverage, Canal Insurance filed the current federal declaratory-judgment lawsuit.

### III.

#### A.

Canal Insurance seeks a declaration as to whether it has a duty to defend or indemnify Bear Creek and McGriff. No court has yet determined, however, whether Bear Creek and McGriff are liable for Cook's injuries; therefore, any determination as to indemnification is premature. Sphere Drake Ins., P.L.C. v. Shoney's, Inc., 923 F. Supp. 1481, 1493 (M.D. Ala. 1996) (Thompson, C.J.) ("Because the duty to indemnify will arise only after the

underlying cases are resolved, this contention is premature."); Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 928 So.2d 1006, 1013 (Ala. 2005) ("Whether there is a duty to indemnify under the policy will depend on the facts adduced at the trial of the action" and "thus, we do not reach on this appeal the issue whether [the insurance company] has a duty to indemnify....") Indeed, during an on-the-record conference call held on July 9, 2008, counsel for Canal Insurance acknowledged that its request for a declaration on its duty to indemnify is not ripe. Accordingly, the court will dismiss the indemnification issue and address only whether Canal Insurance has a duty to defend Bear Creek and McGriff in the state-court lawsuit.

### B.

Before addressing whether Canal Insurance has a duty to defend Bear Creek and McGriff in the state-court lawsuit, this court will first turn to the preliminary

issue of standing.  Standing, a cornerstone of federal jurisdiction, obligates the court to consider "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975).  Here, the issue is whether Cook has standing to argue in his summary-judgment motion that Canal Insurance owes Bear Creek and McGriff a duty to defend them in state court.

    To establish standing, a litigant must show: (1) "injury in fact," meaning the invasion of a legally protected interest which is concrete, particularized, actual, and imminent; (2) "a causal relationship between the injury and the challenged conduct"; and (3) "a likelihood that the injury will be redressed by a favorable decision." Alabama Disabilities Advocacy Program v. J.S. Tarwater Dev. Ctr., 894 F. Supp. 424, 427 (M.D. Ala. 1995) (Thompson, C.J.), aff'd, 97 F.3d 492 (11th Cir. 1996).

Generally, the standing doctrine states that a party "must assert his own legal rights and interests" rather than "rest his claim to relief on the legal rights or interests of third parties." <u>Warth</u>, 422 U.S. at 499. This is because "it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not," <u>Singleton v. Wulff</u>, 428 U.S. 106, 113-14 (1976), and "third parties themselves usually will be the best proponents of their own rights." <u>Id</u>. at 114.

In <u>Allstate Ins. Co. v. Wayne County</u>, 760 F.2d 689 (1985), the Sixth Circuit Court of Appeals addressed the precise question whether someone uninsured by an insurance policy can assert the insurer's duty to defend its insured. There, following the resolution of a negligence lawsuit in state court, Allstate Insurance Company brought a federal lawsuit alleging that it had no duty to cover the defense of one of the defendants in the

state-court lawsuit, Joseph Russo. Agreeing, a federal
district court granted the insurance company's motion for
summary judgment. Russo did not appeal this judgment;
instead, his employer and his supervisor, who were
codefendants in the federal lawsuit and the underlying
state-court lawsuit, appealed, arguing that the insurance
company had a duty to defend Russo.

The Sixth Circuit held that these codefendants had
"no standing to assert Allstate's duty to defend Russo."
Id. at 695. The court reasoned that the codefendants
"would suffer no injury if Allstate was not required to
defend" him. Id. It further explained that, "even
though an injured party may be deemed a third-party
beneficiary with respect to the insurer's duty to
indemnify," injured parties are generally not the
intended beneficiary of companies' "duty to defend their
insured in personal injury actions." Id. at 694-95; see
also Crawford v. GuideOne Mut. Ins. Co., 420 F. Supp.2d
584, 599 (N.D. Tex. 2006) (Cummings, J.) ("Plaintiff is

not an insured under the argued provisions of the Policy
and has no standing to bring claims premised upon the
breach of a duty to defend--a duty owed to the proper
insureds."); Caliber One Indem. Co. v. Millard Chicago
Window Cleaning, LLC, No. 04 C 2424, 2005 WL 1206472, at
*7 (N.D. Ill. May 12, 2005) (Manning, J.) (While an
insured "obviously possesses standing to allege that [an
insurer] owes it a duty to defend," an uninsured party
can not invoke this duty on the uninsured party's behalf
where it "has not [been] demonstrated that any hindrance
exists to [the insured's] ability to protect its own
rights."); Foreman v. Jongkind Bros., Inc., 625 N.E.2d
463, 469, n.4 (Ind. App. 1993) (A plaintiff in a state-
court lawsuit against an insured is not "a third-party
beneficiary of the duty [to defend] owed the insured by
the insurer.").

