**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CANAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:07cv410-MHT** |
| | ) | |
| **FRANK LADON COOK, COLBERT BRIAN MCGRIFF, and BEAR CREEK SALES, L.L.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF CANAL INSURANCE COMPANY'S OPPOSITION TO COLBERT BRYAN McGRIFF D/B/A BEAR CREEK MOVERS AND OR <u>BEAR CREEK SALES, LLC.'S MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW Plaintiff, CANAL INSURANCE COMPANY, and hereby files this its Opposition to Colbert Bryan McGriff d/b/a Bear Creek Movers ("Movers") and/or Bear Creek Sales, L.L.C.'s ("Sales") Motion for Summary Judgment.

<u>PROCEDURAL HISTORY AND RELEVANT FACTS</u>

On July 14, 2008, this Court issued a 25 page Opinion and Order which denied Canal's October 23, 2007 Motion for Summary Judgment regarding whether or not the insuring agreement portion of the subject Canal policy had been triggered.[1] The Order further declared that Frank

---

[1]The portion of the Canal policy which has been addressed so far in this action concerns only what is typically referred to as the insuring agreement or granting clause portion of the policy. In construing insurance policies, Bibb Allen, in his Book <u>Alabama Liability Insurance Handbook</u>, notes that the first step is to determine if the insuring agreement gives coverage, if it does not the inquiry is over, if it does, then the next step is to determine if Exclusions or Endorsements exclude or modify what the insuring agreement gave. Pages 25 and 26. This analysis is also set forth in Cook's February 28, 2008, opposition to Canal's October 23, 2007 motion in footnote 1 concerning the rule of construction that the policy must be read as a whole.

Cook ("Cook"), the Plaintiff in the underlying state court action ("Cook litigation"), lacked standing to oppose the Canal coverage issues in this action.

On August 10, 2008, Colbert Bryan McGriff d/b/a Bear Creek Movers ("Movers") and Bear Creek Sales, L.L.C. ("Sales"), presumably because Cook lacks standing, moved for summary judgment on the issue of Canal's duty to defend them in the "Cook litigation" under the Canal policy insuring agreement. Canal now opposes that Motion and, by separate pleading filed herewith, moves the Court to grant Canal a final summary judgment in this action and find as a matter of law that the Canal policy does not provide "Movers" nor "Sales" a duty to defend nor indemnify as concerns the "Cook litigation".[2]

On page 3 of this Court's July 14, 2008 Order, the Court found as follows:

> "On March 30, 2006, a mobile home collapsed onto Cook, pinning him underneath. At the time, he (Cook) was setting up the home as part of his duties as an employee at Bear Creek**.** (Emphasis added).

On October 23, 2007, the day Canal first moved for summary judgment concerning whether or not the insuring agreement of the policy was triggered, "Movers" and "Sales" filed their opposition. On page 2 of their opposition, they argued as follows:

> "Defendant, Frank Ladon Cook (Defendant in this Declaratory Judgment action), the plaintiff in the underlying action pending in the Circuit Court of Henry County, Alabama, on the day of the accident was an employee of Bear Creek **Movers**. (Exhibit 4, Deposition of Frank Ladon Cook, page 15, lines 3 through 15). He was injured in an accident while he was underneath the mobile home, **setting piers**. (Exhibit 4, page 79, lines 2 though 13)". Emphasis provided. See also, Exhibit 1, attached hereto, made a part hereof, and incorporated herein by reference.

[2]Canal notes that the Court in the July 14, 2008 Order held that the indemnification issue was premature. However, if Canal wins now on the duty to defend issue for the reasons set out in Canal's Opposition and Renewed Motion, then the indemnification issue is also over because if there is no duty to defend there is no duty to indemnify.

Indeed, on November 9, 2006, Cook was deposed in the "Cook litigation" and on page 15, Exhibit 1 attached hereto, testified as follows: "Q: were you an employee or independent contractor of Bear Creek ? A: I was an **employee**." Emphasis ours.

Not only did "Movers" and "Sales" oppose Canal's October 23, 2007 Motion concerning whether or not the insuring agreement had been triggered by arguing that Cook was a "Mover" employee, but so too did Cook, the state court Plaintiff. On page 3 of his October 23, 2007, opposition, Cook noted that Bryan McGriff ("Movers") placed the delivery and unloading of the mobile home that trapped Cook into the hands of his delivery and unloading **team** which included Frank Cook. Cook cited to the deposition testimony of Randy Lee Cook, another "Mover" employee upon which Cook supports "Movers" liability, in part, in the "Cook litigation", dated November 11, 2006, page 24, line 3. On page 14 of Cook's October 23, 2007 opposition, Cook further stated that instead of remaining at the delivery site so that the tractor (the one scheduled as insured under the Canal policy at issue) could assist in the unloading process, Randy Lee Cook, took the tractor with him and "**left the remaining unloading crew**, including "Mover" employee Frank Cook, to work without the support of the tractor. Frank Cook says Randy Lee Cook was his supervisor. See Exhibit 1 deposition of Frank Cook page 15.

