**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

ELEPHONE (334) 954-3600

August 26, 2008

# NOTICE OF CORRECTION

FROM:      Clerk's Office

Case Style:   Canal Insurance Co. V. Cook et al

Case No.:   1:07cv410-MHT

RE:        Document 69 Response in Opposition to Motion for Summary
           Judgment

This Notice of Correction was filed in the referenced case this date to enter the
corrected pdf for document #69.   A portion of the document was inadvertently
omitted when originally e-filed.   A copy of the Corrected Response is attached to
this Notice and the docket entry has been corrected.

Case 1:07-cv-00410-MHT-TFM     Document 71     Filed 08/26/2008     Page 2 of 2

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:07cv410-MHT |
| | ) | |
| FRANK LADON COOK, | ) | |
| COLBERT BRIAN MCGRIFF, and | ) | |
| BEAR CREEK SALES, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF CANAL INSURANCE COMPANY'S OPPOSITION TO
COLBERT BRYAN McGRIFF D/B/A BEAR CREEK MOVERS AND OR
BEAR CREEK SALES, LLC.'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, CANAL INSURANCE COMPANY, and hereby files this its

Opposition to Colbert Bryan McGriff d/b/a Bear Creek Movers ("Movers") and/or Bear Creek

Sales, L.L.C.'s ("Sales") Motion for Summary Judgment.

PROCEDURAL HISTORY AND RELEVANT FACTS

On July 14, 2008, this Court issued a 25 page Opinion and Order which denied Canal's

October 23, 2007 Motion for Summary Judgment regarding whether or not the insuring agreement

portion of the subject Canal policy had been triggered.[1] The Order further declared that Frank

---

[1]The portion of the Canal policy which has been addressed so far in this action concerns
only what is typically referred to as the insuring agreement or granting clause portion of the
policy. In construing insurance policies, Bibb Allen, in his Book Alabama Liability Insurance
Handbook, notes that the first step is to determine if the insuring agreement gives coverage, if it
does not the inquiry is over, if it does, then the next step is to determine if Exclusions or
Endorsements exclude or modify what the insuring agreement gave. Pages 25 and 26. This
analysis is also set forth in Cook's February 28, 2008, opposition to Canal's October 23, 2007
motion in footnote 1 concerning the rule of construction that the policy must be read as a whole.

Cook ("Cook"), the Plaintiff in the underlying state court action ("Cook litigation"), lacked

standing to oppose the Canal coverage issues in this action.

On August 10, 2008, Colbert Bryan McGriff d/b/a Bear Creek Movers ("Movers") and

Bear Creek Sales, L.L.C. ("Sales"), presumably because Cook lacks standing, moved for summary

judgment on the issue of Canal's duty to defend them in the "Cook litigation" under the Canal

policy insuring agreement.   Canal now opposes that Motion and, by separate pleading filed

herewith, moves the Court to grant Canal a final summary judgment in this action and find as a

matter of law that the Canal policy does not provide "Movers" nor "Sales" a duty to defend nor

indemnify as concerns the "Cook litigation".[2]

On page 3 of this Court's July 14, 2008 Order, the Court found as follows:

> "On March 30, 2006, a mobile home collapsed onto Cook, pinning him underneath. <u>At the
> time, he (Cook) was setting up the home as part of his duties as an employee at Bear
> Creek</u>. (Emphasis added).

On October 23, 2007, the day Canal first moved for summary judgment concerning

whether or not the insuring agreement of the policy was triggered, "Movers" and "Sales" filed

their opposition.  On page 2 of their opposition, they argued as follows:

> "Defendant, Frank Ladon Cook (Defendant in this Declaratory Judgment action), the
> plaintiff in the underlying action pending in the Circuit Court of Henry County, Alabama,
> <u>on the day of the accident was an employee of Bear Creek **Movers**</u>. (Exhibit 4, Deposition
> of Frank Ladon Cook, page 15, lines 3 through 15).  He was injured in an accident while
> he was underneath the mobile home, **setting piers**. (Exhibit 4, page 79, lines 2 though
> 13)". Emphasis provided.  <u>See</u> <u>also</u>, Exhibit 1, attached hereto, made a part hereof, and
> incorporated herein by reference.