     For the reasons set forth by the Sixth Circuit, this
court holds that, as a general rule, a person has no
standing to assert, under an insurance policy to which he

is not a party and thus under which he is not insured, the insurer has a duty to defend the insured.

Here, Cook is not a party to the Canal Insurance policy. Cook has not demonstrated any benefit he will gain if Canal Insurance is required to defend Bear Creek and McGriff in the underlying suit; likewise, this court can discern no injury Cook will suffer if Canal Insurance is not required to defend those parties. In addition, Cook has not shown that there is any bar to Bear Creek's and McGriff's assertion of their own contractual rights. The fact that Cook is adverse to Bear Creek and McGriff in the underlying suit gives added pause at the prospect of Cook raising those parties' rights. As such, Cook does not have standing to argue that Canal Insurance owes Bear Creek and McGriff a duty to defend. Cook's motion for summary judgment is, therefore, due to be denied.

C.

The sole issue left before this court is whether Canal Insurance is entitled to summary judgment on its claim that it has no duty to defend Bear Creek and McGriff in the underlying state-court lawsuit.

To determine an insurer's duty to defend its insured, a court looks to the language of the insurance policy and the allegations in the complaint filed against the insured. Thorn v. American States Ins. Co., 266 F. Supp.2d 1346, 1349 (M.D. Ala. 2002) (Thompson, J.) ("An insurer's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint filed against the insured."); Alfa Mutual Ins. Co. v. Morrison, 613 So.2d 381, 382 (Ala. 1993) ("The insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the suit against the insured.")  "'If the allegations of the injured party's complaint show an

13

accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured.'" <u>Thorn</u>, 266 F. Supp. at 1349 (quoting <u>Auto-Owners Ins. Co. v. Toole</u>, 947 F. Supp. 1557, 1561 (M.D. Ala. 1996) (Thompson, C.J.)).

"Where the allegations of the complaint show that no injury alleged is within the coverage of the policy, however, or where the allegations are ambiguous, 'the court is not limited to the bare allegations of the complaint ... but may also look to facts which may be proved by admissible evidence.'" <u>Auto-Owners Ins. Co.</u>, 947 F. Supp. at 1561 (quoting <u>Chandler v. Alabama Mun. Ins. Co.</u>, 585 So.2d 1365, 1367 (Ala. 1991)); <u>see also Pacific Indemnity Company v. Run-A-Ford Company</u>, 161 So.2d 789, 792 (Ala. 1964) ("We are of opinion that in deciding whether a complaint alleges such injury, the court is not limited to the bare allegations of the

14

complaint in the action against insured but may also look to facts which may be proved by admissible evidence.")

In support of its motion for summary judgment, Canal Insurance relies heavily on <u>Canal Ins. Co. v. Old Republic Ins. Co.</u>, 718 So.2d 8 (Ala. 1998). There, the Alabama Supreme Court interpreted contractual language almost identical to that at issue here and, at first blush, that case appears to control the present matter. In <u>Old Republic Ins. Co.</u>, Canal Insurance Company insured a 1987 Freightliner Tractor. <u>Id</u>. at 10. In the policy, the company took on the duty to defend and indemnify a moving company for any damage "caused by an occurrence and arising out of ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an <u>owned automobile</u>." <u>Id</u>. at 11 (emphasis in original). The policy defined an "owned automobile" as the "1987 FREIGHTLINER TRACTOR AND ANY TRAILER SINGULARLY ATTACHED TO THE ABOVE-DESCRIBED TRACTOR." <u>Id</u>.

In interpreting this language, the Alabama Supreme Court held that Canal Insurance had no duty to defend and indemnify a logging company for a trucking accident, because the covered tractor was not attached to the truck at the time of the collision.  Id. at 13.  This conclusion comported with the well-accepted principle that. when "an insurance policy is clear and unambiguous in its terms, then there is no question of interpretation or construction."  Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co., 817 So.2d 687, 692 (Ala. 2001).