Cook's February 28, 2008 Opposition to Canal's October 23, 2007 Motion concerning the insuring agreement, further dovetailed these statements and noted that, on page 11 thereof, as concerned the allegations in the "Cook litigation"- one of the acts or omissions of "Movers" during the delivery or unloading phase was "the unloading process of "Movers" included but was not limited to the setting of piers to hold the weight of the home" as performed by the **team** which included Cook. Cook cites to the deposition of Bryan McGriff or "Movers" of September 14, 2007,

pages 20-23. This reference is similar to this Court's July 14, 2008 finding that Cook was setting these piers when injured and also agrees with "Movers" October 23, 2007 position that Cook was doing so as an employee of "Movers". Clearly then, it is undisputed that Cook's conduct in being underneath the mobile home at the time he was injured was promoting "Movers" task of setting the piers to complete delivery of the mobile home- a task upon which Cook in the "Cook litigation", in part, supports his theory of wrongful conduct against "Movers".

On **March 30, 3006**, the exact date of Cook's injury in the "Cook litigation", Bryan McGriff and Robin McGriff formed and registered with the Alabama Secretary of State's Office the entity known as Bear Creek Sales, L.L.C., "Sales". See Exhibit 2 attached hereto, made a part hereof, and incorporated herein by reference.

It is undisputed in this case that the Canal policy was issued to Colbert Bryan McGriff d/b/a Bear Creek Movers or "Movers". It is undisputed that the policy does not insure Bear Creek Sales, L.L.C. or "Sales". In their August 12, 2008 Brief in support of their Motion now before the Court, "Movers" or McGriff and "Sales", state on page 3 that "McGriff had in force a Basic Automobile Liability policy" and a copy was attached as Exhibit 3. Apparently, "Sales" had a general liability type insurance policy with Alfa Insurance Company. (Bryan McGriff "Cook litigation" deposition, page 12). The Court record in this case is devoid of any evidence that "Sales" had a policy with Canal.

## ARGUMENT

The Court now has before it "Movers" and "Sales" Motion for Summary Judgment that the insuring agreement portion of the "Mover" Canal policy has been triggered by the "Cook litigation". While Canal disputes that the insuring agreement has been triggered or that "Movers"

or "Sales" are entitled to summary judgment concerning same on this limited part of the policy, if the Court is inclined to rule that the insuring agreement has been triggered as concerns "Movers", the Court's analysis is not over as the Court must next turn to the **Exclusions** portion of the policy.[3] Indeed, as pointed out by Cook in footnote 1 of his February 20, 2008 Opposition to Canal's Motion about the trigger issue of the insuring agreement, the insuring agreement cannot be taken in isolation and the duty to defend issue resolved completely by looking solely as concerns what coverage( i.e. duty to defend or indemnify) was "given to Movers" by the insuring agreement. The Court's coverage analysis only begins with the insuring agreement. If the Court finds that the "Cook litigation" triggers Canal's duty to defend "Movers" under the insuring agreement, then the Court must **next** turn to the policy Exclusions and give them effect under the law of this case. Again, "Movers" and "Sales" concede in their August 10, 2008 Motion and August 12, 2008 Brief, that only McGriff or "Movers" had the policy in issue with Canal.

Employee Exclusion

The Canal policy is a scheduled vehicle policy and unlike a Comprehensive General Liability policy is not designed to provide insurance coverage for a broad range of risk. The policy contains a worker's compensation and an Employee Exclusion to modify or limit the coverage given by the insuring or granting clause portion of the policy. The Employee Exclusion provides as follows:

**Exclusions:** This insurance (referring back to the insuring agreement previously addressed

---

[3]Canal does not here address "Sales" coverage except to show to the Court there is no evidence in this case that "Sales" is insured for the "Cook litigation" under the Canal policy. The argument here is limited to "Movers" coverage. Canal points this out because "Movers" and "Sales" pleadings throughout the course of this case tend to couple or marry the two together when presenting their arguments.

by the Court) does not apply:

> ( c ) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** or to any obligation of the **insured** to indemnify another because of damages arising out of such injury..................................
>
> The policy defines **bodily injury** to mean bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom.