---

[2]Canal notes that the Court in the July 14, 2008 Order held that the indemnification issue
was premature.  However, if Canal wins now on the duty to defend issue for the reasons set out
in Canal's Opposition and Renewed Motion, then the indemnification issue is also over because
if there is no duty to defend there is no duty to indemnify.

Indeed, on November 9, 2006, Cook was deposed in the "Cook litigation" and on page 15, Exhibit 1 attached hereto, testified as follows: "Q: were you an employee or independent contractor of Bear Creek ?   A: I was an **employee**." Emphasis ours.

Not only did "Movers" and "Sales" oppose Canal's October 23, 2007 Motion concerning whether or not the insuring agreement had been triggered by arguing that Cook was a "Mover" employee, but so too did Cook, the state court Plaintiff.  On page 3 of his October 23, 2007, opposition, Cook noted that Bryan McGriff ("Movers") placed the delivery and unloading of the mobile home that trapped Cook into the <u>hands of his delivery and unloading **team** which included Frank Cook</u>.  Cook cited to the deposition testimony of Randy Lee Cook, another "Mover" employee upon which Cook supports "Movers" liability, in part, in the "Cook litigation", dated November 11, 2006, page 24, line 3. On page 14 of Cook's October 23, 2007 opposition, Cook further stated that instead of remaining at the delivery site so that the tractor (the one scheduled as insured under the Canal policy at issue) could assist in the unloading process, Randy Lee Cook, took the tractor with him and "**left the remaining unloading crew**, including "Mover" employee Frank Cook, to work without the support of the tractor.  Frank Cook says Randy Lee Cook was his supervisor.  <u>See</u> Exhibit 1 deposition of Frank Cook page 15.

Cook's February 28, 2008 Opposition to Canal's October 23, 2007 Motion concerning the insuring agreement, further dovetailed these statements and noted that, on page 11 thereof, as concerned the allegations in the "Cook litigation"- one of the acts or omissions of "Movers" during the delivery or unloading phase was "the unloading process of "Movers" included but was not limited to the <u>setting of piers to hold the weight of the home</u>" as performed by the **team** which included Cook. Cook cites to the deposition of Bryan McGriff or "Movers" of September 14, 2007,

pages 20-23. This reference is similar to this Court's July 14, 2008 finding that Cook was setting

these piers when injured and also agrees with "Movers" October 23, 2007 position that Cook was

doing so as an <u>employee</u> of "Movers". Clearly then, it is undisputed that Cook's conduct in being

underneath the mobile home at the time he was injured was promoting "Movers" task of setting the

piers to complete delivery of the mobile home- a task upon which Cook in the "Cook litigation", in

part, supports his theory of wrongful conduct against "Movers".

On **March 30, 3006,** the exact date of Cook's injury in the "Cook litigation", Bryan

McGriff and Robin McGriff formed and registered with the Alabama Secretary of State's Office

the entity known as Bear Creek Sales, L.L.C., "Sales". <u>See</u> Exhibit 2 attached hereto, made a part

hereof, and incorporated herein by reference.

It is undisputed in this case that the Canal policy was issued to Colbert Bryan McGriff d/b/a

Bear Creek Movers or "Movers". It is undisputed that the policy does not insure Bear Creek Sales,

L.L.C. or "Sales". In their August 12, 2008 Brief in support of their Motion now before the Court,

"Movers" or McGriff and "Sales", state on page 3 that "McGriff had in force a Basic Automobile

Liability policy" and a copy was attached as Exhibit 3.  Apparently, "Sales" had a general liability

type insurance policy with Alfa Insurance Company. (Bryan McGriff "Cook litigation" deposition,

page 12).  The Court record in this case is devoid of any evidence that "Sales" had a policy with

Canal.