Here, the insurance policy provides coverage to Bear Creek and McGriff when their employees are maintaining or using an "owned automobile."  Canal Insurance Policy (Doc. No. 19-3).  That phrase is specifically defined as a "1988 IH TRACTOR and ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR."  Id.  According to Canal Insurance, the fact that this phrase provides coverage for the 1988 IH Tractor does not help Bear Creek and McGriff because the tractor was not involved in the

16

accident, and the fact that the phrase provides coverage for an "attached" mobile home does not help them because the mobile home that injured Cook was not attached to the tractor at the time of the accident. Canal Insurance contends, then, that this clause's unambiguous terms preclude a finding that the policy covers the accident.

Bear Creek and McGriff counter that, at the time the trailer landed on Cook, he was "unloading" the mobile home. The policy, they observe, includes "loading and unloading ... an owned automobile" as among the activities the policy covers. Canal Insurance Policy (Doc. No. 19-3) (emphasis in original). In support of the view that Cook was unloading the mobile home, the record includes the affidavit of Everette Lee Herndon, Jr., who has served as a claim adjuster and claim supervisor for over 35 years. Herndon Affidavit (Doc. No. 51-2). Herndon testified that, within the meaning of the insurance policy, Cook was unloading the mobile home at the time of the accident. Id. at 2. ("Frank LaDon

Cook was injured before completion of the 'unloading' process of the mobile home, a day or to after the tractor left the area.") (emphasis in original).

Even if this court were to accept that the activity Cook was performing during the accident is properly termed "unloading," the fact still remains that a necessary condition for the policy's coverage was that the mobile home be an "owned automobile." Determining whether Cook was "unloading" the mobile home at the time of the accident does not, by itself, answer this threshold query.

Bear Creek and McGriff rely alternatively on policy language that additionally defines an "owned automobile" as "a trailer not described in this policy, if designed for use with a four wheel private passenger automobile and if not being used for business purposes with another type automobile." Canal Insurance Policy (Doc. No. 19-3) (emphasis in original). Yet, the evidence indisputably reveals that the mobile home was not designed to be used

18

with a four-wheel private-passenger automobile. Michael Glenn Bazell, a certified mobile-home installer who has set up and installed mobile homes for roughly 25 years, testified that a 16' x 18' mobile home is not designed to be used with a private-passenger automobile. Bazell Affidavit (Doc. No 42-2). In fact, a mobile home that size <u>cannot</u> be hauled by a private-passenger automobile. <u>Id</u>. at 2. And, while Bear Creek and McGriff dispute Bazell's conclusion, they have offered no evidence that refutes this sworn testimony. <u>See</u> <u>Waddell v. Valley Forge Dental Associates, Inc.</u>, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Nevertheless, this court concludes that this case is distinguishable from <u>Old Republic Ins. Co.</u> because here, unlike there, the underlying state-court lawsuit involves allegations that Cook's bodily injuries arose from

19

negligent acts and omissions that occurred while Bear
Creek was delivering the mobile home and, importantly,
while the tractor was still attached to the mobile home.
See generally Plaintiff's Second Amendment to State Court
Complaint (Doc. No. 1-4), at 3 ("The subject mobile home
trailer was improperly unloaded by Randy Lee Cook while
and during his permissive use and/or operation of a
delivery vehicle that was owned by Defendants Bear Creek,
LLC and Colbert Bryan McGriff.")

     This view is bolstered by the affidavit of Ray G.
Helmer, who has served as a Licensed Professional
Engineer for roughly 59 years.  Helmer Affidavit (Doc.
No. 23-5), at 1.  After studying the discovery in this
case, Helmer opines that Cook was injured because Bear
Creek, improperly, failed to inspect the mobile home site
to insure that the area was "compacted" and stable; and
failed to ensure that a person certified in "mobile home
set-up" was present during the delivery and unloading
process.  Id., at 2.  See also Plaintiff's Second

Amendment to State Court Complaint (Doc. No. 1-4), at 3-4 (charging Bear Creek and McGriff with "failing to ensure that the subject trailer was unloaded in a location that was reasonably safe for persons" and "failing to supervise ... agents, employees, servants and/or persons who used or borrowed vehicle owned by Defendants that were used to load, transport and unload the subject trailer.")