This exclusion is valid and enforceable under Alabama law. Insurance companies such as Canal are entitled to have their policy contracts enforced as written, rather than risking their terms either to judicial interpretation or the use of straining language, and the fact that adverse parties contend for different constructions does not mean that the disputed language is ambiguous. Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548 (Ala. 1985).

The Canal Employee Exclusion is the typical ISO type which excludes coverage for bodily injuries to an employee of the insured during the course of employment. The exclusion clearly states that the insurance provided in the insuring agreement does not extend to injuries of an employee such as Cook. Applying the language of the exclusion here to the law of this case that Cook was an employee of "Movers" at the time of injury means that while the insuring agreement may have been triggered in the "Cook litigation" for Canal's duty to defend "Movers" that duty is taken away by application of the exclusion. Once the duty to defend ceases, so does the duty to indemnify.

"Movers" October 23, 2007 opposition contends that Cook was an employee of "Movers" when he was injured setting piers under the mobile home. Cook's oppositions allege that support for his claims against "Movers" relate to him being part of the "Movers" team completing set up of the mobile at the time he was injured. This Court's July 14, 2008 order found that Cook was an

employee of "Movers" at the time he was injured. Applying the employee exclusion in the Canal policy, thus, results in the coverages (here duty to defend) of the Canal insuring agreement being taken away meaning Canal does not have a duty to defend "Movers" in the "Cook litigation". "Movers" and "Sales" August 10, 2008 Motion for Summary Judgment is due to be denied as a matter of law. Summary Judgment is due to be entered in Canal's favor finding that Canal owes no duty to defend concerning the "Cook litigation." Having no duty to defend Canal likewise does not have a duty to indemnify "Movers".

**WHEREFORE,** based on the foregoing separate and several grounds, "Movers" and "Sales" August 10, 2008 Motion for Summary Judgment is due to be denied and Canal's Renewed Motion for Summary Judgment is due to be granted.

**ORAL ARGUMENT REQUESTED**

Respectfully submitted,

K. Donald Simms
Attorney for Plaintiff Canal Insurance Co.

OF COUNSEL:
Whitaker, Mudd, Simms, Luke & Wells, LLC
2001 Park Place North, Suite 400
Birmingham, AL 35203
(205) 639-5300

**CERTIFICATE OF SERVICE**

I hereby certify that I have provided all parties to this action with a true and correct copy of the foregoing pleading, via the electronic CM/ECF system, as well as by United States mail, first-class postage pre-paid, on this, the 26th day of August 2008.

L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL 35203

Samuel L. Adams
MERRILL, HARRISON, & ADAMS, LLC
P.O. Box 1690
Dothan, AL 36302

Rufus R. Smith, Jr.
P.O. Drawer 6629
Dothan, AL 36302

David K. Hogg
408 South Foster Street
Dothan, Alabama 36301

OF COUNSEL

IN THE CIRCUIT COURT FOR
HENRY COUNTY, ALABAMA

FRANK LADON COOK, an individual,

Plaintiff,

vs. CIVIL ACTION NO. CV-06-042

BEAR CREEK SALES, LLC, a corporation; SNAP-ON INCORPORATION, a corporation; LOWE'S HOME CENTERS, INC., a corporation; LG SOURCING, INC., a corporation; LF, LLC, a corporation; MILLS TIMBER HARVESTING,

Defendants.

EXHIBIT
tabbies
1

* * * * *

DEPOSITION OF FRANK LADON COOK, taken pursuant to notice and stipulation on behalf of the Defendants, in the law offices of Rufus R. Smith, Jr., 129 South St. Andrews Street, Dothan, Alabama, before Nicole Paulk, Certified Shorthand Reporter and Notary Public in and for the State of Alabama at Large, on November 9, 2006, commencing at approximately 9:17 a.m.

Bear Creek?
A. No, sir.
Q. Were you an employee or an independent contractor with Bear Creek?
A. I was an employee.
Q. And who was your supervisor?
A. Lee Cook.
Q. Did you receive any type of training or instruction in setting up homes from Bear Creek?
A. Just on-the-job training, watching.
Q. Do you remember when it was that you went to work there?
A. No, sir.
Q. Yesterday during one of the depositions someone estimated that it was October, about, 2005 when you went to work there. Does that sound about right?
A. Yes, sir. Somewhere like that.
Q. And tell me about how you were hired on there. I mean, was it just that conversation was pretty much it? Lee called you and said, do you need a job, or