## ARGUMENT

The Court now has before it "Movers" and "Sales" Motion for Summary Judgment that the

insuring agreement portion of the "Mover" Canal policy has been triggered by the "Cook

litigation".  While Canal disputes that the insuring agreement has been triggered or that "Movers"

or "Sales" are entitled to summary judgment concerning same on this limited part of the policy, if

the Court is inclined to rule that the insuring agreement has been triggered as concerns "Movers",

the Court's analysis is not over as the Court must next turn to the **Exclusions** portion of the

policy.[3]  Indeed, as pointed out by Cook in footnote 1 of his February 20, 2008 Opposition to

Canal's Motion about the trigger issue of the insuring agreement, the insuring agreement cannot be

taken in isolation and the duty to defend issue resolved completely by looking solely as concerns

what coverage( i.e. duty to defend or indemnify) was "given to Movers" by the insuring agreement.

The Court's coverage analysis only begins with the insuring agreement.  If the Court finds that the

"Cook litigation" triggers Canal's duty to defend "Movers" under the insuring agreement, then the

Court must **next** turn to the policy Exclusions and give them effect under the law of this case.

Again, "Movers" and "Sales" concede in their August 10, 2008 Motion and August 12, 2008 Brief,

that only McGriff or "Movers" had the policy in issue with Canal.

Employee Exclusion

The Canal policy is a scheduled vehicle policy and unlike a Comprehensive General

Liability policy is not designed to provide insurance coverage for a broad range of risk.  The policy

contains a worker's compensation and an Employee Exclusion to modify or limit the coverage

given by the insuring or granting clause portion of the policy.  The Employee Exclusion provides

as follows:

**Exclusions:** This insurance (referring back to the insuring agreement previously addressed

---

[3]Canal does not here address "Sales" coverage except to show to the Court there is no
evidence in this case that "Sales" is insured for the "Cook litigation" under the Canal policy.  The
argument here is limited to "Movers" coverage. Canal points this out because "Movers" and
"Sales" pleadings throughout the course of this case tend to couple or marry the two together
when presenting their arguments.

5

by the Court) does not apply:

( c ) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** or to any obligation of the **insured** to indemnify another because of damages arising out of such injury.....................................

The policy defines **bodily injury** to mean bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom.

This exclusion is valid and enforceable under Alabama law. Insurance companies such as Canal are entitled to have their policy contracts enforced as written, rather than risking their terms either to judicial interpretation or the use of straining language, and the fact that adverse parties contend for different constructions does not mean that the disputed language is ambiguous. Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548 (Ala. 1985).

The Canal Employee Exclusion is the typical ISO type which excludes coverage for bodily injuries to an employee of the insured during the course of employment. The exclusion clearly states that the insurance provided in the insuring agreement does not extend to injuries of an employee such as Cook. Applying the language of the exclusion here to the law of this case that Cook was an employee of "Movers" at the time of injury means that while the insuring agreement may have been triggered in the "Cook litigation" for Canal's duty to defend "Movers" that duty is taken away by application of the exclusion. Once the duty to defend ceases, so does the duty to indemnify.

"Movers" October 23, 2007 opposition contends that Cook was an employee of "Movers" when he was injured setting piers under the mobile home. Cook's oppositions allege that support for his claims against "Movers" relate to him being part of the "Movers" team completing set up of the mobile at the time he was injured. This Court's July 14, 2008 order found that Cook was an

6

employee of "Movers" at the time he was injured. Applying the employee exclusion in the Canal

policy, thus, results in the coverages (here duty to defend) of the Canal insuring agreement being

taken away meaning Canal does not have a duty to defend "Movers" in the "Cook litigation".

"Movers" and "Sales" August 10, 2008 Motion for Summary Judgment is due to be denied as a

matter of law. Summary Judgment is due to be entered in Canal's favor finding that Canal owes

no duty to defend concerning the "Cook litigation." Having no duty to defend Canal likewise does

not have a duty to indemnify "Movers".

WHEREFORE, based on the foregoing separate and several grounds, "Movers" and

"Sales" August 10, 2008 Motion for Summary Judgment is due to be denied and Canal's Renewed

Motion for Summary Judgment is due to be granted.