These failures, as outlined by Helmer and contained in the state-court complaint, occurred while the mobile home was still attached to the covered tractor. This factual allegation is supported by the deposition of the Bear Creek employee who drove the tractor that transported the mobile home. In his deposition, the employee acknowledges that, when he delivered the home, he noted that the site where he placed the mobile was not "compacted" well. Randy Lee Cook Depo. (Doc. No. 23-6), at 143-44 ("Q: Could you tell if it had been compacted? A: No sir, I couldn't really tell. It wasn't- it wasn't

21

compacted good if it was.")  Despite this observation, the driver left the mobile home at the site, an act that Cook, in his state-court lawsuit, charges was negligent.

In  _Pacific Indem. Co. v. Run-A-Ford Co._, 276 Ala. 311, 314 (Ala. 1964), the Alabama Supreme Court confronted an analogous circumstance: alleged negligence that occurred while an insured vehicle was delivering a good, but alleged injury that occurred after this vehicle had left the site.  At issue was the scope of an insurance provision that covered the injuries arising from the "'[u]se of the automobile for the purposes stated includes the loading and unloading thereof.'"  _Id_. The covered company allegedly delivered a parcel from a truck, negligently placed the item in front of the recipient doorway, and drove away.  Due to the placing of the package, a woman later tripped over it and suffered an injury.  _Id_. at 313.  The court found that the injury "arose out of ... unloading, and that, because the policy covered injuries arising out of the unloading, the policy

22

covered insured's liability to pay for the injury here."
Id. at 314.

The holding and reasoning of Run-A-Ford support the
view that Canal Insurance's policy requires a defense of
Bear Creek and McGriff for alleged negligence that
occurred as Bear Creek used the tractor to deliver the
mobile home, that is, alleged negligence that occurred
before a Bear Creek employee detached the mobile home and
drove the tractor from the site.  "[T]he process of
unloading includes at least the entire operation during
which the article is lifted and removed from the vehicle
up to the moment when the article has actually come to a
place of rest outside the vehicle and the connection of
the vehicle with the process of unloading has ceased."
Id.  Here, then, this court rejects Canal Insurance's
argument that it has no duty to defend Bear Creek and
McGriff.  The policy requires a defense for alleged
negligence that occurred during the delivery of the
mobile home, up until the moment the mobile home was set

23

at the site.  Because the covered tractor was attached to mobile home during this stage of delivery and because the alleged negligence occurred while this tractor was attached, this conclusion is consistent with Old Republic Ins. Co., 718 So.2d at 8, and the plain language of the policy.

***

Accordingly, Canal Insurance's and Cook's motions for summary judgment will be denied, and Canal Insurance's request for a declaration that it is under no duty to indemnify Bear Creek and McGriff will be dismissed as premature.[2]

There is the obvious question of why, in light of the above discussion, summary judgment cannot be granted in favor of Bear Creek and McGriff on the duty-to-defend

---

2. So as to facilitate resolution of the indemnification issue, the parties may want to consider putting, to the finder of facts in the underlying state-court lawsuit, interrogatories that address whether the alleged negligence occurred, in fact, during the time of policy coverage, that is, while the tractor and mobile home were attached.

issue.    The  answer  is  simple:  Bear  Creek  and  McGriff
have  not  moved  for  summary  judgment.    Imaging  Bus.
Machs., LLC v. BancTec, Inc., 459 F.3d 1186, 1191 (11th
Cir.  2006)  (to  grant  summary  judgment  to  a  party  who  has
not  moved  for  it,  without  notice  to  the  parties,
constitutes  reversible  error).    This  case  will  therefore
have  to  go  to  trial  on  the  duty-to-defend  issue.

It  is  therefore  ORDERED  as  follows:

(1)  Plaintiff  Canal  Insurance  Company's  motion  for
summary  judgment  (Doc.  No.  18)  is  denied.

(2)  Defendant  Frank  LaDon  Cook's  motion  for  summary
judgment  (Doc.  No.  21)  is  denied.

(3)  Plaintiff  Canal  Insurance  Company's  request  for
a  declaration  that  it  is  under  no  duty  to  indemnify
defendants  Bear  Creek  Sales,  L.L.C.,  Colbert  Brian
McGriff  in  a  state-court  lawsuit  brought  by  defendant
Cook  is  dismissed  as  premature.

DONE,  this  the  14th  day  of  July,  2008.

___/s/ Myron H. Thompson___
UNITED STATES DISTRICT JUDGE