Exhibit 4

tabbies EXHIBIT 1



Government Records
ALABAMA SECRETARY OF STATE
BETH CHAPMAN

## Corporate Details

INITIATE NEW BROWSE

DLL 477-014

| | |
|---|---|
| Company Legal Name: | Bear Creek Sales, L.L.C. |
| County Filed: | Geneva County |
| Formed Date.: | 03-30-2006 |
| Report Date.: | * Not On Data Base |
| Reg Agent...: | MCGRIFF, ROBIN<br>771 E LAWRENCE HARRIS HWY<br>SLOCOMB, AL 36375 |
| Prin Address: | SLOCOMB, AL |
| Offc Of Rec.: | * Not On Data Base |
| Capital Amt.: | * Not On Data Base |
| Nat Of Bus..: | MOBILE HOMES SALES |
| Members.....: | MCGRIFF, ROBIN<br>MCGRIFF, BRYAN |

PREVIOUS PAGE

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

EXHIBIT
2

Case 1:07-cv-00410-MHT-TFM Document 29-3 Filed 10/08/2007 Page 1 of 67 161089907

Copy of Image

BASIC AUTOMOBILE LIABILITY — Canal Insurance Company — BOX 7 - GREENVILLE, SOUTH CAROLINA 29602

470433

Surcharge ______ Class Mobile Home T/T Radius 300

Consecutive Year: NEW

[X] SEE LIST FILING RECORD

Underwriter

STATE: 01

TERR.:

Insureds Phone: 3348862851

Insureds ID: 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

ALPHA, PMT CARD, CHARGED
Nov 8, 2005 RDB

4 7 0 4 3 3

Items

1. Named Insured and Address
COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS ←
1565 CO. RD. 73
SLOCOMB, AL 36375 [GENEVA county]

ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
PO BOX 321215
BIRMINGHAM, AL 35232 (205) 324-0406
Agent Code 01008 Comm.
Follow-Up Record Und Rept

2. Policy Period:
From 11/2/2005 UNTIL CANCELLED
12:01 A.M., standard time at the address of the named insured as stated herein.

Business of the named Insured is: MOBILE HOME PULLERS - MOBILE HOMES

Radius: within 300 miles of the garage location.

3. Schedule as of Effective Date of this Insurance - As To: (a) **Owned Automobiles;**

Purposes of Use (P&B=Pleasure and Business; C=Commercial)

| AUTO No. | Description: Year of Model / Trade Name / Body Type and Model; Truck Size; Truck Load; Tank Gallonage Capacity; or Bus Seating Capacity | Identification (I) No.; Serial (S) No.; Motor (M) No. | Cylinders (No.) | Principally Garaged in (Town or City, State) | Purposes of Use | Classification |
|---|---|---|---|---|---|---|
| 1 | 1988 IH TRACTOR | 1HSZDGEN7JH571292 | | SLOCOMB, AL | C | |
| 2 | ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | | | | | |

(b) **Automobile Medical Payments Coverage: Designated Person Insured**

(c) **Uninsured Motorists Coverage: Designated Person Insured**

**Designation of Automobiles - Division 1**
AUTO No. ______
**Insured Highway Vehicles**
AUTO No. ______

4. The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

| PREMIUMS Total | Auto No. 1 | Auto No. 2 | Auto No. 3 | Auto No. 4 | LIMIT OF LIABILITY | | COVERAGES | SECTION |
|---|---|---|---|---|---|---|---|---|
| SEE E69L | | | | | | each occurrence $1,000,000 | Combined Single Limit | A |
| | | | | | each person | each occurrence | A. Bodily Injury Liability | A |
| | | | | | | | B. Property Damage Liability | |
| | | | | | | | Automobile Medical Payments | B |
| | | | | | each person $20,000 BI | each accident $40,000 BI | D. Uninsured Motorists | O |
| | | | | | Premium for Endorsements: | | | |
| | | | | | TOTAL PREMIUM | $3,931.00 | | |

Form numbers of endorsements attached to policy at issue:
TRN-1 (11-02) E-1 (12-91) E-69L (12-91) E-96 (7-91) E-4 (12-91) E-5 (12-91) E-18 (1-94) E-45 (12-91) E-70 AL (4-03) E-102 (11-93) E-125 (4-99)
Form F (6-71) A101, Info Notice: D-101 CL (1-03) ID-1 (9-03)

5. Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the named insured is the sole owner of every vehicle described in Item 3 above, unless otherwise stated herein:

Countersigned: PO BOX 321215
BIRMINGHAM, AL 35232 11/7/2005

By Estelle G. Smith
Authorized Representative

ALABAMA PUBLIC AUTO INS AGCY LIC#A043008

Home Office Copy

EXHIBIT 3

Copy of Image

0100815114

Duplicate policy certified by: [signature] Date: 3-2-07