ORAL ARGUMENT REQUESTED

Respectfully submitted,

K. Donald Simms
Attorney for Plaintiff Canal Insurance Co.

OF COUNSEL:
Whitaker, Mudd, Simms, Luke & Wells, LLC
2001 Park Place North, Suite 400
Birmingham, AL 35203
(205) 639-5300

## CERTIFICATE OF SERVICE

I hereby certify that I have provided all parties to this action with a true and correct copy of the foregoing pleading, via the electronic CM/ECF system, as well as by United States mail, first-class postage pre-paid, on this, the ____26th____ day of _Cuguist_ 2008.


L. Andrew Hollis, Jr.
HOLLIS & WRIGHT, P.C.
1500 Financial Center
505 20th Street N.
Birmingham, AL 35203

Samuel L. Adams
MERRILL, HARRISON, & ADAMS, LLC
P.O. Box 1690
Dothan, AL 36302

Rufus R. Smith, Jr.
P.O. Drawer 6629
Dothan, AL 36302

David K. Hogg
408 South Foster Street
Dothan, Alabama 36301


OF COUNSEL

8

1

1    IN THE CIRCUIT COURT FOR
2        HENRY COUNTY, ALABAMA
3
4    FRANK LADON COOK, an
individual,
5
        Plaintiff,
6
    vs.              CIVIL ACTION NO.
7                    CV-06-042
8    BEAR CREEK SALES, LLC,
a corporation; SNAP-ON
9    INCORPORATION, a corporation;
LOWE'S HOME CENTERS, INC.,
10    a corporation; LG SOURCING,
INC., a corporation; LF, LLC,
11    a corporation; MILLS TIMBER
HARVESTING;
12
        Defendants.
13
        *    *    *    *    *
14    DEPOSITION OF FRANK LADON COOK,
15    taken pursuant to notice and stipulation
16    on behalf of the Defendants, in the law
17    offices of Rufus R. Smith, Jr.,
18    129 South St. Andrews Street, Dothan,
19    Alabama, before Nicole Paulk, Certified
20    Shorthand Reporter and Notary Public in
21    and for the State of Alabama at Large, on
22    November 9, 2006, commencing at
23    approximately 9:17 a.m.

EXHIBIT
/

15

1      Bear Creek?

2  A.  No, sir.

3  Q.  Were you an employee or an independent

4      contractor with Bear Creek?

5  A.  I was an employee.

6  Q.  And who was your supervisor?

7  A.  Lee Cook.

8  Q.  Did you receive any type of training or

9      instruction in setting up homes from Bear

10     Creek?

11  A.  Just on-the-job training, watching.

12  Q.  Do you remember when it was that you went

13     to work there?

14  A.  No, sir.

15  Q.  Yesterday during one of the depositions

16     someone estimated that it was October,

17     about, 2005 when you went to work there.

18     Does that sound about right?

19  A.  Yes, sir. Somewhere like that.

20  Q.  And tell me about how you were hired on

21     there. I mean, was it just that

22     conversation was pretty much it? Lee

23     called you and said, do you need a job, or

**EXHIBIT**

/



## Corporate Details

**INITIATE NEW BROWSE**

| | | |
|---|---|---|
| Company<br>  Legal Name: | Bear Creek Sales, L.L.C. | DLL 477-014 |
| County Filed: | Geneva County | |
| Formed Date.: | 03-30-2006 | |
| Report Date.: | * Not On Data Base | |
| Reg Agent...: | MCGRIFF, ROBIN<br>771 E LAWRENCE HARRIS HWY<br>SLOCOMB, AL  36375 | |
| Prin Address: | SLOCOMB, AL | |
| Offc Of Rec.: | * Not On Data Base | |
| Capital Amt.: | * Not On Data Base | |
| Nat Of Bus..: | MOBILE HOMES SALES | |
| Members.....: | MCGRIFF, ROBIN<br>MCGRIFF, BRYAN | |

**← PREVIOUS PAGE**

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

EXHIBIT

2

tabbies

161089907

*Copy of Image*

**BASIC AUTOMOBILE LIABILITY**    Serial Insurance Company    470433
BOX 7 - GREENVILLE, SOUTH CAROLINA 29602

Surcharge _____    Class  Mobile Home T/T    Radius  300

Consecutive Year
NEW    [X] SEE LIST FILING RECORD

Underwriter
STATE: 01
TERR.:

Items
1. Named Insured and Address
   COLBERT BRYAN MCGRIFF DBA BEAR CREEK MOVERS
   1565 CO. RD. 73
   SLOCOMB, AL 36375 [GENEVA county]

Insureds Phone:  3348862851
Insureds ID:  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

ALPHA, PMT CARD, CHARGED
Nov 8, 2005  RDB

ALABAMA PUBLIC AUTO INS AGCY LIC#A043008
PO BOX 321215
BIRMINGHAM, AL 35232   (205) 324-0406
Agent Code  01008    Comm.
Follow Up Record  Und Rept.

4
7
0
4
3
3

2. Policy Period:
   From 11/2/2005 UNTIL CANCELLED
   12:01 A.M.,standard time at the address of the named insured as stated herein.

Business of the named Insured is:  MOBILE HOME PULLERS - MOBILE HOMES
Radius:  within 300 miles of the garage location.

3. Schedule as of Effective Date of this Insurance - As To:  (a) Owned Automobiles;

Description:    Purposes of Use (P&B=Pleasure and Business; C=Commercial)

| AUTO No. | Year of Model | Trade Name | Body Type and Model; Truck Size; Truck Load; Tank Gallonage Capacity; or Bus Seating Capacity | Identification (I) No.; Serial (S) No.; Motor (M) No. | Cylinders (No.) | Principally Garaged in (Town or City, State) | Purposes of Use | Classification |
|---|---|---|---|---|---|---|---|---|
| 1 | 1988 IH TRACTOR | | | 1HSZDGEN7JH571292 | | SLOCOMB, AL | C | |
| 2 | ANY MOBILE HOME WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | | | | | | | |

(b) Automobile Medical Payments Coverage:  Designated Person Insured

(c) Uninsured Motorists Coverage:  Designated Person Insured

Designation of Automobiles - Division 1
AUTO No. _____
Insured Highway Vehicles
AUTO No. _____

4. The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges.
   The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

| | PREMIUMS | | | | LIMIT OF LIABILITY | | COVERAGES | SECTION |
|---|---|---|---|---|---|---|---|---|
| Total | Auto No. 1 | Auto No. 2 | Auto No. 3 | Auto No. 4 | | | | |
| | | | | | | each occurrence $1,000,000 | Combined Single Limit | A |
| SEE E69L | | | | | each person | each occurrence | A. Bodily Injury Liability | A |
| | | | | | | | B. Property Damage Liability | A |
| | | | | | | | Automobile Medical Payments | B |
| | | | | | each person $20,000 BI | each accident $40,000 BI | D. Uninsured Motorists | C |
| | | | | | | | | |
| | | | | | Premium for Endorsements: | | | |
| | | | | | TOTAL PREMIUM | $3,931.00 | | |

Form numbers of endorsements attached to policy at issue:
TRN-1 (11-02) E-1 (12-91) E-69L (12-91) E-96 (7-91) E-4 (12-91) E-5 (12-91) E-18 (1-94) E-45 (12-91) E-70 AL (4-03) E-102 (11-93) E-125 (4-99)
Form F (6-71) A101, Info Notice: D-101 CL (1-03) ID-1 (9-03)

5. Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the named insured is the sole owner of every vehicle described in Item 3 above, unless otherwise stated herein:

Countersigned:  PO BOX 321215
BIRMINGHAM, AL 35232  11/7/2005

By _Estelle E. Smith_
Authorized Representative
ALABAMA PUBLIC AUTO INS AGCY LIC#A043008

EXHIBIT 3

*Copy of Image*
Home Office Copy

0100815114

Duplicate policy certified by: _____  Date: 3-22-07